UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, )<br>    Plaintiff )<br> )<br>v. )<br> )<br>UNIVERSITY OF MASSACHUSETTS )<br>DARTMOUTH, PEYTON R. HELM, )<br>CYNTHIA CUMMINGS, DEBORAH )<br>MAJEWSKI, SCOTT WEBSTER, DAVID )<br>GOMES, and JOHN BUCK, )<br>    Defendants. )<br>) | Civil Action No. 1:19-cv-10705 |

## UNIVERSITY DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO PROCEED UNDER A PSUEDONYM and REQUEST FOR CLARIFICATION CONCERNING RESPONSIVE PLEADING DUE DATE

Although they were not served with plaintiff's motion to proceed under a pseudonym, the University defendants[1] respectfully respond to the motion as PACER indicated that a response was due on April 26, 2019.  The University defendants, further, seek clarification of the date by which they must file a response to plaintiff's April 17, 2019 Amended Complaint.

---

[1] The University defendants include the University of Massachusetts Dartmouth, former employee Peyton R. Helm, and current employees Cynthia Cummings, Deborah Majewski, Scott Webster, David Gomes, and John Buck.

1

I.      **The Presumption of Open Proceedings Has Not Been Rebutted.**

The University defendants have each been specifically named in the lawsuit filed against them by plaintiff.[2]  "As a general rule, the presumption is that all judicial proceedings remain open to the public." Doe v. Aetna Life Ins. Co., 2016 WL 7799638 at *1 (D. Mass. Apr. 20, 2016) (unreported) quoting Doe v. Word of Life Fellowship, Inc., 2011 WL 2968912 at *1 (D. Mass. July 18, 2011).  "What transpires in a courtroom is public property" (Craig v. Harney, 331 U.S. 367 (1947)) and "the public has a right of access to judicial proceedings." Doe No. 2 v. Kolko, 242 F.R.D. 193, 195 (E.D.N.Y. 2006). The Federal Rules of Civil Procedure support the public nature of court proceedings. For example, "[t]he title of the complaint must name all the parties" (Fed. R. Civ. P. 10(a)) and "[a]n action must be prosecuted in the name of the real party in interest" (Fed. R. Civ. P. 17(a)(1)). See also Patrick Collins, Inc. v. Does 1-38, 941 F. Supp. 2d 153, 160-161 (2013) and Doe v. Hefner, 35 Mass. L. Rptr. 186 at * 1 Mass. Super. 2018) (not reported) (in assessing impoundment, the court noted it must balance the litigant's privacy interests against the presumption of public access to court records in civil actions).

---

[2] Doe v. Bell Atlantic Business Svcs., Inc. 162 F.R.D. 418 (D. Mass. 1995) is instructive.  The court stated that "because the defendants were publicly named in the complaint they had been exposed to reputational harm and embarrassment, and that fairness dictated revelation of the plaintiff's identity as well . . . [i]n the civil context, the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to proceed on the public record. The Court is cognizant of the defendants' concerns, and finds that it would be fundamentally unfair to allow plaintiff to make such serious allegations against them without standing, as they must, in a public forum."

When anonymity is sought, "[t]he burden is upon the proponent to demonstrate the need for confidentiality." Macinnis v. Cigna Group Ins. Co. of America, 379 F.Supp.2d 89, 90 (D. Mass 2005) (plaintiff did not overcome the constitutional preference for openness in judicial proceedings); citing Doe v. Bell Atlantic Business Systems, 162 F.R.D. 418, 420 (D. Mass. 1995)). "A party may rebut that presumption by demonstrating an overriding reason for confidentiality. If that rebuttal is made, then the court must balance the need for confidentiality against the public interest to be served by requiring disclosure." Doe v. Univ. of Rhode Island, 1993 WL 667341, at *2 (D. R.I. Dec. 28, 1993) citing Doe v. Prudential Ins. Co. of America, 744 F. Supp. 40, 41 (D. R.I. 1990)). "Claims of public humiliation and embarrassment, however, are not sufficient grounds for allowing a plaintiff in a civil suit to proceed anonymously." Doe v. Shakur, 164 F.R.D. 359, 362 (S.D.N.Y. 1996).

Noting the absence of First Circuit precedent, this Court, in Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 821 F.Supp.2d 444, 452-453 (D. Mass. 2011), referenced the analysis of the Superior Court of Massachusetts on a parallel issue. See Roe v. General Hospital Corp., 2011 WL 2342737, at *1 (Mass. Super. Ct. May 19, 2011) (Lauriat, J.). "[W]hether a litigant may proceed anonymously requires balancing the 'litigant's substantial right to privacy' with the 'constitutionally embedded presumption of openness in judicial proceedings,' noting that circumstances such as economic harm or mere embarrassment will not suffice to overcome the public's interest in disclosure."

Liberty Media at 452-453 (internal citations omitted).  Holding that the concerns described in the plaintiff's motion were not an exceptional circumstance warranting allowing him to proceed anonymously, the court recognized that the "proponent bears the burden of demonstrating the need to proceed anonymously, and that relief will be granted only in exceptional circumstances."  Id.  Such circumstances do not appear to obtain here.

    **II.**    **Due Date for University Defendants' Response to Plaintiff's Amended Complaint.**

The parties do not agree on the date by which the University defendants must respond to plaintiff's April 17, 2019 Amended Complaint and, therefore, the University defendants seek the court's assistance on what is ordinarily a routine matter.[3]

On April 10, 2019, in response to plaintiff's several calls to many departments and offices within the University, the undersigned notified plaintiff in writing that she is the attorney who will represent the University and its employees in the litigation he has indicated he will file.  Despite that communication, plaintiff, after filing his complaint on April 12, proceeded to mail his Complaint with a request to waive service to the University defendants and did likewise after he filed his Amended Complaint on April 17.  After learning on the evening of April 17 that plaintiff contacted a former

---

[3] Should the court wish, the undersigned will submit the lengthy e-mail thread with plaintiff on this subject, redacted – pending the outcome of the instant pseudonym motion – to remove plaintiff's identifying information.

University employee defendant (Helm) with whom the undersigned had not yet confirmed a service waiver, the undersigned reiterated, on April 17, to plaintiff that once she had done so, she would advise plaintiff as to whether she could waive service on behalf of all University defendants.

On April 18, the undersigned notified plaintiff that she would waive service of process for all of the University defendants and indicated that the University defendants intended to file one response to his complaint and, in accord with Fed. R. Civ. P. 4(d)(3), had calendared that due as June 17, 2019.  Plaintiff stated he would not agree to that date, despite his request for waiver of service, stating that because he had served the University (via the Office of the Attorney General) and defendant Cummings, via process server, that he would agree only to May 17 (30 days).

The University defendants will jointly file a response to plaintiff's Amended Complaint.  It is inconsonant with Fed. R. Civ. P. 1 to repeatedly file the same moving papers and exhibits solely because of the manner in which plaintiff has handled service of process.  As the undersigned is one of the only two attorneys responsible for all University litigation, and as the University defendants have accepted plaintiff's request to waive service, they would appreciate clarification from the court as to whether June 17, 2019 is the proper due date for their response to plaintiff's April 17 Amended Complaint.

### III. Conclusion.

For the foregoing reasons, the University defendants respectfully request the court deny plaintiff's motion to proceed anonymously and, additionally, request the court set the date by which the University defendants must respond to plaintiff's April 17 Amended Complaint.

| | |
|---|---|
| Dated: April 26, 2019 | Respectfully submitted,<br>UNIVERSITY DEFENDANTS<br>By their attorneys,<br><br>/s/ *Denise Barton*_____<br>Denise Barton, BBO No. 675245<br>Senior Litigation Counsel<br>University of Massachusetts<br>333 South Street, 4th Floor<br>Shrewsbury, MA 01545<br>(774) 455-7300 |

### CERTIFICATE OF SERVICE

I, Denise Barton, counsel for the University defendants hereby certify that the above document was transmitted through the CM/ECF electronic filing system of the United States District Court, to plaintiff.

/s/ *Denise Barton*
Denise Barton