UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------X
JOHN HARNOIS,                                          )
                              Plaintiff,               )
                                                       )
 -against-                                             )     No: 1:19-CV-10705
                                                       )
UNIVERSITY OF MASSACHUSETTS AT                         )
DARTMOUTH, et als.                                     )
                              Defendants.              )
-------------------------------------------------------X
```

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE DUE DATE TO FILE THEIR MOTION TO DISMISS PER RULE 12B

COMES NOW, John Harnois ("Plaintiff"), Pro Se, and hereby respectfully opposes the University Defendants' Motion to Continue Due Date because the Defendants' Counsel has not shown good cause why this motion should be granted and because delay in Defendants' filing of their motion to dismiss is prejudicial to Plaintiff. Plaintiff respectfully requests that this Court deny the motion. Additionally Plaintiff opposes Defendants' Counsel assertion that she now does not represent "Unnamed Professor" after having filed a notice of appearance on his behalf.

### PROCEDURAL REVIEW

On April 12, 2019 Plaintiff filed his initial complaint with two exhibits Dkt. n. 1, and Motion to Proceed Under Pseudonym, Dkt. n. 2. On April 17, 2019 Plaintiff filed a 1st Motion to Amend his complaint to streamline the complaint, and moreover to remove Exhibit A, which identified Plaintiff by name. On April 25, 2019 the Court denied Plaintiff's Motion to Proceed Under Pseudonym, Dkt. n. 16, directing Plaintiff to file an Amended Complaint with his name

correctly stated, which he did on May 17, 2019, Dkt. n. 22. In response to Defendants' waiving service Dkt. n. 20, the Court ordered Defendants to file a response no later than July 8, 2019, Dkt. n. 21.  On May 20, 2019 Defendants filed a general entry of appearance for <u>all Defendants</u>. Defendants filed a motion to dismiss the 2nd Amended Complaint on July 8, 2019, alleging Plaintiff violated Federal Rules of Civil Procedure – Rule 8, Dkt n. 24. On July 10, 2019 the Court denied the Motion to Dismiss and directed defendants to file a Motion to Dismiss per Rule 12 by August 7, 2019 and Plaintiff's opposition by August 30, 2019, Dkt n. 27.  On July 22, 2019 the Court granted Plaintiff leave to file his 3rd Amended Complaint, and altered the schedule for defendants' filing of a Rule 12 motion until August 16, 2019 with Plaintiff's Opposition due September 6, 2019, Dkt n. 29.

## **STATEMENT OF FACTS**

### **SERVICE OF DEFENDENTS AND TIME TO RESPOND**

On April 13, 2019 Plaintiff attempted to serve Defendant Peyton Helm per Mass. R. Civ. Proc. R. 4(e)(3)[1] to his last known address in Maine, but received same return to sender. On April 17, 2017 Plaintiff mailed USPS 1st class pre-paid to Defendants (John Buck, Scott Webster, David Gomes, and Deborah Majewski) a "Notice of Suit," Waiver of Summons" and a copy of the summons per Fed. R. Civ. P. R. 4.[2] On April 18, 2019 Defendant Cynthia Cummings was served by the New Bedford Sheriff's Department per Mass. R. Civ. Proc. R. 4(d)(1). On April 18, 2019 University of Massachusetts at Dartmouth was served upon Massachusetts Attorney General (Maura Healey) per Mass. R. Civ. Proc. R. 4(d)(3)[3],[4]. On April 18, 2017, Defendants' Counsel

---

[1] 4(d)(3) "by any form of mail addressed to the person to be served and requiring a signed receipt"
[2] Per Rule 4 these Defendants had until June 17th to respond.
[3] Service hereunder may be effected by mailing such copies to the Attorney General and to the agency by certified or registered mail.
[4] Defendants UMASS Dartmouth and Cummings were required to respond within 21 days (May 8, 2019).

2

emailed Plaintiff accepting waiver of service with a calculated response date of June 17, 2019 for all Defendants, stating she intended to file one response for all Defendants. Plaintiff objected; he cited prejudice and suggested that if Defense Counsel should choose to file a single response for all Defendants, then she should be held to the requirement to file one response per deadlines of Defendants UMASS and Cummings, who had been served and who were required to file by May 8, 2019. Plaintiff offered a compromise of a response date of May 17, 2019, which defense Counsel rejected. In the course of email correspondence, Plaintiff explained the necessity of this case moving forward as quickly as possible, and avoiding unnecessary delays in the litigation overall[5].

Before Plaintiff could file certification of service for Defendants UMASSD and Cummings, Attorney filed a motion to waive service. In her motion, Defense Counsel wrongly calculated the response date as July 8, 2019 (instead of the liberal interpretation of June 17th) to which Plaintiff did not object, solely because he believed that she would file a meaningful response with an answer or substantial motion to dismiss. Instead on July 8, 2019, Defense Counsel filed a half-hearted attempt to dismiss under Fed. R. Civ. P. Rule 8 to perpetuate her dilatory attempts to address Plaintiff's complaint. After the Court altered the scheduling order on July 22, 2019, Plaintiff made important multi-week travel plans beginning Labor Day, which cannot be rescheduled, so he self-imposed a filing deadline of August 30th for his opposition to any Rule 12b motion. On August 10th, Defense Counsel sent Plaintiff an email requesting he assent to an extension of time from August 16th to the very deadline he had given himself of August 30th.

---

[5] Plaintiff will likely be unavailable from April 2020 through October 2020.

### Office of UMASS General Counsel is a Self-Proclaimed Law Firm[6]

UMass General Counsel's Office has at least twenty attorneys[7], numerous paralegals and administrative assistants. On November 13, 2018 the UMASS Office of General Counsel visited UMASS Dartmouth School of Law. Just from the seven attorneys who attended, four are considered generalists, who are capable of assisting with a motion to dismiss related to a common Title IX complaint for which UMASS has faced many in recent years under the supervision of Attorney Barton. Cheryl Marinelli is a highly qualified and experienced litigation paralegal, who has been involved in this case from inception, and other Title IX university disciplinary cases.

### ARGUMENT

Of importance, Plaintiff empathizes with Attorney Barton's loss of family, and under most similar circumstances, he would not hesitate to assent to her request for an extension. However, what is clear to Plaintiff and should be clear to this Court is that Defense Counsel, since Plaintiff filed his original complaint, has been dilatory and has practiced egregious procrastination in responding to Plaintiff's complaint having made no good faith effort to respond in 4 months. In fact, he asserts Defendants have not invested any effort into a good faith response heretofore, and now find themselves in a deadline issue not from a personal loss, but solely from lack of due diligence and effort. Moreover, given the vast assets of the UMASS General Counsel's office, it is inconceivable how another attorney with the aid of Cheryl Marinelli could not substitute for Attorney Barton. No one is indispensable, especially not in a law firm the size of UMASS General Counsel.

---

[6] https://www.umassd.edu/news/2018/umass-law-students-learn-university-law-firm.html
[7] Gerry Leone, Alexandra Furth, Peter Michelson, John Chayrigues, Karen Laisne, Dawna McIntyre, Brian Burke, Helen Bowler, Allison Lepper, Timothy Rucki, Denise Barton, Ethan Mutschler, Maria Sheehy, Joshua Stockwell, Krista Stone, Jean Kelley, Sandra Torres, Carolina Avellaneda , Andrew Karberg, and Alyssa Cherubino.

There is no local rule governing a request for extension in Massachusetts District Court. Yet Fed. R. Civ. P. Rule 6(b)(1) provides that: "When an act may or must be done within a specified time, the court may, <u>for good cause</u>, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires…" Further, the 1st Circuit has offered guidance on requesting an extension: Motions for extension of time must establish good cause. Fed. R. App. P. 26(b). Good cause does not mean simply "I didn't get to the brief", "I'm busy", "I'm on vacation", "I need more time" or "the press of other business prevented me from briefing the case on time."

Death of an <u>immediate family</u> member satisfies good cause, especially when the death is unexpected. As an experienced Counsel, Attorney Barton knows the legal significance between the different terms of "close family," which Ms. Barton described in her motion, and "immediate family." Government agencies and most circuit courts require good cause, when substantiated as a death in the family, to be related to "immediate family."[8] Though sympathy is warranted in any family loss, Courts require death of immediate family. Noticeably absent is the identification of the specific relation of Ms. Barton. Often people consider "close relations" as first cousins, nieces, and nephews, but same do not receive such consideration for extensions to deadlines. Plaintiff asserts that Ms. Barton intentionally failed to identify the relation, because the relationship is not one of immediate family.

Moreover, the deadline requirements that UMASS General Counsel's office faced and the loss of Ms. Barton's family was no surprise to her. In her motion she claims that she assisted in hospice care around the clock since August 5, 2019. Ailments which devolve into hospice care

---

[8] **immediate family.  1.** A person's parents, spouse, children, and siblings FAMILY, Black's Law Dictionary (11th ed. 2019)

are usually drawn out and provide notice of the failing patient.  Hence, the emergency for which she seeks an extension is truly not an emergent situation, from which she was blindsided; she could have and should have predicted the medical situation that needed her participation, and planned accordingly to either diligently prepare a motion under Rule 12b or hand the case to a colleague. Waiting until the last minute is not good cause, and even with her family loss, the General Counsel's Office is more than capable of filing a motion to dismiss.  Ms. Barton had the opportunity leading to August 5th to transfer the case to a colleague, and chose instead to intensively participate in a family matter while intentionally, and knowingly sacrificed her responsibility to timely respond to Plaintiff's complaint. Ms. Barton describes the UMASS General Counsel's Office as a two-person law firm with over 100,000 clients and one shared admin assistant. Cheryl Marinelli is no admin assistant, she is a highly trained and experienced litigation paralegal, who Plaintiff believes likely drafted the Motion to Dismiss, which Defendants filed on July 8, 2019.  And UMASSS General Counsel's Office is no two-person undermanned firm.

Any potential good cause is counterbalanced by prejudice to Plaintiff, which he suffers if Ms. Barton is granted an extension of time to August 30, 2019.  After the Court altered the timeline for Defendants filing to August 16, 2019, Plaintiff coordinated travel beginning Labor Day, lasting at least two weeks, possibly three weeks.  As part of his travel plans, Plaintiff self-imposed a deadline for filing his opposition of August 30, 2019.  On travel Plaintiff will not have the legal resources of Roger Williams Law School Library to prepare an opposition.  Additionally each week and month that Defendants procrastinate, this case approaches a timeline of April 2020 - October 2020 during which Plaintiff will not be available.

With regard to whether Ms. Barton represents the Unnamed Professor, on May 20, 2109, Ms. Barton filed a general appearance for all Defendants in which she stated, "The undersigned

has appeared and will represent the University of Massachusetts Dartmouth, Peyton R. Helm, Cynthia Cummings, Deborah Majewski, Scott Webster, David Gomes, John Buck, Emil Fioravanti, and "**Unnamed Professor**" ("University defendants") in the above-captioned matter." However, in her last two motions (see note 1) Ms. Barton asserts, "The University defendants include the University of Massachusetts Dartmouth, Peyton R. Helm, Cynthia Cummings, Deborah Majewski, Scott Webster, David Gomes, John Buck, and Emil Fioravanti. As the defendant labeled "Unnamed Professor" is not identified and has not been served, the undersigned, as of this filing, does not represent her or him."  Plaintiff opposes this position and asks the Court to make a finding of fact that Ms. Barton represents "Unnamed Professor in the above captioned matter.

## CONCLUSION

For the foregoing reasons, Court should deny Defendants Motion to Extend Deadline. Defendants have not established good cause for the extension, despite the passing of Ms. Barton's family member, and Plaintiff suffers prejudice.  Also the Court should find that Ms. Barton filed an appearance for Defendant "Unnamed Professor" and thus represents same.

Date: August 11, 2019

> Respectfully Submitted:
>
> By: /s/ John Harnois, Pro Se
> 53 Child Street, Unit 669, Warren, RI 02885
> Doe.John.123199@gmail.com; (508) 333-1728

## CERTIFICATE OF SERVICE

I, John Harnois, Pro Se, hereby certify that the above document was transmitted through the CM/ECF electronic filing system of the United States District Court, to Ms. Barton, counsel for Defendants.

Date: August 11, 2019

> By: /s/ John Harnois, Pro se