UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
------------------------------------------------------------X
JOHN HARNOIS,                                      )
                          Plaintiff,               )
                                                   )
-against-                                          )   Civil Action No: 1:19-CV-10705-RGS
                                                   )
UNIVERSITY OF MASSACHUSETTS AT                     )
DARTMOUTH, et als.                                 )
                          Defendants.              )
------------------------------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE EXTRINSIC EVIDENCE IN DEFENDANTS' 12(b)(6) MOTION OR TO COVERT PER RULE 12(d)

On August 30, 2019 Defendants filed motions to dismiss Plaintiff's operative complaint under Fed. R. Civ. P. R. 12(b)(1) and (6). In their 12(b)(6) motion Defendants included extrinsic evidence with factual statements, seven exhibits and references to websites; Plaintiff opposes all statements, references and five of seven extrinsic exhibits included in Defendants' 12(b)(6) Motion. It is vague whether they asked the Court to either incorporate these documents into the complaint or take judicial notice of same in its consideration of whether to dismiss Plaintiff's complaint. Moreover, Defendants fail to request consideration without conversion to summary judgment. Since Plaintiff's opposition is due September 27, 2019, and the Court's ruling is vital to Plaintiff's opposition, he respectfully requests an expedited hearing on this matter, and if necessary provide him additional adequate time to file his opposition relative to the Court's decision in this matter.

Most, if not all, extrinsic documents' authenticity are disputed; the information therein is either to simply refute factual allegations in the complaint or worse prejudice Plaintiff. Plaintiff had prior never seen many of these documents, despite his repeated requests[1], which Defendants

---

[1] See Complaint ¶ 99 and n. 26 Plaintiff sought inter alia: (1) A listing of all Title IX complaints investigated at UmassD, the nature of the complaint, detailed by gender of complaint and accused, and the outcomes of same from 2012 to

presented for the first time as exhibits in their motion. If the Court considers or admits any or all opposed exhibits or evidence, Plaintiff respectfully asks the Court to convert Defendants' 12(b)(6) Motion to one for summary judgment and provide him sufficient time for discovery. See *Ríos-Campbell v. U.S. Dep't of Commerce*, No. 18-1420, at *8 (1st Cir. Jun. 13, 2019).[2]

## ARGUMENT

I. **Standard of Review for Evaluating Complaint under 12(b)(6) Motion to Dismiss**

"On a motion to dismiss, a court ordinarily may only consider facts alleged in the complaint and exhibits attached thereto, *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir.1993). If matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." Trans-Spec Truck Serv. Inc. v. Caterpillar, Inc., 524 F.3d 315, 321(1st Cir. 2008); see also Fed. R. Civ. P. 12(d); see *Freeman v. Town of Hudson*, 714 F.3d 29, 34-36 (1st Cir. 2013). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201. Both of these procedures permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways.." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. Aug. 13, 2018).

---

December 2017; (2) Any and all documents related to the Title IX or misconduct investigation of Plaintiff during the spring and summer of 2016 to include but not limited to: interoffice emails and other communications between Cynthia Cummings, Deborah Majewski, Scott Webster and Graduate Admissions Staff, David Gomes, Campus Security, the staff at School of Marine Science and Technology; investigative reports/summaries/ and interviews, and any other documents thereby related; (3) Any communications or documents related to Dept of Education OCR investigations from 2012 to December 2017; (4) All letters, documents and communications related to TITLE IX procedures that changed as the response of the Dept of Education Dear Colleague Letter of 2011, and policy created by Umass Dartmouth Employees therefrom including hiring or organizational changes related to TITLE IX procedures since 2012, and (5) David Gomes', Cynthia Cummings' and Deborah Majewski's resume and training records as an investigator related to Title IX investigation from Jan 2012 to September 2016 inclusive, and (6) Plaintiff's educational records and application documents.

[2] SeeFed. R. Civ. P. 12(d) (providing that if "matters outside the pleadings are presented to and not excluded by the court" on a Rule 12(b)(6) motion, the motion "must be treated as one for summary judgment under Rule 56"); see also Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17(1st Cir. 1998).

2

**Judicial Notice Per Fed. R. Evid. 201**

Fed. R. Evid. 201 [3] governs the judicial notice of *adjudicative facts*. Therefore, while the Court may take judicial notice of the timing, filing and origin of the materials that Defendant filed as exhibits and the fact that statements and facts are contained therein, it does not follow that the Court assumes the truth of such statements and facts. Moreover, before taking judicial notice of materials pursuant to Fed.R.Evid. 201, the Court must first give all parties an opportunity to be heard[4]. See *FroyoWorld Licensing, LLC v. Lin*, CIVIL ACTION No. 13-40121-TSH, at *4-5 (D. Mass. Apr. 2, 2014).

**Incorporation by Reference Doctrine**

Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The Court may make exceptions for "documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993))[5]. "The mere mention of the depositions in the complaint does not amount to sufficient reference". *See Goldman v. Belden,* 754 F.2d 1059,

---

[3] Fed. R. Evid. 201 states: **(a)** SCOPE. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.**(b)** KINDS OF FACTS THAT MAY BE JUDICIALLY NOTICED. The court may judicially notice a fact that is not subject to reasonable dispute because it: **(1)** is generally known within the trial court's territorial jurisdiction; or **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. **(c)** TAKING NOTICE. The court:**(1)** may take judicial notice on its own; or **(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information.

[4] In *FroyoWorld*, Judge Hillman noted "Defendant inexplicably docketed his request for judicial notice as one of the attachments to his motion to dismiss. Since he is seeking relief, the "request" should have been docketed as a separate motion, which would have given the Plaintiffs an opportunity to file a response and contest the authenticity of the included materials if they chose to do so. Defendant's counsel cannot simply attach materials, explain where he got them and deem them authenticated. " In this case Defendants similarly attached exhibits without stating their relevance or their source or what facts they asked the Court to notice, or whether the documents should be incorporated into the complaint or whether the Court should instead take judicial notice.

[5] Document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)"). In the case at hand, the attachments to the defendants' motion go far beyond this narrow swath. See Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998).

3

1066 (2d Cir.1985). "[T]he problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff." Ibid at 4. If the documents do not fall within this narrow class of exceptions, and the Court nevertheless considers them in deciding the motion, the parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion," and the motion "must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). If the Court declines to convert the motion, the Court may strike the additional documents. See, e.g., Penney v. Deutsche Bank Nat'l Tr. Co., No. 16-CV-10482-ADB, 2017 WL 1015002, at *3 (D. Mass. Mar. 15, 2017).

**II.     Abuse of Extrinsic Evidence Related to 12(b)(6) Motion to Dismiss**

In *Khoja v. Orexigen Therapeutics, Inc.*, the Ninth Circuit Court of Appeals recently highlighted the abuse of and clarified the parameters for using judicial notice and the incorporation by reference doctrine in the context of a motion to dismiss a complaint. In relevant part the Court held:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery….A [district] court may take judicial notice of matters of public record without converting the motion to dismiss into a summary judgment motion, but a court cannot take judicial notice of disputed facts contained in such public records." The Court concluded that, in order to allow facts to be judicially noticed, defendants should pin-point to specific facts within documents and there would have to be no reasonable dispute over these facts. *Id.* at 994…[6] The [incorporation by reference] doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that

---

[6] This distinction is important because a "court may take judicial notice of matters of public record," but it notably "cannot take judicial notice of the disputed facts contained in such public records." Id. In other words, simply because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.

weaken—or doom—their claims…Although the doctrine is straightforward in its purpose, it is not always easy to apply. In *U.S. v. Ritchie*, 342 F.3d 903 (9th Cir. 2003), we said that a defendant may seek to incorporate a document into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 907. How "extensively" must the complaint refer to the document? This court has held that "the mere mention of the existence of a document is insufficient to incorporate the contents of a document" under *Ritchie*… A more difficult question is whether a document can ever "form the basis of the plaintiff's claim" if the complaint does not mention the document at all…However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims. *See In re Immune Response Sec. Litig.*, 375 F.Supp.2d 983, 995–96 (S.D. Cal. 2005) (declining to incorporate numerous exhibits in SEC action where the complaint did not mention or rely on them, but the defendants instead "offer[ed] the documents as evidence that Defendants did not commit a securities violation"); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156–57 (2d Cir. 2006) (finding error where the court relied on documents the complaint did not mention to resolve an issue in defendant's favor, even though the complaint had not raised the issue). Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of the complaint—accepted as true at the pleading stage—can easily topple otherwise cognizable claims. Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim…For this same reason, what inferences a court may draw from an incorporated document should also be approached with caution. We have stated that, unlike judicial notice, a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting *Ritchie*, 342 F.3d at 908 ). While this is generally true, it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage. *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff."); *see also Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942, n.1 (9th Cir. 2008)

(finding it proper to consider disability benefits plan referenced in complaint, but declining to accept truth of the plan's contents where the parties disputed whether defendant actually implemented the plan according to its terms). For "extensively" to mean anything under *Ritchie*, it should, ordinarily at least, mean more than once. *See Coto*, 593 F.3d at 1038. Otherwise, the rule would simply require a complaint to "refer" to the document. In theory, a reference may be sufficiently "extensive" if a single reference is relatively lengthy. Here, the quotation comprises only a few lines in a footnote of a 67-page complaint. It conveys only basic historic facts about the DAP. It is not sufficiently extensive under *Ritchie*.

**III.    Review of Defendants' Extrinsic Evidence Submitted with 12b6 Motion.**

The 9th Circuit Court's opinion is directly on point regarding Defendants' abuse of extrinsic evidence to undermine Plaintiff's complaint. Defendants include seven exhibits, multiple statements of facts and references to outside websites that refute or inappropriately add to the factual allegations in Plaintiff's complaint. None of the documents were authenticated[7], and Defendants failed to argue why each exhibit was relevant to Plaintiff's complaint. What is vague, based on insufficiently developed and cursory arguments, is whether Defendants are arguing for the Court to incorporate their attached exhibits or take judicial notice[8], and if they seek judicial notice, of which specific adjudicated facts they request the Court to notice; thus their request for consideration should be deemed waived[9]. Noteworthy is that instead of testing the sufficiency of Plaintiff's complaint

---

[7] "Defendant's counsel cannot simply attach materials, explain where he got them and deem them authenticated." *FroyoWorld Licensing, LLC v. Lin*, CIVIL ACTION No. 13-40121-TSH, at *5 n.2 (D. Mass. Apr. 2, 2014)

[8] Dckt 43, n. 1, p.2 states "See Ex. 3, p. 3. Mr. Harnois stated: "I have been a student here since the Fall of 2015. I matriculated in the Spring of 2016. My last day of class was **May 2**, 2016." As the complaint repeatedly excerpts language from the attached exhibits, the court may consider them on this Rule 12(b)(6) motion. See In re: *Polaroid Corporate Sec. Litig.*, 134 F. Supp. 2d 176, 182, n. 10 (D. Mass. 2001); *Koelsch v. Town of Amesbury*, 851 F. Supp. 497, 499 (D. Mass. 1994). In *Koelsch v. Town of Amesbury,* the Court did not incorporate documents relied upon outside the Plaintiff's attachments to his pleadings, but instead the Court took into account the attachments to the amended complaint, and took judicial notice of the Town of Amesbury Charter (the "Charter").

[9] Issues not presented to a district court generally cannot be heard on appeal. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir.1992). No "bright line" exists to determine whether an issue has been properly raised below, but "a workable standard is that the issue must be raised sufficiently for the trial court to rule on it." *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006). "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: "Judges are not expected to be mindreaders. Consequently, a litigant has

6

referring to various paragraphs, Defendants instead seek to introduce extrinsic evidence and instead refer to it.

### A.     Specific Statements in Dckt. 43 Should Be Stricken

Two specific statements of fact in Dckt 43 improperly refute factual allegations in Plaintiff's complaint: (1) "The University did not sanction Mr. Harnois" (Dckt 43, p. 3), and  (2) "reporting students brought to the University's attention in making complaints" (p. 7).  Both statements are not arguendo, but are made as new facts upon which Defendants base their arguments. The former specifically refutes Plaintiff allegation he was sanctioned with a warning and as part of the "appropriate intervention." (Dckt. 30 ¶¶ 7, 98, 227 to 240); thus multiple claims are undermined. The second statement introduces evidence inconsistent with and refutes Plaintiff's contention that, prior to Defendants disclosure to school personnel, Plaintiff's criminal history was unknown to his colleagues (e.g. Dckt. 30 ¶¶ 116, 117); thus  claims of invasion of privacy and defamation are undermined. Since both statements are outside the above noted exceptions, both should be stricken, and not considered; in the alternative the motion to dismiss should be converted to a summary judgment motion, and Plaintiff be afforded adequate time for discovery.

### B.     Exhibits 2, 3, 5 and 6 Should Be Stricken [10]

Under the exceptions noted above only two exhibits – Exhibits 1 & 4 - qualify for inclusion

---

an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace." *Rivera–Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir.1988) . (quoting *Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir.1988)). See *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). "We see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." See e.g., Brown v. Trustees of Boston Univ., 891 F.2d 337, 353 (1st Cir.1989); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988).

[10] Ex 1 (Letter of May 4, 2016 from Defendant Cummings) ; Ex 2  (Group of emails between UMASSD and Plaintiff and/or his attorney or both submitted as on document/exhibit. To Plaintiff's recollection he has not seen some of these documents and challenges their authenticity. Hence the entire exhibit should be stricken); Ex 3 (Notice of sorts, which Plaintiff does not remember seeing in that format, and challenges its authenticity); Ex 4 (Finding letter of August 30, 2016 signed by Defendant Majewski); Ex 5 (Title IX Investigation report. Plaintiff could not have referred to Ex 5 in his complaint, because heretofore **Plaintiff has never seen it** , and doubts its authenticity.); Ex 6 (Leave of Absence, which Plaintiff has never seen approved or signed, and challenges its authenticity).

without conversion since Plaintiff's complaint quotes from both extensively and uses them in framing claims. *Newman v. Lehman Bros. Holdings Inc.*, 901 F.3d 19, 25 (1st Cir. Aug. 20, 2018).

**Exhibit 2 (Group of emails),** which is mentioned extensively in Dckt. 43, is a hodgepodge of emails between Defendant Majewski and Plaintiff/his attorney that spans 14 pages. The collection contains emails that are/are not important, are/are not quoted sufficiently in the complaint to be considered (without converting to summary judgment), and are/are not adequately referred [11] to or not referred to whatsoever by Plaintiff. [12] Yet in accepting the pertinent and sufficiently quoted emails, the Court must then also incorporate the superfluous emails in Exhibit 2, which do not qualify for the exceptions noted above; such consideration thus infuses extrinsic material to the complaint, requiring conversion to summary judgment motion. Moreover, Plaintiff challenges the authenticity of any document, which he saw only initially in Dckt. 43.

**Exhibit 3 (Notice of rights and investigative process)** in that form is a document, which Plaintiff had never prior seen, and thus challenges its authenticity. Additionally Exhibit 3 is not vital to Plaintiff's claims and thus should be excluded from consideration. It is submitted solely as evidence to support Defendants contention that Plaintiff received due process, and should be stricken.

**Exhibit 5 (Investigation Report)** is a prime example of the abuse cited in *Khoj*. Despite Plaintiff' and his attorney's requests for Ex. 5 - during the disciplinary process and afterward (requests under FERPA and FOIA) - Defendants denied it from Plaintiff prior to Dckt. 43; thus Plaintiff challenges its authenticity. Moreover, but for his ignorance of Ex. 5, Plaintiff's complaint would have

---

[11] "The documents here were to some extent quoted, but limited quotation does not constitute incorporation by reference. It was, therefore, improper for the court to consider these documents unless it converted the motion into one pursuant to Rule 56 and gave plaintiff the opportunity to submit affidavits or other materials permitted by that Rule." *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985).

[12] Exhibit 2 pp. 1-4 have emails that Plaintiff either never saw nor quote nor referred to in complaint nor was relied upon in any claim. Email p. 5-6 includes email that Plaintiff mentions in passing in c with a single quote in n. 50. Email p. 10 is referred to and sufficiently quoted in ¶ 198 and n. 48. Email p. 11 is mentioned only in passing in ¶ 197 with a minor quote in n. 47. Email p.12 was never sent to nor seen by Plaintiff, was not mentioned in complaint and is irrelevant. Email p. 13 is referred to and sufficiently quoted in ¶ 195, n. 46.

8

been vastly different. Defendants included Ex. 5 solely as a means to introduce the very evidence it withheld from Plaintiff, which is in part the basis for his due process claim. In Dckt. 43, n. 1. Defendants state, in an abusive attempt to prejudice Plaintiff in the eyes of the Court, that since Ex. 5 and Dckt. 30 share mundane basic facts, Plaintiff <u>must</u> have been offered Ex. 5 by the school in proper course. By implication Ex. 5 impugns Plaintiff's credibility with the Court, and improperly refutes factual allegations properly pled in his complaint.[13] Plaintiff refers to an investigator's report only generically as a document that he was denied in violation of his due process. Ex. 5 details actual charges, necessary in part for proper notice. Yet the only notice Plaintiff received was that he created a hostile learning environment. Plaintiff did not and could not refer to nor cite Ex. 5 which Defendants denied him. As such Ex. 5 must be stricken or if any information therein is considered, the Court should convert Dckt. 43 to a Rule 56 motion and provide him opportunity for discovery.

**Exhibit 6 (Leave of Absence)** is a document to which Plaintiff does not refer, nor does any claim in his complaint depend. Plaintiff never saw the signed executed document prior to Dckt. 43, and thus challenges the credibility of Ex. 6. Moreover, Defendants submitted Ex. 6 solely to refute Plaintiff's factual allegation that he sought a leave of absence because he could no longer endure the hostile environment.[14] The reasons for Plaintiff's withdrawal is fact intensive and complex justifying discovery. The one-line reason in Ex. 6 does not adequately reflect Plaintiff's motive for his withdrawal, and thus introduction of Ex. 6 is an extrinsic document solely to refute factual allegations, and not to clarify any misquotes. Thus it should be stricken; or if considered, the Court should convert Dckt, 43 to a Rule 56 motion.

---

[13] "The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985) citing *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 779 (2d Cir. 1984).

[14] Ex. 6 states in reason for leaving as "Need time to refocus on direction of research."

### C.        Exhibit 7 (Divorce Appeal of Defendant in Virginia State Court)

A court may take judicial notice of court records in another case. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). A federal court may also take judicial notice of orders made in a state court proceeding. *See Miles v. California*, 320 F.3d 986, 987 n.1 (9th Cir. 2003). (Exhibits A, B, C, and F are all court orders that are subject to judicial notice, but the facts contained in those orders are not subject to judicial notice, particularly to the extent they are disputed.) *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (although a court may take judicial notice of another court's opinion, "it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity"). "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." "*St. Louis Baptist Temple, Inc. v. FDIC,* 605 F.2d 1169, 1172 (10th Cir. 1979). Yet Circuit Courts take judicial notice from federal and state Courts in their territorial jurisdiction. " *E.I. Du Pont de Nemours Co. v. Cullen,* 791 F.2d 5, 7 (1st Cir. 1986) (court of appeals took judicial notice of complaint filed in [Massachusetts] state court action), see *Mateo v. U.S.*, 398 F.3d 126, 130 n.4 (1st Cir. 2005); See LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.), 196 F.3d 1, 8 (1st Cir. 1999) (noting that courts can take judicial notice of their own dockets); Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."); *Perez-Tino v. Barr*, No. 18-1860, at *9 n.3 (1st Cir. Aug. 30, 2019).

Defendants' motion states the Court "may take" judicial notice (versus requesting it take notice per Rule 201(c)(2))[15] of Plaintiff's divorce appeal (Dckt 43, p.7, n. 6),[16] which was an

---

[15] Defendants (by failing to in fact request judicial notice) do not compel the Court to take judicial notice per Rule 201.

[16] "The court may take judicial notice of other courts' actions concerning Mr. Harnois. Fed. R. Evid. 201. The Virginia court's opinion reads in pertinent part: "Appellant's counsel moved to continue the final hearing due to appellant's

unpublished opinion[17] decided in a Virginia state court, outside the jurisdictional territory of the 1st Circuit Court, regarding a matter unrelated and irrelevant to the instant controversy, and in which the circumstances surrounding that appeal or facts mentioned were shroud in controversy.[18]

Plaintiff asks the Court to consider Fed. R. Evid. 401 and 403. The information cited in Ex. 7 is irrelevant to the instant case inasmuch as it was already in the possession of and vetted by UMASSD (UMASSD Admissions Director), and Plaintiff's complaint actually alleged his conviction. Plaintiff's offer of admission and matriculation were predicated on the fully disclosed and vetted facts of his convictions, including the nature and facts surrounding Plaintiff's relevant criminal history. The only relevant considerations, in relation to Plaintiff's criminal history juxtaposed with his admission in and enrollment at UMASS[19], were: (1) Plaintiff was prior convicted of a two felonies; (2) Plaintiff disclosed each under oath as required in his admission application; (3) UMASSD office of graduate admission offered admission after vetting the facts surrounding Plaintiff's disclosure statement; (4) Plaintiff accepted the admissions offer, and he did not repeat nor act similar to his convictions; and (5) having been admitted by the department (admissions) governing such decisions, the academic program could not be capriciously interfered with just because UMASSD staff - outside admissions - learned of the disclosure and material thereon. All this then begs the question - why

---

pending criminal trial and questions regarding appellant's competency. … In 2005, appellant was convicted of two violations of a protective order and one charge of misdemeanor assault against appellee, and a felony for abduction. Appellant was scheduled to be released on these charged on March 11, 2008. However, while in prison, appellant was charged with trying to hire another inmate to kill appellee." Ex. 7, p. 3."

[17] "we may take judicial notice of published state court dispositions of cases." *White v. Gittens*, 121 F.3d 803, 805 n.1 (1st Cir. 1997).

[18] Inter alia the former Governor of Virginia, Robert McDonnell (convicted in Virginia Federal District Court for corruption) was a suspected paramour of Plaintiff's ex-wife and personally involved himself in Plaintiff's prosecution and prison conditions; Plaintiff passed multiple polygraphs as to the allegations cited in Dckt. 43, n. 6; Plaintiff was accused by a former inmate, who had been released 2 months prior, and who approached the Commonwealth Attorney as part of a plea deal for leniency related to his indictment of carjacking with a firearm. The matters surrounding Plaintiff's divorce in Virginia, which do not impact these proceedings, are best reserved in a subsequent briefing if necessary.

[19] Applicants to UMASSD graduate school, who have a criminal history must disclose felony convictions and the facts surrounding them.

didn't Defendants instead of Ex. 7 submit Plaintiff's admissions disclosure statement? Simple. They presented it solely as a means to prejudice Plaintiff with the Court. If anything the argument in their motion confirms Plaintiff's assertion, that even though his admission was predicated on his full disclosure, Defendants, upon learning of his conviction, discriminated against him because he was a male student with a conviction, and wanted to rid him from UMASSD. Any information contained in Ex. 7 is more prejudicial to Plaintiff than probative, muddies the issues, and needlessly presents cumulative evidence.

Plaintiff objects if the Court takes judicial notice from a state court decision, outside the territorial jurisdiction of the First Circuit Court, and holds that the Court should not accept any fact related to Plaintiff's divorce appeal as true. *People v. Long* (1970) 7 Cal. App.3d 586, 591 (court may not judicially notice truth of matters stated). In Khoja the Court ruled it was not proper to take judicial notice of the contents of each document for the purpose for which it was offered. If the Court chooses to judicially notice adjudicative facts in Exhibit 7, such notice should be confined to such matters as Plaintiff was divorced, he filed an appeal to his divorce, and the Appeals Court affirmed the Superior Court's ruling. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings"). That notwithstanding, Plaintiff finds even those facts irrelevant to the instant case.

    **D.**    **References to Extrinsic Websites should be Stricken**

Dckt. 43 includes references (notes 2 & 3)[20] to websites that should be stricken since they are outside the four corners of the complaint and do not qualify for one of the exceptions noted

---

[20]   Note 2 - The last day of classes for the Spring 2016 semester was May 3, 2016. See https://www.umassd.edu/academiccalendar/academiccalendar2015-2016/. The University had an initial meeting with Mr. Harnois concerning the complaints made against him on May 4, 2016. Mr. Harnois retained counsel (with whom the University timely and repeatedly corresponded) and delayed his interview – for over a month because of his own recovery from surgery and his counsel's unavailability – to July 15, 2016. See Ex.2……..Note 3 - The Fall 2016 semester began on September 7, 2016. See https://www.umassd.edu/academiccalendar/ academic-calendar-2016-2017/.

above.   The additional factual information in note 2[21] is extrinsic to the complaint and should be stricken since the  added factual allegations attempt to undermine the sufficiency of Plaintiff's complaint, specifically his allegations that Defendants denied him due process. Factual disputes are not appropriate in 12(b)(6) motions.

### REQUEST FOR EXPEDITED HEARING

Plaintiff seeks an expedited hearing on this matter.  Plaintiff's opposition must be filed by September 27, 2019, and the Court's ruling regarding issues herein is vital to Plaintiff's opposition.

### CONCLUSION

Hence, Plaintiff respectfully requests the Court strike and exclude all exhibits (less Exs. 1 & 4 which Plaintiff concede), statements and references cited above that are included with or in Defendants 12(b)(6) motion, and refuse to take judicial notice or to assume the truth of the facts noted in Ex. 7; in the alternative, Plaintiff asks the Court to convert the Rule 12(b)(6) motion to a Rule 56 motion per Fed. R. Civ. P. R. 12(d), and provide Plaintiff  sufficient time to conduct reasonable discovery to address the Rule 56 motion.  Finally Plaintiff respectfully asks the Court schedule an expedited hearing on this matter.

 Dated: September 15, 2019

Respectfully submitted:

By: /s/ John Harnois, Pro se
53 Child Street, Unit 669, Warren, RI 02885
doe.john.123199@gmail.com

---

[21] "…and delayed his interview – for over a month because of his own recovery from surgery and his counsel's unavailability – to July 15, 2016."

## **LOCAL RULE 7.1 CERTIFICATION**

I, John Harnois, Pro Se, hereby certify that I sent an email to Ms. Barton, counsel for Defendants, on September 4, 2019 concerning the foregoing motion. On September 9, 2019, Ms. Barton responded, "…the University defendants do not assent."

Date: September 15, 2019

By: /s/ John Harnois

## **CERTIFICATE OF SERVICE**

I, John Harnois, Pro Se, hereby certify that the above document was transmitted through the CM/ECF electronic filing system of the United States District Court, to Ms. Barton, counsel for Defendants.

Date: September 15, 2019

By: /s/ John Harnois