UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10705-RGS

JOHN HARNOIS

v.

UNIVERSITY OF MASSACHUSETTS AT DARTMOUTH, et al.

MEMORANDUM AND ORDER ON
DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS

September 30, 2019

STEARNS, D.J.

By way of a Third Amended Complaint, John Harnois, a former graduate student at the University of Massachusetts (UMass) Dartmouth, is suing UMass Dartmouth and a host of UMass Dartmouth employees in their official and personal capacities.[1] Harnois alleges a series of violations associated with UMass Dartmouth's initiation and execution of a Title IX investigation into his conduct, and punitive measures taken in response to

---

[1] Defendants include: then-Interim Chancellor of UMass Dartmouth Peyton R. Helm; Assistant Vice Chancellor for Student Affairs Cynthia Cummings; Assistant Vice Chancellor Deborah Majewski; Director of Graduate Studies and Admissions Scott Webster; then-Deputy Director, now Director, of Diversity and Inclusion David Gomes; UMass Dartmouth Professor John Buck; and UMass Dartmouth Chief of Police Emil Fioravanti. Harnois also indicates an intent to sue an unnamed UMass Dartmouth professor.

perceived deficiencies in Harnois's application for admission.[2]

Specifically, Harnois's Third Amended Complaint sets out nineteen claims against defendants, in varying combinations: violation of Title IX (Count I); violation of 42 U.S.C. § 1983 owing to retaliation against Harnois for complaining about sex discrimination under Title IX; (Count II); denial of due process in violation of 42 U.S.C. § 1983 (Count III); denial of First Amendment rights in violation of 42 U.S.C. § 1983 (Count IV); the imposition on Harnois of an unconstitutionally vague and overbroad University protocol, and policies (Count V); defamation (Count VI); violation of the Massachusetts Civil Rights Act (MCRA) (Count VII); intentional interference with advantageous third party relations (Count VIII); negligence in disclosing confidential information (Count IX); breach of fiduciary duty in disclosing confidential information (Count X); invasion of privacy (Count XI); malicious prosecution and abuse of process (Count XII); breach of contract (Count XIII); breach of the implied covenant of good faith and fair dealing (Count XIV); promissory estoppel (Count XV); intentional infliction of emotional distress (Count XVI); negligent infliction of emotional distress (Count XVII); intentional interference with contractual relations (Count XVIII); and a civil conspiracy (Count XIX).

---

[2] Harnois's detailed complaint comprises seventy-eight pages.

For the reasons explained below, defendants' Fed. R. Civ. P. 12(b)(1) motion will be allowed as to Counts IX, XIII, XIV, and XVII. The court also dismisses under Rule 12(b)(1) claims against UMass Dartmouth and/or defendants acting in their official capacities as alleged in Counts III, IV, VI, VII, VIII, X, XI, XII, XV, XVI, XVIII, and XIX, but not those claims against defendants named in their individual capacities. Additionally, the court dismisses claims alleged in Count II against all defendants except for UMass Dartmouth.

## DISCUSSION

Defendants move to dismiss the Third Amended Complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6).

> When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first. . . . It is not simply formalistic to decide the jurisdictional issue when the case would be dismissed in any event for failure to state a claim. Different consequences flow from dismissals under 12(b)(1) and 12(b)(6): for example, dismissal under the former, not being on the merits, is without res judicata effect.

*Ne. Erectors Ass'n of the BTEA v. Sec'y of Labor*, 62 F.3d 37, 39 (1st Cir. 1995). "The party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir. 1995), quoting *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d

3

57, 60 (1st Cir. 1993). In assessing whether that burden is met, a court "take[s] as true all well-pleaded facts in the plaintiffs' complaints, scrutinize[s] them in the light most hospitable to the plaintiffs' theory of liability, and draw[s] all reasonable inferences therefrom in the plaintiffs' favor." *Fothergill v. United States,* 566 F.3d 248, 251 (1st Cir. 2009).

**Immunity**. The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. "The Supreme Court . . . has expanded the doctrine of sovereign immunity beyond the literal words of the Eleventh Amendment, holding that state governments, absent their consent, are not only immune from suit by citizens of another state, but by their own citizens as well." *Guillemard-Ginorio v. Contreras-Gomez,* 585 F.3d 508, 529 n.23 (1st Cir. 2009), citing *Alden v. Maine,* 527 U.S. 706, 728-729 (1999).

A State entity similarly is immune from suit if it functions as an "arm of the state." *Coggeshall v. Massachusetts Bd. of Registration of Psychologists,* 604 F.3d 658, 662 (1st Cir. 2010); *In re Dupont Plaza Hotel Fire Litig.,* 888 F.2d 940, 942 (1st Cir. 1989). Whether an agency is in fact an "arm of the state" is determined by applying federal law. *Regents of the*

*Univ. of California v. Doe*, 519 U.S. 425, 429 n.5 (1997).

The University of Massachusetts "is a public institution established under the laws of the Commonwealth of Massachusetts and is therefore an 'arm' of the state." *Ali v. Univ. of Massachusetts Medical Ctr.*, 140 F. Supp. 2d 107, 110 (D. Mass. 2001); *see also United States v. Univ. of Massachusetts, Worcester*, 812 F.3d 35, 40 (1st Cir. 2016) ("[T]he statutory framework crafted by the Massachusetts legislature lends itself to the conclusion that the University of Massachusetts . . . is an arm of the state."). Because a State, its agencies, and agency officials are not "persons" for purposes of § 1983, these entities are not subject to suit for money damages in the federal courts without the State's consent or a clear abrogation of State sovereignty by Congress. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-67 (1989) ("[A] State is not a 'person' within the meaning of § 1983. . . . We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent."); *see also Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003) ("Absent an explicit waiver from the state, the Eleventh Amendment bars 'official capacity suits' against state actors in federal court unless the suit seeks prospective injunctive relief."); *Maraj v. Massachusetts*, 836 F. Supp. 2d 17, 30 (D. Mass. 2011) ("Plaintiff's MCRA claims against the Commonwealth . . . as well as

against the individual [defendants] in their official capacities, fail on the threshold ground that the Commonwealth and its agencies cannot be sued under the MCRA.").[3]

Because under the Eleventh Amendment, defendants in this case may not be sued in their official capacities for money damages, the court lacks subject matter jurisdiction over the claims for such damages set out in: Counts III and IV (alleging violations of 42 U.S.C. 1983); Count VII (violation of the MCRA); Count X (breach of fiduciary duty in disclosing information); Count XV (promissory estoppel); and Count XIX (alleging civil conspiracy). The court dismisses under Rule 12(b)(1) Counts XIII and XIV, asserting contract claims against UMass Dartmouth, also on the basis of Eleventh Amendment immunity.

**The Massachusetts Torts Claims Act (MTCA)**. The University of Massachusetts "is an agency of the Commonwealth and thus is a public employer [within the meaning of the MTCA]." *McNamara v. Honeyman*, 406 Mass. 43, 47 (1989). The MTCA outlines "a comprehensive statutory

---

[3] Harnois does not argue that an exception to Eleventh Amendment immunity applies. *See Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth.*, 991 F.2d 935, 938 (1st Cir. 1993), *holding modified by Fresenius Med. Care Cardiovascular Res., Inc. v. Puerto Rico & Caribbean Cardiovascular Ctr. Corp.*, 322 F.3d 56 (1st Cir. 2003) (outlining circumstances under which the Eleventh Amendment may not bar federal court lawsuits by private parties).

scheme governing the tort liability of public employers." *Morrissey v. New England Deaconess Ass'n–Abundant Life Communities, Inc.*, 458 Mass. 580, 590 (2010), *holding modified by Shapiro v. City of Worcester*, 464 Mass. 261, 982 (2013). Specifically, the MTCA "imposes liability on a public employer for a public employee's negligent act performed within the scope of his [or her] employment and relieves the public employee from liability." *Schenker v. Binns*, 18 Mass. App. Ct. 404, 404 (1984). Accordingly, the MTCA "shields public employees from personal liability for negligent conduct." *Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003). Also under the MTCA, a public employer may not be held liable for the intentional torts of its employees. *See* Mass. Gen. Laws ch. 258, § 10(c); *McNamara*, 406 Mass. at 46.

The MTCA incorporates strict presentment requirements. *See* Mass. Gen. Laws ch. 258, § 4 ("A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing and sent by certified or registered mail, or as otherwise provided by this section."); *see also Shapiro*, 464 Mass. at 267. "[T]he failure to make

a proper presentment does not deprive a court of jurisdiction over the subject matter of a complaint brought under G.L. c. 258, but that presentment is a condition precedent to bringing suit." *Vasys v. Metro. Dist. Comm'n*, 387 Mass. 51, 52 (1982). Strict compliance is the rule, *Richardson v. Dailey*, 424 Mass. 258, 261-261 (1997), and performance must be pled in the complaint. *Rodriguez v. City of Somerville*, 472 Mass. 1008, 1010 n.3 (2015).

> There are two exceptions to the strict compliance rule.
>
> First, under the 'lulling' exception, the public employer will be estopped from asserting any defect in presentment . . . if, during the conduct of the litigation and at a time when presentment still could have been made, the plaintiff was led to believe that presentment would not be an issue in the case. . . . Second, under the 'actual notice' exception, the presentment requirement will be deemed fulfilled if the plaintiff can show that, despite defective presentment, the designated executive officer had actual notice of the written claim.

*Bellanti v. Bos. Pub. Health Comm'n*, 70 Mass. App. Ct. 401, 406-407 (2007).

Here, Harnois does not plead compliance with the presentment requirement of Mass. Gen. Laws ch. 258, § 4, nor does he set out facts that would satisfy either exception to the strict compliance rule.[4] Accordingly, this court will dismiss those Counts that fall under the ambit of the MTCA.

---

[4] Defendants raise Harnois's failure to present his tort claims in accordance with the terms of Mass. Gen. Laws ch. 258, § 4 in their Rule 12(b)(1) motion. (Dkt # 41) at 9.

This includes all claims made against defendants in their individual and official capacities under Counts IX (negligence in disclosing confidential information) and XVII (negligent infliction of emotional distress).

Relatedly, the failure to make a presentment notwithstanding, because UMass Dartmouth may not be held liable for the intentional torts of its employees, *see* Mass. Gen. Laws ch. 258, § 10(c), the court will dismiss claims against UMass Dartmouth and defendants acting in their official capacities as alleged in Count VI (defamation), Count VIII (intentional interference with third party advantageous relations), Count XI (invasion of privacy), Count XII (malicious prosecution and abuse of process), Count XVI (intentional infliction of emotional distress), Count XVIII (intentional interference with contractual relations), and Count XIX (alleged civil conspiracy).

**Title IX**. In Count II, alleging Title IX retaliation, Harnois names all defendants in their official and individual capacities. "Title IX's private right of action encompasses suits for retaliation, because retaliation falls within the statute's prohibition of intentional discrimination on the basis of sex." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 178 (2005). However, Title IX's implied private right of action for money damages extends "only to claims against the educational institution itself." *Frazier v. Fairhaven Sch.*

9

*Comm.*, 276 F.3d 52, 65 (1st Cir. 2002).  Harnois's attempt to re-cast his Title IX claim as a violation under 42 U.S.C. § 1983 is unavailing.  *See Doe v. Town of Stoughton*, 917 F. Supp. 2d 160, 165 (D. Mass. 2013), quoting *Doe v. School Bd. of Broward County, Fla.,* 604 F.3d 1248, 1266 n.12 (11th Cir. 2010) ("providing a § 1983 claim against individuals for Title IX liability 'would permit an end run around Title IX's explicit language limiting liability to funding recipients'").

Accordingly, this court will dismiss damages claims under Count II made against all defendants apart from UMass Dartmouth.

### ORDER[5]

For the foregoing reasons, defendants' motion to dismiss for lack of subject-matter jurisdiction is <u>ALLOWED</u> as to Counts IX, XIII, XIV, and XVII.  The court also dismisses under Rule 12(b)(1) claims against UMass Dartmouth and/or defendants acting in their official capacities as alleged in Counts III, IV, VI, VII, VIII, X, XI, XII, XV, XVI, XVIII, and XIX, but not claims against defendants in their individual capacities.  Additionally, the court dismisses claims alleged in Count II against all defendants except for

---

[5] In ruling on defendants' Rule 12(b)(1) motion, the court has sought to cull out complicated but unassailable jurisdictional issues.  Plaintiff is directed to focus his opposition to the Rule 12(b)(6) motion on the viable portions of the remaining Counts: Counts I-VIII, X-XII, XV-XVI, and XVIII-XIX.

UMass Dartmouth.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE