# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------X
JOHN HARNOIS,                        )
                 Plaintiff,          )
                                     )        Civil Action No: 1:19-CV-10705-RGS
v.                                   )
                                     )
                                     )
UMASS at DARTMOUTH, et als,          )
                 Defendants.         )
-------------------------------------------------X
```

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION

## UNDER FED. R. CIV. P. 59(e) TO AMEND ORDER OF OCTOBER 28, 2019

John Harnois,
53 Child Street, Unit 669,
Warren, RI 02885
(508) 333-1728

PLAINTIFF, Pro Se

## PROCEDURAL HISTORY

On October 28, 2019 the Court ruled on Defendants' 12(b)(6) Motion to Dismiss. It read:

*Judge Richard G. Stearns: ORDER entered granting in part and denying in part [42] Motion to Dismiss for Failure to State a Claim. Defendants' Rule 12(b)(6) motion is <u>DENIED</u> with respect to Counts I, II, III (procedural due process claims against Cummings, Majewski, Gomes, and Helm only), IV, VII (against Cummings and Majewski only), VI (against Cummings, Majewski, and Professor Doe only), Count VIII (against Cummings only), and XV (Webster only), and otherwise is <u>ALLOWED</u>. (RGS, law2)*

## STANDARD OF REVIEW

Plaintiff respectfully moves for this Court to narrowly amend its October 28, 2019 Order (Doc. 60) to correct an error of law by applying the legal standard of § 766A instead of § 766 as to Count XVIII. See Fed. R. Civ. P. 59(e). *Williams v. Poulos,* 11 F.3d 271, 289 (1st Cir.1993) ("The decision to grant or deny a Rule 59 motion is committed to the wide discretion of the district court and must be respected absent abuse."); *Fernandez v. Leonard,* 963 F.2d 459, 468 (1st Cir.1992). Generally, to prevail on a Rule 59(e) motion, the moving party "must either clearly establish a manifest error of law or must present newly discovered evidence." *F.D.I.C. v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir.1992); *see also Marie v. Allied Home Mortg. Corp.,* 402 F.3d 1, 7 n. 2 (1st Cir.2005) (acknowledging four grounds for granting a Rule 59(e) motion: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law.") (citing 11 C. Wright et al., *Federal Practice and Procedure* § 2810.1 (2d ed.1995)). Notably, a party moving for Rule 59(e) relief may not repeat arguments previously made during summary judgment, *Prescott v. Higgins,* 538 F.3d 32, 45 (1st Cir.2008), nor may it present new arguments on a Rule 59(e) if such arguments "could, and should, have been made before judgment issued." *ACA Fin. Guar. Corp. v. Advest, Inc.,* 512 F.3d 46, 55 (1st Cir.2008) (quoting *F.D.I.C.,* 978 F.2d at 16). *Markel American Ins. Co. v. Díaz–Santiago*, 674 F.3d 21, 32 (1st Cir. 2012).

**ARGUMENT**

The Court's dismissal of Count XVIII cited the elements of tortious interference with contractual relations under Massachusetts law per "*Psy-Ed Corp. v. Klein*, 459 Mass. 697, 715-716 (2011), quoting *G.S. Enters., Inc. v. Falmouth Marine, Inc.,* 410 Mass. 262, 272 (1991)." In its ruling, *G.S. Enters., Inc. v. Falmouth Marine* quoted *United Truck Leasing Corp. v. Geltman*, 406 Mass. 811, 815 n.5 (Mass. 1990)[1]. As such the standard used in "*Psy-Ed Corp. v. Klein*, upon which the Court relied, related to "one (Defendants) who induces or otherwise purposely causes a third person (Veterans Affairs) not to (a) perform a contract with another (Plaintiff)." Specifically the Court ruled <u>"Harnois has not pled facts to support an inference that defendants knowingly induced the VA to break a contract with Harnois.</u>" In making its ruling, the Court applied the legal standard attributed to Restatement (2nd) of Torts at § 766.

In *Shafir v. Steele*, 431 Mass. 365 (Mass. 2000), the Defendant (on appeal) claimed it was error to deny his motion for a directed verdict on the intentional interference with contractual relations claim because the plaintiff did not prove that the defendant induced a *third* party to breach the contract[2]. The Supreme Judicial Court of Massachusetts affirmed and ruled the evidence warranted finding the defendant liable for intentional interference with another's performance of his own contract, a tort not theretofore expressly recognized in Massachusetts. Restatement (Second) of Torts § 766A (1979)[3]. *Shafir v. Steele*, at 369 continued, "[T]hus, the only difference between the torts described in § 766, see note 8, *supra*, and § 766A is that, under § 766, the tortious conduct causes the

---

[1] "Section 766 of the Restatement of Torts reads as follows: "Except as stated in Section 698 [contract to marry], one who, without a privilege to do so, induces or otherwise purposely causes a third person not to (a) perform a contract with another, or (b) enter into or continue a business relation with another is liable to the other for the harm caused thereby.""
[2] Similarly Plaintiff has neither alleged nor offered facts to prove Defendants caused the VA to cancel its contract.
[3] "Restatement (Second) of Torts, *supra* at § 766A, provides: "One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person, by preventing the other from performing the contract or causing his performance to be more expensive or burdensome, is subject to liability to the other for the pecuniary loss resulting to him."" *Shafir v. Steele*, 431 Mass. 365, 369 (Mass. 2000).

third person (Veterans Affairs) not to perform, whereas § 766A involves interference preventing the plaintiff from performing his own part of the contract. See Restatement (Second) of Torts, *supra* at § 766A comments b and c." Additionally, recent Massachusetts cases, detailing the difference between § 766 and § 766A, were analyzed by Judge Saylor in *Bhammer v. Loomis, Sayles & Co.*, Civil Action No. 15-14213-FDS, at *12 (D. Mass. Jul. 14, 2016) ("The primary dispute between the parties concerns whether the defendant's conduct must be directed at a third party, or whether a defendant may be liable for conduct directed at the plaintiff only.") Plaintiff, although perhaps inartfully, pled in his complaint and argued in his opposition for a Claim of Tortious Interference with Contractual Relations related to Restatement (2nd) of Torts at § 766A ( See Dckt. 56, n. 71, p. 37). Additionally the Court arguably admitted that Plaintiff adequately pled the elements of 766A[4], while applying the standard of § 766.

While "the granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer,* 465 F.3d at 30 (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1 (2d ed.1995))." *United States ex rel. Ge v. Takeda Pharm. Co.*, 737 F.3d 116, 127 (1st Cir. 2013), in this instance Plaintiff identifies a manifest error of law—the dismissal of his claim of Count XVIII for failure to state a claim, applying the legal standard per § 766 instead of § 766A. To maintain the Court's Order in its current form, dismissing Count XVIII against Defendants, would preserve a manifest injustice by robbing Plaintiff of his established recourse in Massachusetts law against Defendants for interfering with Plaintiff's ability to perform on his contract per 2nd Restatement § 766A, versus "defendants knowingly inducing the VA to break its contract with Plaintiff per § 766.

---

[4] "Here, Harnois asserts that he had a valid contract with VA, under which the VA agreed to fund five years of graduate education and Harnois agreed to comply with school procedures and maintain a B minus average. Harnois alleges that defendants' actions induced his inability to perform the contract, and compelled Harnois to seek a leave of absence that caused him to lose benefits associated with his VA contract."

## CONCLUSION

Based on the foregoing (without introducing new information or submitting new arguments), Plaintiff pled in his complaint and likewise argued in his opposition in favor of tortious interference with his contract with Veterans Affairs as detailed under the Restatement (2nd) of Torts at § 766A. Hence, solely inasmuch as the Court ruled that "Harnois has not pled facts to support an inference that defendants knowingly induced the VA to break a contract with Harnois," the Court applied the legal standard per § 766 and not § 766A. Plaintiff respectfully requests the Court to apply the legal standard per § 766A as recognized in *Shafir v. Steele*, 431 Mass. 365 (Mass. 2000), rule Plaintiff has plausibly pled tortious interference with his contractual relations with Veterans Affairs, and amend its order, denying Defendants' motion to dismiss Count XVIII.

Respectfully Submitted:

Date: November 7, 2019

By: /s/ *John Harnois*
John Harnois, Pro Se
53 Child Street, Unit 669, Warren, RI 02885
Doe.John.123199@gmail.com; (508) 333-1728

## CERTIFICATE OF SERVICE

I, John Harnois, Pro Se, hereby certify that the above document was transmitted through the CM/ECF electronic filing system of the United States District Court, to Ms. Barton, counsel for Defendants.

Date: November 7, 2019

By: /s/ *John Harnois*
John Harnois, Pro Se