UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

JOHN HARNOIS,                                    )
      Plaintiff                              )
                               )
v.                                               )      Case No. 1:19-cv-10705-RGS
                               )
UNIVERSITY OF MASSACHUSETTS                       )
DARTMOUTH, PEYTON R. HELM,                        )
CYNTHIA CUMMINGS, DEBORAH                         )
MAJEWSKI, SCOTT WEBSTER, DAVID                    )
GOMES, JOHN BUCK, EMIL FIORAVANTI,               )
and UNNAMED PROFESSOR,                            )
      Defendants.                            )
_____)

## <u>UNIVERSITY DEFENDANTS' ANSWER</u>

The University of Massachusetts Dartmouth, Peyton R. Helm, Cynthia

Cummings, Deborah Majewski, Scott Webster, David Gomes, John Buck, and Emil

Fioravanti ("University Defendants")[1] answer Mr. Harnois' complaint as follows:

1.   The University defendants deny footnote 1 because it is not properly part of the

pleading and it is comprised of an apparent and unrelated quotation to which no

response is required.  Further answering footnote 1, the University defendants deny

that Mr. Harnois was treated in the manner described in the quotation.  The University

defendants deny any remaining allegations contained in footnote 1.

---

[1] As the defendant labeled "Unnamed Professor" is not identified and has not been served, the undersigned, as of this filing, does not represent her or him

2.   Answering paragraph 1, the University defendants state that Mr. Harnois has filed a pro se complaint and that he was a graduate student at the University of Massachusetts Dartmouth ("University").  The University defendants deny any allegation contained in paragraph 1 not specifically admitted.

3.   Answering paragraph 2, the University defendants state that Mr. Harnois is male, was a student, and has at least one criminal conviction for which he served time in jail and/or prison.  The University defendants deny any allegation contained in paragraph 2 not specifically admitted.

4.   The University defendants deny paragraph 3.

5.   The University defendants deny paragraph 4.

6.   The University defendants deny paragraph 5.

7.   Answering paragraph 6, the University defendants state that Mr. Harnois was found not responsible at the conclusion of the student conduct process resultant from complaints made by University students to the University concerning Mr. Harnois' behavior and/or conduct.  The University defendants deny any allegation contained in paragraph 6 not specifically admitted.

8.   Answering paragraph 7, the University defendants state that Mr. Harnois was found not responsible at the conclusion of the student conduct process resultant from complaints made by University students to the University concerning Mr. Harnois'

behavior and/or conduct.  The University defendants deny any allegation contained in paragraph 7 not specifically admitted.

9.   Answering paragraph 8, the University defendants are without information sufficient to admit or deny the characterization of Mr. Harnois' state of mind.  The University defendants deny any allegation contained in paragraph 8 not specifically admitted.

10. The University defendants deny paragraph 9 because it is comprised of argument and/or legal conclusions to which no response is required.  To the extent a response is required, the University defendants deny any allegation contained in paragraph 9 not specifically admitted.

11. The University defendants admit Mr. Harnois is a natural person who attended the University, but they are without information sufficient to admit or deny the remainder of paragraph 10 and, therefore, they deny it.

12. Answering the first sentence in paragraph 11, the University states that it is one of the campuses of the University of Massachusetts, an arm of the Commonwealth of Massachusetts, and that it receives federal funding.  Further answering the first sentence of paragraph 11, the University states that it sets forth legal arguments and/or conclusions to which no response is required: to the extent there are additional allegations in the first sentence of paragraph 11, the University defendants deny them. Answering the second sentence of paragraph 11, the University defendants agree that

"[a]t all times material hereto, [the University] acted by and through its agents, employees, and representatives who were acting in the course and scope of their respective agency or employment and/or in the promotion of [the University's] business, mission[,] and/or affairs, under [] color of law." The University defendants deny any allegation contained in paragraph 11 not specifically admitted.

13. Answering paragraph 12, the University defendants state that Mr. Helm was an Interim Chancellor at the University. The University defendants deny any allegation contained in paragraph 12 not specifically admitted.

14. Answering paragraph 13, the University defendants state that Ms. Cummings is the Assistant Vice Chancellor for Student Affairs at the University. The University defendants deny any allegation contained in paragraph 13 not specifically admitted.

15. Answering paragraph 14, the University defendants state that Ms. Majewski is the Assistant Vice Chancellor for Human Resources at the University and, in that position, has performed some or all of the duties set forth in paragraph 14. The University defendants deny any allegation contained in paragraph 14 not specifically admitted.

16. Answering paragraph 15, the University defendants state that Mr. Webster is the Director of Graduate Studies and Admissions at the University. The University defendants deny any allegation contained in paragraph 15 not specifically admitted.

17. Answering paragraph 16, the University defendants state that Mr. Gomes is the Director of Diversity and Inclusion at the University.  The University defendants deny any allegation contained in paragraph 16 not specifically admitted.

18. Answering paragraph 17, the University defendants state that Mr. Buck is a Chancellor Professor at the University.  The University defendants deny any allegation contained in paragraph 17 not specifically admitted.

19. The University defendants are without sufficient information to admit or deny the allegations set forth in paragraph 18 and, therefore, they deny them.

20. Answering paragraph 19, the University defendants state that Mr. Fioravanti is the Director and Chief of Police of the University's Police Department.  The University defendants deny any allegation contained in paragraph 19 not specifically admitted.

21. Answering paragraph 20, the University defendants state that none of them acted in their individual capacity concerning Mr. Harnois at any time and that the assertion of individual capacity conduct is wholly illusory, is squarely contradicted by Dkt. 30, e.g. ¶11, and is unsupported by any alleged and/or actual fact.  The University defendants agree that they acted in their official University capacities concerning Mr. Harnois at all times relevant.  The University defendants deny any allegation contained in paragraph 20 which is not specifically admitted.

22. Answering paragraph 21, the University defendants state the Court does not have jurisdiction over some or all claims for the reasons set forth in their Fed. R. Civ. P.

12(b)(1) Motion and that the Court has ruled that subject matter jurisdiction does not obtain as to some of the causes of action stated by plaintiff against the University defendants as they are barred by the Eleventh Amendment to the United States Constitution.  See, e.g., Will v. Michigan Dept. of State Police, 491 U.S. at 66, 70-71. States and state officials in their "official capacity" are not "persons" subject to suit for monetary damages for such civil rights violations.  Will v. Michigan, 491 U.S. 58, 70-71 (1989); Johnson v. Rodriguez, 943 F. 2d 104, 108 (1st Cir. 1991).  Suits against state officials, state entities, or state departments should be treated as suits against the state "[b]ecause the real party in interest in an official-capacity suit is the governmental entity and not the named official . . .."  Hafer v. Melo, 502 U.S. 21, 25 (1991); see also Will, 491 U.S. at 71; Pennhurst, 465 U.S. at 100.  It is uncontroverted that the University is an agency of the Commonwealth; it is not a "person" for the purpose of 42 U.S.C. § 1983. McNamara v. Honeyman, 406 Mass. 43, 47 (1989).  The University defendants deny any allegation contained in paragraph 21 not specifically admitted.

23. The University defendants deny paragraph 22.

24. Answering paragraph 23, the University defendants state that venue appears proper from the face of the complaint.  The University defendants deny any allegation contained in paragraph 23 not specifically admitted.

25. The University defendants are without information sufficient to admit or deny paragraph 24 and, therefore, they deny it.

26. The University defendants are without information sufficient to admit or deny the first two clauses of footnote 2 and, therefore, they deny that portion of the sentence. The University defendants deny any allegation contained in footnote 2 which is not specifically admitted.

27. The University defendants are without information sufficient to admit or deny paragraph 25 and, therefore, they deny it.

28. Answering paragraph 26, the University defendants agree that Mr. Buck interacted with Mr. Harnois in the course and scope of Mr. Buck's University employment.  The University defendants are without information sufficient to admit or deny certain of the allegations in paragraph 26 and, therefore, they deny them.  The University defendants deny any allegation contained in paragraph 26 which is not specifically admitted.

29. Answering paragraph 27, the University defendants agree that Mr. Buck interacted with Mr. Harnois in the course and scope of Mr. Buck's University employment.  The University defendants are without information sufficient to admit or deny certain of the allegations in paragraph 27 and, therefore, they deny them.  The University defendants deny any allegation contained in paragraph 27 which is not specifically admitted.

30. Answering paragraph 28, the University defendants agree that Mr. Harnois took University classes prior to his enrollment in the University's graduate program and that

certain University employees corresponded concerning him in the course and scope of their University employment.  The University defendants are without information sufficient to admit or deny certain of the allegations in paragraph 28 and, therefore, they deny them.  The University defendants deny any allegation contained in paragraph 28 which is not specifically admitted.

31. The University defendants are without information sufficient to admit or deny paragraph 29 and, therefore, they deny it.

32. The University defendants are without information sufficient to admit or deny paragraph 30 and, therefore, they deny it.

33. Answering paragraph 31, the University defendants agree that Mr. Buck interacted with Mr. Harnois in the course and scope of Mr. Buck's University employment.  The University defendants are without information sufficient to admit or deny certain of the allegations in paragraph 31 and, therefore, they deny them.  The University defendants deny any allegation contained in paragraph 31 which is not specifically admitted.

34. The University defendants are without information sufficient to admit or deny paragraph 32 and, therefore, they deny it.

35. The University defendants are without information sufficient to admit or deny paragraph 33 and, therefore, they deny it.

36. Answering paragraph 34, the University defendants agree that Mr. Webster interacted with Mr. Harnois in the course and scope of Mr. Webster's University employment.  The University defendants are without information sufficient to admit or deny certain of the allegations in paragraph 34 and, therefore, they deny them.  The University defendants deny any allegation contained in paragraph 34 which is not specifically admitted.

37. Answering paragraph 35, the University defendants agree that Mr. Buck interacted with Mr. Harnois in the course and scope of Mr. Buck's University employment.  The University defendants are without information sufficient to admit or deny certain of the allegations in paragraph 35 and, therefore, they deny them.  The University defendants deny any allegation contained in paragraph 35 which is not specifically admitted.

38. Answering paragraph 36, the University defendants agree that Mr. Webster and Mr. Buck interacted with Mr. Harnois in the course and scope of their University employment.  The University defendants are without information sufficient to admit or deny certain of the allegations in paragraph 36 and, therefore, they deny them.  The University defendants deny any allegation contained in paragraph 36 which is not specifically admitted.

39. Answering paragraph 37, the University defendants agree that the University's policies, procedures, and the governing law defined, in part, the University-student

relationship between the University and Mr. Harnois in 2015 and 2016. The University

defendants deny any allegation contained in paragraph 37 which is not specifically

admitted.

40. Answering footnote 3, the University defendants agree that Mr. Buck and other

University employees interacted with Mr. Harnois in the course and scope of their

University employment.  The University defendants are without information sufficient

to admit or deny certain of the allegations in footnote 3 and, therefore, they deny them.

The University defendants deny any allegation contained in footnote 3 which is not

specifically admitted.

41. Answering footnotes 4 through 8, the University defendants state that the

referenced documents speak for themselves and deny any allegation contained in

footnotes 4 through 8 which is not specifically admitted.

42. Answering paragraph 38, the University defendants state the averment is

unintelligible, appears to call for a subjective and relative conclusion and, therefore,

state they are without information sufficient to admit or deny paragraph 38 and,

therefore, they deny it.

43. Answering paragraph 39, the University defendants state that the referenced

document speaks for itself and deny any allegation contained in paragraph 39 which is

not specifically admitted.

44. Answering paragraph 40, the University defendants state that the referenced document speaks for itself and deny any allegation contained in paragraph 40 which is not specifically admitted.

45. Answering paragraph 41, the University defendants state that the University has used an investigative model for investigating violations of certain University policies and/or rules and deny any allegation contained in paragraph 41 which is not specifically admitted.

46. Answering paragraph 42, the University defendants state that the referenced document speaks for itself and deny any allegation contained in paragraph 42 which is not specifically admitted.

47. The University defendants deny paragraph 43.

48. The University defendants deny paragraph 44.

49. The University defendants deny paragraph 45.

50. Answering paragraph 46, the University defendants state that the referenced document speaks for itself and deny any allegation contained in paragraph 46 which is not specifically admitted.

51. The University defendants deny paragraph 47.

52. The University defendants deny paragraph 48.

53. The University defendants deny paragraph 49.

54. Answering footnote 9, the University defendants state that the apparent quote from case law speaks for itself and deny any allegation contained in footnote 9 which is not specifically admitted.

55. The University defendants deny paragraph 50.

56. Answering paragraph 51, the University defendants state that the referenced document speaks for itself and deny any allegation contained in paragraph 51 which is not specifically admitted.

57.  Answering paragraph 52, the University defendants state that the former student named formerly resided on University property and was convicted in federal court of the described criminal act(s).  The University defendants deny any allegation contained in paragraph 52 not specifically admitted.

58. Answering paragraph 53, the University defendants state that the former student named formerly resided on University property, that law enforcement entities were present on University property subsequent to the commission of the described criminal act(s), that University employees and students were required to follow the direction of law enforcement and did so, that the criminal act(s) of the former student and the resultant sequelae negatively impacted the emotional state of many people, including members of the University's campus community, and that the former student was convicted in federal court of the described criminal act(s).  The University defendants deny any allegation contained in paragraph 53 not specifically admitted.

59. Answering paragraph 54, the University defendants state that the media widely reported information concerning the above-described events.

60. Answering paragraph 55, the University defendants state that the gender of the former student convicted of perpetrating the criminal act(s) that occurred in Boston in April 2013 was not considered by the University in the University's actions subsequent to the criminal act(s).  The University defendants deny paragraph 55 as phrased in Docket 30.

61.  Answering paragraph 56, the University defendants state that the referenced criminal act(s) of a former student impacted the University in numerous ways and they deny any allegation contained in paragraph 56 which is not specifically admitted.

62. Answering paragraph 57, the University defendants state that the referenced criminal act(s) of a former student impacted the University in numerous ways, that the referenced documents speak for themselves, and they deny any allegation contained in paragraph 57 which is not specifically admitted.

63. Answering paragraph 58, the University defendants state that the gender of the former student convicted of perpetrating the criminal act(s) that occurred in Boston in April 2013 was not considered by the University in the University's actions subsequent to the criminal act(s).  The University defendants deny paragraph 58 as phrased in Docket 30.

64. Answering paragraph 59, the University defendants state that the referenced document speaks for itself and deny any allegation contained in paragraph 59 which is not specifically admitted.

65. Answering paragraph 60, the University defendants state that the referenced document speaks for itself, that paragraph 60 improperly calls for a legal conclusion, and deny any allegation contained in paragraph 60 which is not specifically admitted.

66. Answering paragraph 61, the University defendants state that the referenced document speaks for itself, that paragraph 61 improperly calls for a legal conclusion, and deny any allegation contained in paragraph 61 which is not specifically admitted.

67. Answering paragraph 62, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 62 which is not specifically admitted.

68. Answering paragraph 63, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 63 which is not specifically admitted.

69. Answering paragraph 64, the University defendants state that the referenced documents and testimony speaks for themselves and deny any allegation contained in paragraph 64 which is not specifically admitted.

70. Answering paragraph 65, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 65 which is not specifically admitted.

71. Answering paragraph 66, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 66 which is not specifically admitted.

72. Answering paragraph 67, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 67 which is not specifically admitted.

73. Answering paragraph 68, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 68 which is not specifically admitted.

74. Answering paragraph 69, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 69 which is not specifically admitted.

75. Answering paragraph 70, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 70 which is not specifically admitted.

76. Answering paragraph 71, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 71 which is not specifically admitted.

77. Answering paragraph 72, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 72 which is not specifically admitted.

78. Answering paragraph 73, the University states that it is a campus of a multi-campus public university which has a board of trustees.  The University defendants deny any allegation contained in paragraph 73 which is not specifically admitted.

79. Answering paragraph 74, the University states that its policies and procedures abide applicable law and deny any allegation not specifically admitted.

80.   Answering paragraph 75, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 75 which is not specifically admitted.

81. Answering footnote 11, the University defendants state that the referenced document speaks for itself and deny any allegation contained in footnote 11 not specifically admitted.

82. Answering paragraph 76, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 76 which is not specifically admitted.

83. Answering paragraph 77, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 77 which is not specifically admitted.

84. Answering paragraph 78, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 78 which is not specifically admitted.

85. Answering paragraph 79, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 79 which is not specifically admitted.

86. Answering paragraph 80, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 80 which is not specifically admitted.

87. Answering paragraph 81 and footnotes 12 and 13, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 81 and footnotes 12 and 13 which is not specifically admitted.

88. Answering paragraph 82 and footnote 14, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 82 and footnote 14 which is not specifically admitted.

89. Answering paragraph 83 and footnote 15, the University defendants state that an MCAD case filed by a University professor resulted in the described damage award,

state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 83 and footnote 15 which is not specifically admitted.

90. Answering paragraph 84 and footnotes 16 and 17, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 84 and footnotes 16 and 17 which is not specifically admitted.

91. Answering paragraph 85, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 85 which is not specifically admitted.

92. Answering paragraph 86 and footnote 18, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 86 and footnote 18 which is not specifically admitted.

93. Answering paragraph 87, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 87 which is not specifically admitted.

94. Answering paragraph 88 and footnote 19, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 88 and footnote 19 which is not specifically admitted.

95. Answering paragraph 89 and footnote 20, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 89 and footnote 20 which is not specifically admitted.

96. Answering paragraph 90, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 90 which is not specifically admitted.

97. Answering paragraph 91, the University states that Mr. Helm served as the University's interim chancellor in 2016 and that, as such, numerous tasks and obligations were in the course and scope of his University employment.  The University defendants deny any allegation contained in paragraph 91 which is not specifically admitted.

98. The University defendants deny paragraph 92 as stated in Docket No. 30.

99. Answering paragraph 93 and footnote 21, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 93 and footnote 21 which is not specifically admitted.

100.     Answering paragraph 94 and footnote 22, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 94 and footnote 22 which is not specifically admitted.

101.     Answering paragraph 95 and footnote 23, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 95 and footnote 23 which is not specifically admitted.

102.     Answering paragraph 96 and footnote 24, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 96 and footnote 24 which is not specifically admitted.

103.     The University defendants deny paragraph 97.

104.     Answering paragraph 98 and footnote 25, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 98 and footnote 25 which is not specifically admitted.

105.     The University defendants deny paragraph 99 as stated in Docket No. 30.

106.     Answering paragraph 100 and footnotes 26 through 28, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 100 and footnotes 26 through 28 which is not specifically admitted.

107.     Answering paragraph 101 and footnote 29, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 101 and footnote 29 which is not specifically admitted.

108.     Answering paragraph 102 and footnote 30, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 102 and footnote 30 which is not specifically admitted.

109.     Answering paragraph 103 and footnote 31, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 103 and footnote 31 which is not specifically admitted.

110.     Answering paragraph 104 and footnotes 32 and 33, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 104 and footnotes 32 and 33 which is not specifically admitted.

111.     The University defendants deny paragraph 105.

112.     Answering paragraph 106, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 106 which is not specifically admitted.

113.     The University defendants deny paragraph 107 as stated in Docket No. 30.

114.     The University defendants deny paragraph 108.

115.     Answering paragraph 109, the University defendants state that the referenced documents speaks for themselves and deny any allegation contained in paragraph 109 which is not specifically admitted.

116.     The University defendants deny paragraph 110.

117.     Answering paragraph 111, the University defendants admit Mr. Harnois appeared for a meeting on May 4, 2016 and deny any allegation contained in paragraph 111 not specifically admitted.

118.     The University defendants deny paragraph 112.

119.     The University defendants deny paragraph 113.

120.     Answering footnote 34, the University defendants state that the referenced documents speak for themselves and deny any allegation contained in footnote 34 not specifically admitted.

121.     Answering paragraph 114, the University defendants state that Mr. Harnois denied allegations and asserted his explanations: the University defendants deny any allegation contained in paragraph 114 not specifically admitted.

122.     Answering paragraph 115, the University defendants state that Mr. Harnois denied allegations, asserted explanations, and is without information to affirm or deny all of the specific statements he alleges he made on May 4, 2016.  The University defendants deny any allegation contained in paragraph 115 not specifically admitted.

123.     Answering paragraph 116, the University defendants cannot affirm or deny what Mr. Harnois believed and/or knew and, therefore, it denies any allegation contained in paragraph 116.

124.     Answering paragraph 117, the University defendants cannot affirm or deny what Mr. Harnois inferred and deny any allegation contained in paragraph 117 and its footnote 35.

125.     Answering paragraph 118 and footnote 36, the University defendants admit that the University informed Mr. Harnois that it had received complaints from

members of the University community concerning conduct by him which was possibly violative of the University's Code of Student Conduct, that the conduct at issue allegedly created a hostile learning environment for members of the campus community, and that the University would investigate the allegations.  The University defendants deny any allegation contained in paragraph 118 and footnote 36 which is not specifically admitted.

126.     Answering paragraph 119, the University defendants admit that Mr. Harnois denied the described conduct.  The University defendants deny any allegation contained in paragraph 119 which is not specifically admitted.

127.     Answering paragraph 120 and footnotes 37 and 38, the University defendants admit that the University informed Mr. Harnois that it had received complaints from members of the University community concerning conduct by him which was possibly violative of the University's Code of Student Conduct, and that the referenced documents speak for themselves.  The University defendants deny any allegation contained in paragraph 120 and footnotes 37 and 38 which is not specifically admitted.

128.     The University defendants deny paragraph 121.

129.     Answering paragraph 122, the University defendants admit that Mr. Harnois denied the described conduct and complaints.  The University defendants deny any allegation contained in paragraph 122 which is not specifically admitted.

130.     The University defendants deny paragraph 123.

131.     The University defendants deny paragraph 124.

132.     Answering paragraph 125, the University defendants are without information sufficient to admit or deny the exact words quoted in paragraph 125 and, therefore, they deny it.

133.     Answering paragraph 126, the University defendants are without information sufficient to admit or deny the exact words quoted in paragraph 126 and, therefore, they deny it.

134.     Answering paragraph 127, on information and belief the University referred Mr. Harnois to the Code of Student Conduct.  The University defendants deny any allegation contained in paragraph 127 which is not specifically admitted.

135.     Answering paragraph 128, the University defendants are without information sufficient to admit or deny the exact words quoted in paragraph 128 and, therefore, they deny it.

136.     Answering paragraph 129, the University defendants state that Mr. Harnois claimed that he only confronted other students concerning alleged cheating but are without information sufficient to admit or deny the exact words stated in paragraph 129 and, therefore, they deny it.

137.     The University defendants are without information sufficient to admit or deny paragraph 130 and, therefore, they deny it.

24

138.     The University defendants are without information sufficient to admit or deny paragraph 131 and, therefore, they deny it.

139.     The University defendants are without information sufficient to admit or deny paragraph 132 and, therefore, they deny it.

140.     Answering paragraph 133, the University defendants are without information sufficient to admit or deny the exact words quoted in paragraph 133 and, therefore, they deny it.

141.     The University defendants deny paragraph 134.

142.     The University defendants deny paragraph 135.

143.     Answering paragraph 136 and footnotes 37 and 38 (also referenced in Docket No. 30, ¶ 120), the University defendants state that the referenced documents speak for themselves and deny any allegation contained in paragraph 136 and footnotes 37 and 38 not specifically admitted.

144.     Answering paragraph 137, the University defendants state that the referenced documents speak for themselves and deny any allegation contained in paragraph 137 not specifically admitted.

145.     The University defendants deny paragraph 138.

146.     Answering paragraph 139 and footnote 38, the University defendants state that the referenced documents speak for themselves and deny any allegation contained in paragraph 139 and footnote 38 not specifically admitted.

147.     Answering paragraph 140, the University defendants are without information sufficient to admit or deny the exact personal property claimed by Mr. Harnois, deny that he was precluded from recovering his alleged personal property, and deny any allegation contained in paragraph 140 which is not specifically admitted.

148.     Answering paragraph 141, the University defendants are without information sufficient to admit or deny Mr. Harnois state of mind and deny any allegation contained in paragraph 141 which is not specifically admitted.

149.     Answering paragraph 142 and footnote 39, the University defendants state the referenced document speaks for itself, that they are without information sufficient to admit or deny the exact words stated in paragraph 142, and that they deny that the University defendants prevented Mr. Harnois from using an advisor and/or the attorneys that he engaged to represent him.  The University defendants deny any allegation contained in paragraph 142 and footnote 39 which is not specifically admitted.

150.     The University defendants deny the first sentence of paragraph 143, are without sufficient information from which to deny or admit the second and third sentences of paragraph 143, and state that the University defendants abide the advisor policy as set forth in footnote 39.  The University defendants deny any allegation contained in paragraph 143 which is not specifically admitted.

151.     The University defendants deny paragraph 144.

152.      The University defendants deny paragraph 145.

153.      The University defendants deny paragraph 146.

154.      The University defendants deny paragraph 147.

155.      Answering paragraph 148, the University defendants state that it is likely that Mr. Harnois was informed of the consequences of violating the trespass order.  The University denies any allegation in paragraph 148 which is not specifically admitted.

156.      Answering paragraph 149 and footnote 40, the University defendants state that they are without information sufficient to affirm or deny the first sentence of paragraph 149 or what Mr. Harnois understood when he left the meeting, and that they abided the policy set forth in part in footnote 40.  The University denies any allegation in paragraph 149 and footnote 40 which is not specifically admitted.

157.      Answering paragraph 150, the University defendants state that they are without information sufficient to admit or deny the first sentence of paragraph 150 and deny the remaining allegations in paragraph 150.

158.      The University defendants deny paragraph 151.

159.      The University defendants deny paragraph 152.

160.      The University defendants deny paragraph 153.

161.      The University defendants deny paragraph 154.

162.      The University defendants deny paragraph 155.

163.     Answering paragraph 156, the University defendants state that there was no investigator assigned concerning alleged "admissions misconduct" and deny any allegation contained in paragraph 156 not specifically admitted.

164.     Answering paragraph 157, the University defendants state that it is unintelligible concerning what Mr. Harnois intends to aver concerning "sexual misconduct," calls for an averment concerning Mr. Harnois' state of mind and, as such, the University defendants deny any allegation contained in paragraph 157 not specifically admitted.

165.     Answering paragraph 158, the University defendants state that the referenced document speaks for itself.  The University defendants deny any allegation contained in paragraph 158 not specifically admitted.

166.     Answering paragraph 159, the University defendants state that it is unintelligible concerning what Mr. Harnois intends to aver and, as such, the University defendants deny any allegation contained in paragraph 159 not specifically admitted.

167.     The University defendants deny that they acted "[i]n direct violation of its obligations" concerning any meeting described in paragraph 160.  The University defendants deny any allegation contained in paragraph 160 which is not specifically admitted.

168.     Answering paragraph 161, the University defendants acted in accord with the no trespass order issued as to Mr. Harnois.  The University defendants deny any allegation contained in paragraph 161 which is not specifically admitted.

169.     Answering paragraph 162, the University defendants, on information and belief, understand that members of the campus community had obtained information concerning Mr. Harnois' criminal and other history and information from publicly available and/or non-University sources prior to May 4, 2016.   The University defendants deny any allegation contained in paragraph 162 which is not specifically admitted.

170.     Answering paragraph 163, the University defendants are without information sufficient to affirm or deny the state of mind of members of the campus community and/or Mr. Harnois and, therefore, they deny paragraph 163.  The University defendants deny any allegation contained in paragraph 163 which is not specifically admitted.

171.     The University defendants deny paragraph 164.

172.     Answering paragraph 165, the University defendants state that they abided the University's policies, procedures, and the governing law and deny the allegations contained in paragraph 165.

173.     The University defendants are without information sufficient to affirm or deny the allegations set forth in paragraph 166 and, therefore, they deny them.

174.     The University defendants are without information sufficient to affirm or deny the allegations set forth in paragraph 167 and, therefore, they deny them.

175.     The University defendants are without information sufficient to affirm or deny the allegations set forth in paragraph 168 and, therefore, they deny them.

176.     The University defendants are without information sufficient to affirm or deny the allegations set forth in paragraph 169 and, therefore, they deny them.

177.     Answering paragraph 170, the University defendants state that the referenced report speaks for itself.  The University defendants deny any allegation set forth in paragraph 170 which is not specifically admitted.

178.     Answering paragraph 171, the University defendants state that the referenced report speaks for itself.  The University defendants deny any allegation set forth in paragraph 171 which is not specifically admitted.

179.     The University defendants are without information sufficient to affirm or deny the allegations set forth in paragraph 172 and, therefore, they deny them.

180.     The University defendants are without information sufficient to affirm or deny the allegations set forth in paragraph 173 and, therefore, they deny them.

181.     Answering paragraph 174, the University defendants, on information and belief, state that no police action occurred in March 2019 concerning alleged events Mr. Harnois claimed occurred in May 2016.  The University defendants deny any remaining allegations set forth in paragraph 174.

182.     The University defendants deny paragraph 175.

183.     The University defendants deny paragraph 176.

184.     On information and belief, the University defendants deny paragraph 177.

185.     The University defendants deny paragraph 178.

186.     Answering paragraph 179, the University defendants state that Mr.

Harnois took some University classes in the Fall of 2015 and matriculated in

University's graduate program in the Spring of 2016 and that his last day of classes

occurred on May 2, 2016.   Further answering paragraph 179, the University defendants

state that the University received complaints from students about the behavior of Mr.

Harnois and that, as such, the University met with Mr. Harnois on May 4, 2016, began

an investigation of the complaints in accord with its published and publicly available

policies and procedures and, in doing so, placed Mr. Harnois on interim restrictions

until the investigation was complete.   In further answering paragraph 179, the

University defendants state that Mr. Harnois retained counsel with whom the

University timely and repeatedly corresponded and that Mr. Harnois delayed the

progress of the investigation for over a month because of his own recovery from

surgery and his counsel's unavailability.   Further answering paragraph 179, the

University defendants state that when the investigation was complete in August 2016

(before the Fall 2016 semester began), the University found Mr. Harnois not responsible

for the complained-about conduct, did not sanction Mr. Harnois, closed the matter, and

that Mr. Harnois thereafter took a leave of absence from the University and did not

return to the University.  The University defendants deny any allegation contained in

paragraph 179 which is not specifically admitted.

187.     The University defendants deny paragraph 180.

188.     The University defendants deny paragraph 181.

189.     The University defendants deny paragraph 182 and state the documents

referenced in footnotes 41 and 42 speak for themselves.  The University defendants

deny any allegation contained in paragraph 182 and footnotes 41 and 42 which is not

specifically admitted.

190.     Answering paragraph 183, the University defendants state the referenced

document speaks for itself.  The University defendants deny any allegation contained in

paragraph 183 which is not specifically admitted.

191.     The University defendants deny paragraph 184.

192.     The University defendants deny paragraph 185.

193.     Answering paragraph 186, the University defendants state the referenced

document speaks for itself.  The University defendants deny any allegation contained in

paragraph 186 which is not specifically admitted.

194.     Answering paragraph 187, the University defendants state the referenced

document speaks for itself and further that the paragraph calls improperly for a legal

conclusion.  The University defendants deny any allegation contained in paragraph 187 which is not specifically admitted.

195.    Answering paragraph 188, the University defendants state the referenced document speaks for itself and further that the paragraph calls improperly for a legal conclusion.  The University defendants deny any allegation contained in paragraph 188 which is not specifically admitted.

196.    Answering paragraph 189, the University defendants state that the no trespass order was in force on May 4, 2016 and that the referenced document speaks for itself.  The University defendants deny any allegation contained in paragraph 189 which is not specifically admitted.

197.    The University defendants deny paragraph 190.

198.    Answering paragraph 191, the University defendants state the referenced document speaks for itself and further that the paragraph calls improperly for a legal conclusion.  The University defendants deny any allegation contained in paragraph 191 which is not specifically admitted.

199.    Answering paragraph 192, the University defendants state the referenced document speaks for itself.  The University defendants deny any allegation contained in paragraph 192 which is not specifically admitted.

200.    Answering paragraph 193 and footnotes 43 and 44, the University defendants state the referenced document speaks for itself and further that the

paragraph calls improperly for a legal conclusion.  The University defendants deny any allegation contained in paragraph 193 and footnotes 43 and 44 which is not specifically admitted.

201.     The University defendants deny paragraph 194.

202.     Answering footnote 45, the University defendants state the referenced document speaks for itself.  The University defendants deny any allegation contained in footnote 45 which is not specifically admitted.

203.     Answering paragraph 195 and footnote 46, the University defendants state the referenced document speaks for itself.  The University defendants deny any allegation contained in paragraph 195 and footnote 46 which is not specifically admitted.

204.     Answering paragraph 196, the University defendants state the referenced document speaks for itself.  The University defendants deny any allegation contained in paragraph 196 which is not specifically admitted.

205.     Answering paragraph 197 and footnote 47, the University defendants state the referenced document speaks for itself.  The University defendants deny any allegation contained in paragraph 197 and footnote 47 which is not specifically admitted.

206.     Answering paragraph 198 and footnote 48, the University defendants state the referenced document speaks for itself.  The University defendants deny any

allegation contained in paragraph 198 and footnote 48 which is not specifically admitted.

207.       Answering paragraph 199, the University defendants state the referenced documents speak for themselves.  The University defendants deny any allegation contained in paragraph 199 which is not specifically admitted.

208.       Answering paragraph 200 and footnote 49, the University defendants state the referenced document speaks for itself.  The University defendants deny any allegation contained in paragraph 200 and footnote 49 which is not specifically admitted.

209.       Answering paragraph 201 and footnotes 50 and 51, the University defendants state the referenced document speaks for itself and further that the paragraph calls improperly for a legal conclusion.  The University defendants deny any allegation contained in paragraph 201 and footnotes 50 and 51 which is not specifically admitted.

210.       Answering paragraph 202 and footnote 52, the University defendants state the referenced document speaks for itself.  The University defendants deny any allegation contained in paragraph 202 and footnote 52 which is not specifically admitted.

211.       Answering paragraph 203 and footnote 53, the University defendants are without information sufficient to affirm or deny what two third parties, who Mr.

Harnois has improperly identified in Docket No. 30, said to Mr. Harnois and/or he to

them and, therefore, deny such allegations.  The University defendants deny any

allegations contained in paragraph 203 and footnote 53 which are not specifically

admitted.

212.	Answering paragraph 204, the University defendants are without

information sufficient to affirm or deny what third parties said to Mr. Harnois and/or he

to them and, therefore, deny such allegations.  The University defendants deny any

allegations contained in paragraph 204 which are not specifically admitted.

213.	The University defendants deny paragraph 205.

214.	Answering paragraph 206, the University defendants state that a meeting

between the University, Mr. Harnois, and Mr. Harnois' attorneys occurred on July 15,

2016 in accord with the University's policies, procedures, and governing law.  The

University defendants deny any allegations in paragraph 206 which are not specifically

admitted.

215.	Answering paragraph 207, the University defendants state that Mr.

Harnois and his attorneys were provided information in accord with the University's

policies, procedures, and the governing law in response to their request(s).  The

University defendants deny any allegations in paragraph 207 which are not specifically

admitted.

216.	The University defendants deny paragraph 208.

217.     Answering paragraph 209, the University defendants state that Mr. Harnois was interviewed and questions were asked of him.  The University defendants deny any allegations in paragraph 209 which are not specifically admitted.

218.     Answering paragraph 210 and its subparts, the University defendants state that Mr. Harnois was interviewed and questions were asked of him.  The University defendants deny any allegations in paragraph 210 and its subparts which are not specifically admitted.

219.     Answering paragraph 211, the University defendants state that Mr. Harnois was interviewed and questions were asked of him.  Further answering paragraph 211, the University defendants are without information to aver as to Mr. Harnois' impressions or state of mind.  The University defendants deny any allegations in paragraph 211 which are not specifically admitted.

220.     Answering paragraph 212, the University defendants state that Mr. Harnois was interviewed, questions were asked of him, and he responded.  The University defendants deny any allegations in paragraph 212 which are not specifically admitted.

221.     Answering paragraph 213, the University defendants state that Mr. Harnois was interviewed, questions were asked of him, and he responded.  The University defendants deny any allegations in paragraph 213 which are not specifically admitted.

222.     Answering paragraph 214, the University defendants deny that complaints against Mr. Harnois were investigated because of his gender.  The University defendants deny any allegations in paragraph 214 which are not specifically admitted.

223.     Answering paragraph 215, the University defendants state that Mr. Harnois was interviewed, questions were asked of him, and he responded to the questions and provided information and documents to the University.  The University defendants deny any allegations in paragraph 215 which are not specifically admitted.

224.     Answering paragraph 216, the University defendants state that the University conducted an investigation concerning Mr. Harnois in accord with the University's policies, procedures, and the governing law.  The University defendants deny any allegations in paragraph 216 which are not specifically admitted.

225.     Answering paragraph 217, the University defendants state that the University conducted an investigation concerning Mr. Harnois in accord with the University's policies, procedures, and the governing law and that, as part of that investigation, Mr. Harnois was interviewed, questions were asked of him, and he responded to the questions and provided information and documents to the University. The University defendants deny any allegations in paragraph 217 which are not specifically admitted.

226.     Answering paragraph 218, the University defendants state that the University conducted an investigation concerning Mr. Harnois in accord with the University's policies, procedures, and the governing law and that, as part of that investigation, Mr. Harnois was interviewed, questions were asked of him, and he responded to the questions and provided information and documents to the University. The University defendants deny any allegations in paragraph 218 which are not specifically admitted.

227.     Answering paragraph 219, the University defendants state that the University conducted an investigation concerning Mr. Harnois in accord with the University's policies, procedures, and the governing law and that, as part of that investigation, Mr. Harnois was interviewed, questions were asked of him, and he responded to the questions and provided information and documents to the University. The University defendants deny any allegations in paragraph 219 which are not specifically admitted.

228.     Answering paragraph 220, the University defendants state that the University conducted an investigation concerning Mr. Harnois in accord with the University's policies, procedures, and the governing law and that, as part of that investigation, Mr. Harnois was interviewed, questions were asked of him, and he responded to the questions and provided information and documents to the University.

The University defendants deny any allegations in paragraph 220 which are not specifically admitted.

229.     Answering paragraph 221, the University defendants state that the University informed Mr. Harnois, including but not limited to in its publicly available policies and procedures, of the sanctions for the conduct violation that had been alleged against him.  The University defendants deny any allegations in paragraph 221 which are not specifically admitted.

230.     Answering paragraph 222 and footnote 54, the University defendants state that the referenced documents speak for themselves, that the University conducted an investigation concerning Mr. Harnois in accord with the University's policies, procedures, and the governing law and that, as part of that investigation, Mr. Harnois was interviewed, questions were asked of him, he responded to the questions and provided information and documents to the University and, when the investigation concluded, the outcome of the investigation and the finding that he was not responsible for the charged conduct was delivered to him.  The University defendants deny any allegations in paragraph 222 and footnote 54 which are not specifically admitted.

231.     Answering paragraph 223 and footnote 55, the University defendants state that the referenced documents speak for themselves, that the University conducted an investigation concerning Mr. Harnois in accord with the University's policies, procedures, and the governing law and that, as part of that investigation, Mr. Harnois

was interviewed, questions were asked of him, he responded to the questions and

provided information and documents to the University and, when the investigation

concluded, the outcome of the investigation and the finding that he was <u>not responsible</u>

for the charged conduct was delivered to him.  The University defendants deny any

allegations in paragraph 223 and footnote 55 which are not specifically admitted.

232.     Answering paragraph 224 and footnotes 56 and 57, the University

defendants state that the referenced documents speak for themselves.  Further

answering paragraph 224 and footnotes 56 and 57, the University provided Mr.

Harnois, when the investigation concluded, with the outcome of the investigation and

the finding that he was <u>not responsible</u> for the charged conduct.  The University

defendants deny any allegations in paragraph 224 and footnotes 56 and 57 which are

not specifically admitted.

233.     Answering paragraph 225, the University defendants state that the

referenced documents speak for themselves.  Further answering paragraph 225, the

University provided Mr. Harnois, when the investigation concluded, with the outcome

of the investigation and the finding that he was <u>not responsible</u> for the charged conduct.

The University defendants deny any allegations in paragraph 225 which are not

specifically admitted.

234.     The University defendants deny paragraph 226 and footnote 58.

235.    Answering paragraph 227, the University defendants state that, at the conclusion of the investigation in August 2016, the University informed Mr. Harnois and his attorneys that he had been found <u>not responsible</u> for the conduct which had been the subject of the investigation and provided them with a written decision which speaks for itself.  The University defendants deny any allegations contained in paragraph 227 which are not specifically admitted.

236.    Answering paragraph 228, the University defendants state that, at the conclusion of the investigation in August 2016, the University informed Mr. Harnois and his attorneys that he had been found <u>not responsible</u> for the conduct which had been the subject of the investigation and provided them with a written decision which speaks for itself.  The University defendants deny any allegations contained in paragraph 228 which are not specifically admitted.

237.    Answering paragraph 229 and footnote 55, the University defendants state that any referenced documents speak for themselves, that the University conducted an investigation concerning Mr. Harnois, that at the conclusion of that investigation the finding that he was <u>not responsible</u> for the charged conduct was delivered to him and his counsel all in accord with the University's policies, procedures, and the governing law, and that Mr. Harnois objected to the decision.  The University defendants deny any allegations in paragraph 229 which are not specifically admitted.

238.     Answering paragraph 230, the University defendants state that, as Mr. Harnois had been found <u>not responsible</u> for the charged conduct, the matter was closed. The University defendants deny any allegation contained in paragraph 230 which is not specifically admitted.

239.     Answering paragraph 231, its subparts, and its footnote 59, the University defendants state that any referenced documents speak for themselves, that the University conducted an investigation concerning Mr. Harnois, that at the conclusion of that investigation the finding that he was <u>not responsible</u> for the charged conduct was delivered to him and his counsel all in accord with the University's policies, procedures, and the governing law, and that Mr. Harnois objected to the decision.  The University defendants deny any allegations in 231, its subparts, and its footnote 59 which are not specifically admitted.

240.     Answering paragraph 232, the University defendants state that, as Mr. Harnois had been found <u>not responsible</u> for the charged conduct, the matter was closed. The University defendants deny any allegation contained in paragraph 232 which is not specifically admitted.

241.     Answering paragraph 233 and its footnote 60, the University defendants state that any referenced documents speak for themselves, that the University conducted an investigation concerning Mr. Harnois, that at the conclusion of that investigation the finding that he was <u>not responsible</u> for the charged conduct was

delivered to him and his counsel all in accord with the University's policies, procedures, and the governing law, and that Mr. Harnois objected to the decision.  The University defendants deny any allegations in 233 and its footnote 60 which are not specifically admitted.

242.     Answering paragraph 234, the University defendants state that any referenced documents speak for themselves, that the University conducted an investigation concerning Mr. Harnois, that at the conclusion of that investigation the finding that he was <u>not responsible</u> for the charged conduct was delivered to him and his counsel all in accord with the University's policies, procedures, and the governing law, and that Mr. Harnois objected to the decision.  The University defendants deny any allegations contained in paragraph 234 which are not specifically admitted.

243.     Answering paragraph 235, the University defendants state that Mr. Harnois' gender had no bearing on the University's investigation or its outcome and deny any allegations contained in paragraph 235 which are not specifically admitted.

244.     Answering paragraph 236, the University defendants are without information sufficient to affirm or deny Mr. Harnois understanding and/or recollection of alleged 2016 communications between Mr. Harnois and a University employee and, on information and belief, there was a time when Mr. Buck was no longer Mr. Harnois' advisor or in communication with him.  To the extent paragraph 236 calls for a legal

conclusion, the University defendants deny it and any allegations contained in

paragraph 236 which are not specifically admitted.

245.     Answering paragraph 237 and footnote 61, the University defendants state

that Mr. Harnois' gender had no bearing on the University's investigation or its

outcome.  Further answering paragraph 237 and footnote 61, the University defendants

state the referenced document speaks for itself.  The University defendants deny any

allegations contained in paragraph 237 and footnote 61 which are not specifically

admitted.

246.     Answering paragraph 238, the University defendants are without

information sufficient to affirm or deny Mr. Harnois understanding and/or recollection

of alleged 2016 communications between Mr. Harnois and a University employee and,

on information and belief, the University changed Mr. Harnois' work location.  To the

extent paragraph 238 calls for a legal conclusion, the University defendants deny it and

any allegations contained in paragraph 238 which are not specifically admitted.

247.     Answering paragraph 239 and footnotes 62 and 63, the University

defendants are without information sufficient to affirm or deny Mr. Harnois

understanding and/or recollection of alleged 2016 communications between Mr.

Harnois and University employees.  To the extent paragraph 239 and footnotes 62 and

63 reference specific documents, the University defendants state those documents speak

for themselves.  The University defendants deny any allegations contained in paragraph 239 and footnotes 62 and 63 which are not specifically admitted.

248.     Answering paragraph 240, the University defendants state that Mr. Harnois' gender had no bearing on the University's investigation or its outcome. Further answering paragraph 240, the University defendants state any referenced document speaks for itself.  The University defendants deny any allegations contained in paragraph 240 which are not specifically admitted.

249.     The University defendants are without information sufficient to affirm or deny the allegations contained in paragraph 241 and, therefore, they deny them.

250.     The University defendants are without information sufficient to affirm or deny the allegations contained in paragraph 242 and, therefore, they deny them.

251.     Answering paragraph 243, the University defendants state that the averment calls improperly for a legal conclusion to which no response is required. Further answering paragraph 243, the University defendants are without information sufficient to affirm or deny some of the allegations contained therein and, therefore, they deny them.  The University defendants deny any allegation contained in paragraph 243 which is not specifically admitted.

252.     Answering paragraph 244, the University defendants state that the averment calls improperly for a legal conclusion to which no response is required. Further answering paragraph 244, the University defendants are without information

sufficient to affirm or deny some of the allegations contained therein and, therefore, they deny them.  The University defendants deny any allegation contained in paragraph 244 which is not specifically admitted.

253.    Answering paragraph 245, the University defendants state that Mr. Harnois signed up for Fall 2016 classes.  Further answering paragraph 245, the University defendants are without information sufficient to affirm or deny some of the allegations contained therein and, therefore, they deny them.  The University defendants deny any allegation contained in paragraph 245 which is not specifically admitted.

254.    Answering paragraph 246, the University defendants state that the averment calls improperly for a legal conclusion to which no response is required. Further answering paragraph 246, the University defendants are without information sufficient to affirm or deny some of the allegations contained therein concerning Mr. Harnois' state of mind and, therefore, they deny them.  The University defendants deny any allegation contained in paragraph 246 which is not specifically admitted.

255.    The University defendants deny paragraph 247.

256.    Answering paragraph 248, the University defendants state that the averment calls improperly for a legal conclusion to which no response is required. Further answering paragraph 248, the University defendants are without information sufficient to affirm or deny some of the allegations contained therein and, therefore,

they deny them.  The University defendants deny any allegation contained in paragraph 248 which is not specifically admitted.

257.     Answering paragraph 249, the University defendants are without information sufficient to affirm or deny some of the allegations contained therein and, therefore, they deny them.  The University defendants deny any allegation contained in paragraph 249 which is not specifically admitted.

258.     Answering paragraph 250, the University defendants are without information sufficient to affirm or deny some of the allegations contained therein concerning Mr. Harnois' state of mind and/or emotional state and, therefore, they deny them.  The University defendants deny any allegation contained in paragraph 250 which is not specifically admitted.

259.     Answering paragraph 251, the University defendants state Mr. Harnois chose to take a leave of absence in Fall 2016.  Further answering paragraph 251, the University defendants state they are without information sufficient to affirm or deny some of the allegations contained therein concerning Mr. Harnois' state of mind and/or emotional state or treatment and, therefore, they deny them.  Further answering paragraph 251, the University defendants state that the averment calls improperly for a legal conclusion to which no response is required.  The University defendants deny any allegation contained in paragraph 251 which is not specifically admitted.

260.     The University defendants deny paragraph 252.

261.        Answering paragraph 253, the University defendants state they are without information sufficient to affirm or deny some of the allegations contained therein concerning Mr. Harnois' state of mind and/or emotional state and, therefore, they deny them.  The University defendants deny any allegation contained in paragraph 253 which is not specifically admitted.

262.        Answering paragraph 254, the University defendants state the referenced documents speak for themselves.  Further answering, the University defendants state that the University conducted the investigation in accord with its policies, procedures, and the governing law.  The University defendants deny any allegation contained in paragraph 254 which is not specifically admitted.

263.        Answering paragraph 255, the University defendants state the referenced documents speak for themselves.  Further answering, the University defendants state that the University conducted the investigation in accord with its policies, procedures, and the governing law.  The University defendants deny any allegation contained in paragraph 255 which is not specifically admitted.

264.        Answering paragraph 256, the University defendants state the referenced documents speak for themselves.  Further answering, the University defendants state that the University conducted the investigation in accord with its policies, procedures, and the governing law.  The University defendants deny any allegation contained in paragraph 256 which is not specifically admitted.

265.     Answering paragraph 257, the University defendants state the referenced documents speak for themselves.  Further answering, the University defendants state that the University conducted the investigation in accord with its policies, procedures, and the governing law.  The University defendants deny any allegation contained in paragraph 257 which is not specifically admitted.

266.     Answering paragraph 258, the University defendants state the referenced documents speak for themselves.  Further answering, the University defendants state that the University conducted the investigation in accord with its policies, procedures, and the governing law.  The University defendants deny any allegation contained in paragraph 258 which is not specifically admitted.

267.     Answering paragraph 259, the University defendants state the referenced documents speak for themselves.  Further answering, the University defendants state that the University conducted the investigation in accord with its policies, procedures, and the governing law.  The University defendants deny any allegation contained in paragraph 259 which is not specifically admitted.

268.     Answering paragraph 260, the University defendants state the referenced documents speak for themselves.  Further answering, the University defendants state that the University conducted the investigation in accord with its policies, procedures, and the governing law.  The University defendants deny any allegation contained in paragraph 260 which is not specifically admitted.

269.     Answering paragraph 261, the University defendants state the referenced documents speak for themselves.  Further answering, the University defendants state that the University conducted the investigation in accord with its policies, procedures, and the governing law.  The University defendants deny any allegation contained in paragraph 261 which is not specifically admitted.

270.     Answering paragraph 262, the University defendants state the referenced documents speak for themselves.  Further answering, the University defendants state that the University conducted the investigation in accord with its policies, procedures, and the governing law.  The University defendants deny any allegation contained in paragraph 262 which is not specifically admitted.

271.     Answering paragraph 263, the University defendants state the referenced documents speak for themselves.  Further answering paragraph 263, the University defendants state that the averment calls improperly for a legal conclusion to which no response is required.  Further answering, the University defendants state that the University conducted the investigation in accord with its policies, procedures, and the governing law.  The University defendants deny any allegation contained in paragraph 263 which is not specifically admitted.

272.     Answering paragraph 264, the University defendants state the referenced documents speak for themselves.  Further answering, the University defendants state that the University conducted the investigation in accord with its policies, procedures,

and the governing law.  The University defendants deny any allegation contained in paragraph 264 which is not specifically admitted.

273.     Answering paragraph 265, the University defendants state the referenced documents speak for themselves.  Further answering, the University defendants state that the University conducted the investigation in accord with its policies, procedures, and the governing law.  The University defendants deny any allegation contained in paragraph 265 which is not specifically admitted.

274.     Answering paragraph 266, the University defendants state the referenced documents speak for themselves.  Further answering, the University defendants state that the University conducted the investigation in accord with its policies, procedures, and the governing law.  The University defendants deny any allegation contained in paragraph 266 which is not specifically admitted.

275.     Answering paragraph 267, the University defendants state the referenced documents speak for themselves.  Further answering, the University defendants state that the University conducted the investigation in accord with its policies, procedures, and the governing law.  The University defendants deny any allegation contained in paragraph 267 which is not specifically admitted.

276.     Answering paragraph 268 and footnote 64, the University defendants state the referenced documents speak for themselves.  Further answering, the University defendants state that the University conducted the investigation in accord with its

policies, procedures, and the governing law.  The University defendants deny any

allegation contained in paragraph 268 and footnote 64 which is not specifically

admitted.

277.     Answering paragraph 269 and footnote 65, the University defendants state

the referenced documents speak for themselves.  Further answering, the University

defendants state that the University conducted the investigation in accord with its

policies, procedures, and the governing law.  The University defendants deny any

allegation contained in paragraph 269 and footnote 65 which is not specifically

admitted.

278.     Answering paragraph 270 and footnote 66, the University defendants state

the referenced documents speak for themselves.  Further answering, the University

defendants state that the University conducted the investigation in accord with its

policies, procedures, and the governing law.  The University defendants deny any

allegation contained in paragraph 270 and footnote 66 which is not specifically

admitted.

279.     Answering paragraph 271, the University defendants state the referenced

documents speak for themselves.  Further answering, the University defendants state

that the University conducted the investigation in accord with its policies, procedures,

and the governing law.  The University defendants deny any allegation contained in

paragraph 271 which is not specifically admitted.

280.      Answering paragraph 272 and footnote 67, the University defendants state the referenced documents speak for themselves.  Further answering, the University defendants state that the University conducted the investigation in accord with its policies, procedures, and the governing law.  The University defendants deny any allegation contained in paragraph 272 and footnote 67 which is not specifically admitted.

281.      Answering paragraph 273, the University defendants state the referenced documents speak for themselves.  Further answering, the University defendants state that the University conducted the investigation in accord with its policies, procedures, and the governing law.  The University defendants deny any allegation contained in paragraph 273 which is not specifically admitted.

282.      Answering paragraph 274, the University defendants state that, on information and belief, the master's program concerning Mr. Harnois was modified. The University defendants deny any allegation contained in paragraph 274 which is not specifically admitted.

283.      The University defendants state that paragraph 275 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 275.

284.     The University defendants state that paragraph 276 does not set forth averments requiring response, instead setting forth statute and case citations.  To the extent a response is required, the University defendants deny paragraph 276.

285.     The University defendants state that paragraph 277 does not set forth averments requiring response, instead setting forth statute and case citations.  Further answering paragraph 277, the University states Title IX applies to the University.  To the extent a further response is required, the University defendants deny paragraph 277.

286.     The University defendants state that paragraph 278 does not set forth averments requiring response, instead setting legal conclusions.  To the extent a response is required, the University defendants deny paragraph 278.

287.     The University defendants state that paragraph 279 does not set forth averments requiring response, instead setting forth statute and case citations and referencing documents which speak for themselves.  Further answering paragraph 279, the University states Title IX applies to the University.  To the extent a further response is required, the University defendants deny paragraph 279.

288.     The University defendants state that paragraph 280 does not set forth averments requiring response, instead setting forth statute and case citations and referencing documents which speak for themselves.  Further answering paragraph 280,

the University states Title IX applies to the University.  To the extent a further response

is required, the University defendants deny paragraph 280.

289.     The University defendants state that paragraph 281 and its subparts do

not set forth averments requiring response, instead setting forth statute citations and

ostensibly referencing documents which speak for themselves.  Further answering

paragraph 281 and its subparts, the University states Title IX applies to the University.

To the extent a further response is required, the University defendants deny paragraph

281 and its subparts.

290.     The University defendants state that paragraph 282 and footnote 68 do not

set forth averments requiring response, instead setting forth statute citations and

referencing documents which speak for themselves.  Further answering paragraph 282

and footnote 68, the University states Title IX applies to the University.  To the extent a

further response is required, the University defendants deny paragraph 282 and

footnote 68.

291.     The University defendants state that paragraph 283 does not set forth

averments requiring response, instead setting forth legal conclusions and referencing

documents which speak for themselves.  To the extent a further response is required,

the University defendants deny paragraph 283.

292.     The University defendants state that paragraph 284 does not set forth

averments requiring response, instead setting forth legal conclusions and referencing

documents and statutes which speak for themselves.  To the extent a further response is required, the University defendants deny paragraph 284.

293.     The University defendants state that paragraph 285 does not set forth averments requiring response, instead setting legal conclusions.  To the extent a response is required, the University defendants deny paragraph 285.

294.     The University defendants state that paragraph 286 does not set forth averments requiring response, instead setting forth legal conclusions and referencing documents and statutes which speak for themselves.  To the extent a further response is required, the University defendants deny paragraph 286.

295.     The University defendants state that paragraph 287 does not set forth averments requiring response, instead setting forth legal conclusions and referencing documents and statutes which speak for themselves.  To the extent a further response is required, the University defendants deny paragraph 287.

296.     The University defendants deny paragraph 288.

297.     Answering paragraph 289, the University defendants state that Mr. Harnois was found <u>not responsible</u> for the conduct which had been the subject of investigation.  The University defendants deny the remainder of paragraph 289.

298.     The University defendants deny paragraph 290 and its thirty (30) dependent sub-parts.

299.     The University defendants deny paragraph 291.

300.     The University defendants deny paragraph 292.

301.     The University defendants state that paragraph 293 does not set forth averments requiring response, instead setting forth statute and case citations.  To the extent a response is required, the University defendants deny paragraph 293.

302.     The University defendants state that paragraph 294 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required, the University defendants deny paragraph 294.

303.     The University defendants deny paragraph 295.

304.     The University defendants deny paragraph 296.

305.     The University defendants deny paragraph 297 and its nine (9) dependent subparts.

306.     The University defendants deny paragraph 298.

307.     The University defendants deny paragraph 299.

308.     The University defendants deny paragraph 300.

309.     The University defendants deny paragraph 301.

310.     The University defendants deny paragraph 302.

311.     The University defendants deny paragraph 303.

312.     The University defendants state that paragraph 304 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required, the University defendants deny paragraph 304.

313.     The University defendants state that paragraph 305 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 305.

314.     The University defendants deny paragraph 306.

315.     The University defendants deny paragraph 307.

316.     The University defendants deny paragraph 308.

317.     The University defendants deny paragraph 309.

318.     The University defendants deny paragraph 310.

319.     The University defendants deny paragraph 311.

320.     The University defendants deny that Mr. Harnois is entitled to the relief sought in paragraph 312 and deny any allegations set forth in paragraph 312.

321.     The University defendants deny paragraph 313.

322.     The University defendants state that paragraph 314 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 314.

323.     The University defendants state that paragraph 315 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required, the University defendants deny paragraph 315.

324.     The University defendants state that paragraph 316 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required, the University defendants deny paragraph 316.

325.     Answering paragraph 317, the University defendants' deny that Mr. Harnois' gender was considered in or affected the University's investigatory process. The University defendants deny all remaining allegations contained in paragraph 317.

326.     Answering paragraph 318, the University defendants' deny that Mr. Harnois' gender was considered in or affected the University's investigatory process and state that Mr. Harnois and his attorneys complained during the investigatory process.  The University defendants deny all remaining allegations contained in paragraph 318.

327.     Answering paragraph 319, the University defendants' deny that Mr. Harnois' gender was considered in or affected the University's investigatory process and state that Mr. Harnois and his attorneys complained during the investigatory process.  The University defendants deny all remaining allegations contained in paragraph 319.

328.     Answering paragraph 320, the University defendants' deny that Mr. Harnois' gender was considered in or affected the University's investigatory process and state that Mr. Harnois and his attorneys complained during the investigatory

process.  The University defendants deny all remaining allegations contained in paragraph 320.

329.     Answering paragraph 321, the University defendants' deny that Mr. Harnois' gender was considered in or affected the University's investigatory process and state that Mr. Harnois and his attorneys complained during the investigatory process.  The University defendants deny all remaining allegations contained in paragraph 321.

330.     Answering paragraph 322 and its nine (9) dependent subparts, the University defendants' deny that Mr. Harnois' gender was considered in or affected the University's investigatory process and state that Mr. Harnois and his attorneys complained during and after the investigatory process.  The University defendants further answer, stating that the referenced documents speak for themselves.  The University defendants deny all remaining allegations contained in paragraph 322 and its nine (9) dependent subparts.

331.     The University defendants deny paragraph 323.

332.     The University defendants deny paragraph 324.

333.     The University defendants deny paragraph 325.

334.     The University defendants deny paragraph 326.

335.     The University defendants deny paragraph 327.

336.     The University defendants deny paragraph 328.

337.     The University defendants deny paragraph 329.

338.     The University defendants deny paragraph 330.

339.     The University defendants deny paragraph 331.

340.     The University defendants state that paragraph 332 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 332.

341.     The University defendants deny paragraph 333.

342.     The University defendants state that paragraph 334 does not set forth averments requiring response, instead setting forth legal conclusions and ostensible citations to statute/law.  To the extent a further response is required, the University defendants deny paragraph 334.

343.     The University defendants state that paragraph 335 does not set forth averments requiring response, instead setting forth legal conclusions and ostensible citations to statute/law.  To the extent a further response is required, the University defendants deny paragraph 335.

344.     The University defendants state that paragraph 336 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required, the University defendants deny paragraph 336.

345.     The University defendants state that paragraph 337 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required, the University defendants deny paragraph 337.

346.     The University defendants state that paragraph 338 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required, the University defendants deny paragraph 338.

347.     The University defendants state that paragraph 339 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required, the University defendants deny paragraph 339.

348.     The University defendants state that paragraph 340 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required, the University defendants deny paragraph 340.

349.     The University defendants state that paragraph 341 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required, the University defendants deny paragraph 341.

350.     The University defendants state that paragraph 342 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required, the University defendants deny paragraph 342.

351.     The University defendants state that paragraph 343 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required, the University defendants deny paragraph 343.

352.     The University defendants deny paragraph 344 and its twenty-six (26) dependent subparts.

353.     The University defendants deny paragraph 345.

354.     The University defendants deny paragraph 346.

355.     The University defendants deny paragraph 347.

356.     The University defendants deny paragraph 348.

357.     The University defendants state that the first sentence of paragraph 349 does not set forth averments requiring response, instead setting forth legal conclusions. To the extent a further response is required to paragraph 349, the University defendants deny any allegation not specifically admitted.

358.     The University defendants deny paragraph 350.

359.     The University defendants deny paragraph 351.

360.     The University defendants deny paragraph 352.

361.     The University defendants deny paragraph 353.

362.     The University defendants deny paragraph 354.

363.     The University defendants deny paragraph 355.

364.     The University defendants deny paragraph 356.

365.     The University defendants deny paragraph 357.

366.     The University defendants deny paragraph 358.

367.     The University defendants state that paragraph 359 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required to paragraph 359, the University defendants deny it.

368.     The University defendants state that paragraph 360 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required to paragraph 360, the University defendants deny it.

369.     The University defendants state that paragraph 361 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required to paragraph 361, the University defendants deny it.

370.     The University defendants state that paragraph 362 does not set forth averments requiring response, instead setting forth either a legal conclusion or quoting from a case/statute.  To the extent a further response is required to paragraph 362, the University defendants deny it.

371.     The University defendants deny paragraph 363.

372.     The University defendants deny paragraph 364.

373.     The University defendants deny that Mr. Harnois is entitled to the relief he seeks in paragraph 365 and deny paragraph 365 in its entirety.

374.     The University defendants state that paragraph 366 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 366.

375.     The University defendants state that paragraph 367 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required to paragraph 367, the University defendants deny it.

376.     The University defendants state that paragraph 368 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required to paragraph 368, the University defendants deny it.

377.     The University defendants respond to paragraph 369 and state the documents concerning the investigation into the conduct reported by others about Mr. Harnois speak for themselves.  The University defendants deny any allegation set forth in paragraph 369.

378.     The University defendants deny paragraph 370.

379.     The University defendants state that paragraph 371 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required to paragraph 371, the University defendants deny any allegation set forth in paragraph 371.

380.     The University defendants state that paragraph 372 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a

further response is required to paragraph 372, the University defendants deny any allegation set forth in paragraph 372.

381.    The University defendants state that paragraph 373 does not set forth averments requiring response, instead setting forth legal conclusions.  To the extent a further response is required to paragraph 373, the University defendants deny any allegation set forth in paragraph 373.

382.    The University defendants deny paragraph 374.

383.    The University defendants deny paragraph 375.

384.    The University defendants state that paragraph 376 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 376.

385.    The University defendants state that paragraph 377 does not set forth averments requiring response, instead setting forth a general legal conclusion.  To the extent a further response is required to paragraph 373, the University defendants deny any allegation set forth in paragraph 373 and state that they abide University students' rights, constitutional and otherwise, in accord with applicable law.

386.    The University defendants deny those portions of paragraph 378 that concern Mr. Harnois' state of mind because they are without sufficient information to affirm or deny those portions and, as to the remainder of the allegations contained paragraph 378, they deny them.

387.      The University defendants deny those portions of paragraph 379 that concern Mr. Harnois' state of mind because they are without sufficient information to affirm or deny those portions and, as to the remainder of the allegations contained paragraph 379, they deny them.

388.      The University defendants deny those portions of paragraph 380 that concern Mr. Harnois' state of mind because they are without sufficient information to affirm or deny those portions and, as to the remainder of the allegations contained paragraph 380, they deny them.

389.      The University defendants deny paragraph 381.

390.      The University defendants deny paragraph 382.

391.      The University defendants deny paragraph 383.

392.      The University defendants state that paragraph 384 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 384.

393.      The University defendants deny paragraph 385.

394.      The University defendants deny paragraph 386.

395.      Answering paragraph 387, the University defendants state the referenced document speaks for itself.  The University defendants deny any remaining allegation contained in paragraph 387.

396.      The University defendants deny paragraph 388.

397.       The University defendants deny paragraph 389.

398.       The University defendants deny paragraph 390.

399.       Answering paragraph 391, the University defendants state that they are without information sufficient to know what unspecified persons understood and, as to the remaining allegations in paragraph 391, the University defendants deny them.

400.       On information and belief, the University defendants deny paragraph 392.

401.       The University defendants deny paragraph 393.

402.       The University defendants state that paragraph 394 does not set forth averments requiring response, instead setting forth a general legal conclusion.  To the extent a further response is required to paragraph 394, the University defendants deny any allegation set forth in paragraph 394.

403.       The University defendants deny paragraph 395.

404.       Answering paragraph 396, the University defendants state that they did not contribute or cause Mr. Harnois to lose relationships or reputation.  The University defendants deny any allegation contained in paragraph 396 which is not specifically admitted.

405.       The University defendants deny paragraph 397.

406.       The University defendants deny paragraph 398.

407.       The University defendants deny paragraph 399.

408.     The University defendants state that paragraph 400 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 400.

409.     The University defendants state that paragraph 401 does not set forth averments requiring response, instead setting forth a general legal conclusion.  To the extent a further response is required to paragraph 401, the University defendants deny any allegation set forth in paragraph 401.

410.     The University defendants state that paragraph 402 does not set forth averments requiring response, instead setting forth general legal conclusions.  To the extent a further response is required to paragraph 402, the University defendants deny any allegation set forth in paragraph 402.

411.     The University defendants state that paragraph 403 does not set forth averments requiring response, instead setting forth a general legal conclusion.  To the extent a further response is required to paragraph 403, the University defendants deny any allegation set forth in paragraph 403.

412.     The University defendants state that paragraph 404 does not set forth averments requiring response, instead setting forth general legal conclusions.  To the extent a further response is required to paragraph 404, the University defendants deny any allegation set forth in paragraph 404.

413.     The University defendants deny paragraph 405.

414.     The University defendants state that paragraph 406 does not set forth averments requiring response, instead setting forth a general legal conclusion.  The University defendants deny any allegation set forth in paragraph 406.

415.     The University defendants deny paragraph 407.

416.     The University defendants state that paragraph 408 refers to documents which speak for themselves.  The University defendants deny any allegation set forth in paragraph 408.

417.     The University defendants state that paragraph 409 does not set forth averments requiring response, instead setting forth general legal conclusions.  The University defendants deny any allegation set forth in paragraph 409.

418.     Answering paragraph 410, the University defendants state that at all times concerning Mr. Harnois they acted in their official capacities as University employees. The University defendants deny any allegation contained in paragraph 410 that is not specifically admitted.

419.     The University defendants deny paragraph 411.

420.     The University defendants deny paragraph 412.

421.     The University defendants deny paragraph 413.

422.     The University defendants deny paragraph 414.

423.     The University defendants state that paragraph 415 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 415.

424.     The University defendants state that paragraph 416 does not set forth averments requiring response, instead setting forth general legal conclusions.  The University defendants deny any allegation set forth in paragraph 416.

425.     The University defendants deny paragraph 417, as they are without information sufficient to affirm or deny the allegations set forth therein.  To the extent a further response is warranted, the University defendants deny any remaining allegation in paragraph 417.

426.     Answering paragraph 418, the University defendants state that generally relationships between doctoral students and advisors can lead to an employment or other relationship.  The University defendants further state that Mr. Harnois was a master's student in Spring 2016.  The University defendants deny any allegation contained in paragraph 418 which is not specifically admitted.

427.     The University defendants deny the vague and general allegations in paragraph 419.  To the extent a further response to paragraph 419 is required, the University defendants deny any allegation contained in paragraph 419 which is not specifically admitted.

428.     The University defendants deny paragraph 421 and its seven (7) dependent subparts.

429.     The University defendants deny paragraph 422.

430.     The University defendants deny paragraph 423.

431.     The University defendants deny paragraph 424.

432.     The University defendants state that paragraph 425 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 425.

433.     The University defendants state that paragraph 426 does not set forth averments requiring response, instead setting forth general legal conclusions.  The University defendants deny any allegation set forth in paragraph 426.

434.     The University defendants state that paragraph 427 does not set forth averments requiring response, instead setting forth general legal conclusions.  The University defendants deny any allegation set forth in paragraph 427.

435.     The University defendants state that paragraph 428 does not set forth averments requiring response, instead setting forth general legal conclusions.  The University defendants deny any allegation set forth in paragraph 428.

436.     The University defendants state that paragraph 429 does not set forth averments requiring response, instead setting forth general legal conclusions and

ostensible quotation from a document which speaks for itself.  The University

defendants deny any allegation set forth in paragraph 429.

437.     The University defendants state that paragraph 430 does not set forth

averments requiring response, instead setting forth general legal conclusions.  Further

answering paragraph 430, the University acknowledges and abides FERPA.  The

University defendants deny any allegation set forth in paragraph 430 which is not

specifically admitted.

438.     The University defendants state that paragraph 431 does not set forth

averments requiring response, instead setting forth legal conclusions.  Further

answering paragraph 431, the University acknowledges and abides FERPA.  The

University defendants deny any allegation set forth in paragraph 431 which is not

specifically admitted.

439.     The University defendants state that paragraph 432 does not set forth

averments requiring response, instead setting forth legal conclusions.  Further

answering paragraph 432, the University acknowledges and abides FERPA.  The

University defendants deny any allegation set forth in paragraph 432 which is not

specifically admitted.

440.     The University defendants deny paragraph 433.

441.     The University defendants deny paragraph 434.

442.      The University defendants state that paragraph 435 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 435.

443.      The University defendants state that paragraph 436 does not set forth averments requiring response, instead setting forth general legal conclusions and ostensible quotation from a document and/or statute which speaks for itself.  The University defendants deny any allegation set forth in paragraph 436.

444.      Answering paragraph 437, the University defendants are without information sufficient to admit or deny the first sentence of paragraph 437 concerning Mr. Harnois' state of mind and, therefore, they deny it.  Further answering paragraph 437, the University acknowledges and abides FERPA.  The University defendants deny any allegation set forth in paragraph 437 which is not specifically admitted.

445.      Answering paragraph 438, the University acknowledges and abides FERPA and its employees did so concerning Mr. Harnois.  The University defendants deny any allegation set forth in paragraph 438 which is not specifically admitted.

446.      The University defendants deny paragraph 439.

447.      The University defendants deny paragraph 440.

448.      The University defendants state that footnote 69 does not set forth averments requiring response, instead setting forth a statute which speaks for itself. The University defendants deny any allegation set forth in footnote 69.

449.     The University defendants state that paragraph 441 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 441.

450.     The University defendants deny paragraph 442.

451.     The University defendants state that paragraph 443 does not set forth averments requiring response, instead setting forth legal conclusions.  The University defendants deny any allegation set forth in paragraph 443.

452.     The University defendants deny paragraph 444.

453.     The University defendants deny paragraph 445.

454.     The University defendants deny paragraph 446.

455.     The University defendants deny paragraph 447.

456.     The University defendants deny paragraph 448.

457.     The University defendants deny paragraph 449.

458.     The University defendants state that paragraph 450 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 450.

459.     The University defendants state that paragraph 451 does not set forth averments requiring response, instead setting forth legal conclusions.  The University defendants deny any allegation set forth in paragraph 451.

460.     Answering paragraph 452, the University defendants state that, subsequent to receiving reports concerning Mr. Harnois' conduct from members of the University community, the University began an investigation.  The University defendants deny any allegation contained in paragraph 452 which is not specifically admitted.

461.     The University defendants deny paragraph 453.

462.     The University defendants deny paragraph 454.

463.     The University defendants deny paragraph 455.

464.     The University defendants deny paragraph 456.

465.     The University defendants deny paragraph 457.

466.     The University defendants deny paragraph 458.

467.     The University defendants deny paragraph 459.

468.     The University defendants deny paragraph 460.

469.     Answering paragraph 461, the University defendants state that, subsequent to receiving reports concerning Mr. Harnois' conduct from members of the University community, the University began an investigation.  The University defendants deny any allegation contained in paragraph 461 which is not specifically admitted.

470.     Answering paragraph 462, the University defendants state that, subsequent to receiving reports concerning Mr. Harnois' conduct from members of the

University community, the University began an investigation which concluded with a finding that Mr. Harnois was <u>not responsible</u> for the investigated conduct. The University defendants deny any allegation contained in paragraph 462 which is not specifically admitted.

471.     The University defendants deny paragraph 463.

472.     The University defendants state that paragraph 464 does not set forth averments requiring response. To the extent a response is required, the University defendants deny paragraph 464.

473.     The University defendants deny paragraph 465.

474.     The University defendants state that paragraph 466 does not set forth averments requiring response, instead setting forth legal conclusions. The University defendants deny any allegation set forth in paragraph 466.

475.     The University defendants deny paragraph 467.

476.     The University defendants deny paragraph 468.

477.     The University defendants state that paragraph 469 does not set forth averments requiring response. To the extent a response is required, the University defendants deny paragraph 469.

478.     The University defendants state that paragraph 470 does not set forth averments requiring response, instead setting forth legal conclusions. The University defendants deny any allegation set forth in paragraph 470.

479.     The University defendants deny any allegation set forth in paragraph 471.

480.     The University defendants deny any allegation set forth in paragraph 472.

481.     The University defendants deny any allegation set forth in paragraph 473.

482.     The University defendants deny any allegation set forth in paragraph 474.

483.     The University defendants deny any allegation set forth in paragraph 475.

484.     The University defendants deny any allegation set forth in paragraph 476.

485.     The University defendants deny any allegation set forth in paragraph 477.

486.     The University defendants state that paragraph 478 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 478.

487.     The University defendants deny paragraph 479.

488.     The University defendants deny paragraph 480.

489.     The University defendants deny paragraph 481.

490.     Answering paragraph 482, the University defendants state that they are without information sufficient to affirm or deny the reasons Mr. Harnois had for his averred actions, and therefore they deny them.  The University defendants deny any remaining allegation contained in paragraph 482.

491.     Answering paragraph 483, the University defendants state that they are without information sufficient to affirm or deny the reasons Mr. Harnois had for his

averred actions, and therefore they deny them.  The University defendants deny any remaining allegation contained in paragraph 483.

492.     The University defendants deny paragraph 484.

493.     The University defendants deny paragraph 485.

494.     The University defendants state that paragraph 486 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 486.

495.     The University defendants deny paragraph 487.

496.     The University defendants state that paragraph 488 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 488.

497.     The University defendants deny paragraph 489 and its sixteen (16) dependent sub-parts.

498.     The University defendants deny paragraph 490.

499.     The University defendants deny paragraph 491.

500.     The University defendants deny paragraph 492.

501.     The University defendants state that paragraph 493 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 493.

502.     The University defendants deny paragraph 494.

503. The University defendants deny paragraph 495.

504. The University defendants deny paragraph 496.

505. The University defendants deny paragraph 497.

506. The University defendants deny paragraph 498.

507. The University defendants deny paragraph 499.

508. The University defendants deny paragraph 500.

509. The University defendants state that paragraph 501 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 501.

510. Answering paragraph 502, the University defendants state that they are without information sufficient to affirm or deny any averments concerning the particulars of any scholarship assistance Mr. Harnois has or had, and therefore they deny them.  The University defendants deny any remaining allegation contained in paragraph 502.

511. Answering paragraph 503, the University defendants state that they are without information sufficient to affirm or deny the particulars concerning any scholarship assistance Mr. Harnois has or had, and therefore they deny them.  The University defendants deny any remaining allegation contained in paragraph 503.

512. Answering paragraph 504, the University defendants state that they are without information sufficient to affirm or deny any averments concerning who Mr.

Harnois told about any scholarship assistance, and therefore they deny them.  The University defendants deny any remaining allegation contained in paragraph 504.

513.     Answering paragraph 505, the University defendants state that they are without information sufficient to affirm or deny any averments concerning who Mr. Harnois told about any scholarship assistance, and therefore they deny them.  The University defendants deny any remaining allegation contained in paragraph 505.

514.     The University defendants deny paragraph 506.

515.     The University defendants deny paragraph 507.

516.     The University defendants deny paragraph 508.

517.     The University defendants state that paragraph 509 does not set forth averments requiring response.  To the extent a response is required, the University defendants deny paragraph 509.

518.     The University defendants deny paragraph 510.

519.     The University defendants deny paragraph 511.

520.     The University defendants deny paragraph 512.

521.     The University defendants deny paragraph 513.

522.     The University defendants deny paragraph 514.

523.     The University defendants deny paragraph 515.

524.     The University defendants deny paragraph 516.

525.     The University defendants deny paragraph 517.

526.      The University defendants deny paragraph 518.

527.      The University defendants deny that Mr. Harnois is entitled to the relief

he requests in the "Wherefore" section on page 78 of Docket No. 30.

528.      The University defendants state that the "headers" included by Mr.

Harnois in Docket No. 30 do not contain averments calling for admission or denial.  To

the extent any of the above-described "headers" do contain such averments, the

University defendants deny them.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The court is without subject matter jurisdiction concerning some or all of Mr.

Harnois' claims.

### Second Affirmative Defense

Mr. Harnois' complaint fails to state, in whole or in part, a claim upon which

relief may be granted.

### Third Affirmative Defense

Mr. Harnois' claims are barred, in whole or in part, by his own acts and/or

omissions or by the acts or omissions of persons or entities over whom University

defendants exercised no control and for whose acts University defendants are not

liable.

Fourth Affirmative Defense

Mr. Harnois' claims are barred, in whole or in part, by his failure to make proper

presentment of certain of his claims in accord with M.G.L. ch. 258, § 4.

Fifth Affirmative Defense

Mr. Harnois' claims are barred, in whole or in part, by the doctrine of qualified

immunity.

| | | |
|---|---|---|
| Dated: | November 11, 2019 | Respectfully submitted, |
| | | UNIVERSITY DEFENDANTS |
| | | By their attorneys, |

*/s/ Denise Barton*
Denise Barton, BBO No. 675245
Deputy General Counsel
University of Massachusetts
333 South Street, 4th Floor
Shrewsbury, MA 01545
(774) 455-7300
dbarton@umassp.edu

**CERTIFICATE OF SERVICE**

I, Denise Barton, counsel for the University defendants hereby certify that the
above document was transmitted through the CM/ECF electronic filing system of the
United States District Court, to plaintiff John Harnois.

*/s/ Denise Barton*
Denise Barton