UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------X
JOHN HARNOIS,                                          )
                                  Plaintiff,           )
                                                       )
 -against-                                             )     No: 1:19-CV-10705-RGS
                                                       )
UNIVERSITY OF MASSACHUSETTS AT                         )
DARTMOUTH, et als.                                     )
                                 Defendants.           )
-------------------------------------------------------X
```

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION

### TO STAY PROCEEDINGS FOR 45 DAYS AND ADJUST SCHEDULING PRDER

The Plaintiff submits this memorandum in support of his motion to stay proceedings for 45 days and adjust the scheduling order of October 28, 2019 (Dckt. 61)[1]. This Court has broad discretion to control its docket, including granting a stay of proceedings. *See Rumble v. Fairview Health Servs.*, No. 14-cv-2037 (SRN/FLN), 2017 WL 401940, at *2 (D. Minn. Jan. 30, 2017); *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990). For the good and sufficient reasons

---

[1] Judge Richard G. Stearns: ELECTRONIC ORDER entered. The dispositive motions having been ruled on in this case, and Answers now due on the remaining claims, the court enters the following pretrial schedule: Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by 12/12/19; Motions for leave to Amend Pleadings & Joinder of Parties have passed. *See* Dkt #29. Without leave of court, the parties are permitted to serve 30 interrogatories, 30 requests for admissions and 30 document requests, to be filed within the 30 days of the initial disclosures. The court expects responses to be made in thirty days, unless a request for additional time is granted. A party may not notice more than 5 deponents without leave of court on a showing of good cause. If all parties are interested in the court's mediation program, they must notify our docket clerk Arnold Pacho (617-748-9812) by 3/27/20 (or earlier). All fact discovery must be completed no later than 5/8/20. The parties will inform the court no later than 4/6/2020, if they intend to engage an expert witness, stating the expert's area of knowledge, and why the expert is necessary to their presentation. If no experts are utilized, dispositive motions, if any, will be filed no later than 5/29/2020, oppositions due 6/19/2020, reply by leave of court only. If experts are utilized, the court will order a supplemental schedule.(mkz)

discussed below, this Court should exercise that discretion here and stay proceedings in this action pending further action of the Court or for at least 45 days.

On October 11, 2019 Plaintiff consulted with his urologist to review the findings of an MRI the week prior, which was ordered to potentially explain recent and historical hematuria and left flank pain. The MRI showed a mass in the left kidney, which based on size, shape and location, was diagnosed as a malignant tumor. On Thursday, October 31, 2019 Plaintiff spent the day in the Emergency Room for recent pain in the area of his right kidney and liver. On Tuesday, November 5, 2019 Plaintiff had a consult with a liver specialist to review the CT scan of October 31st and liver enzyme abnormalities. On November 8, 2019, Plaintiff underwent an Esophagogastroduodenoscopy which found an inflamed duodenum, the source for which is undetermined, but its relation to the renal tumor cannot be excluded. Plaintiff is scheduled to undergo surgery to remove the malignant tumor and his kidney or majority thereof on November 19, 2019. The recovery period will take 6-8 weeks. Presently Plaintiff has no information if follow-up cancer treatment will be required such as chemotherapy, radiation, or immunotherapy.

Defendants will not suffer prejudice from this relatively short stay while Plaintiff, pro se, recovers from serious surgery. Plaintiff is not represented by counsel and has no one else to assist him with his compliance of Rule 26(a)(1)[2] during his recovery or discovery requirements. Plaintiff will review his need for an additional stay and asks the Court for appropriate indulgence if follow-up cancer treatment is required, which would seriously undermine his ability to prosecute this case.

---

[2] Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by 12/12/19

In view of the circumstances and for good cause, Plaintiff requests the Court to stay proceedings for 45 days and adjust its scheduling order of October 28, 2019.

Date: November 16, 2019

                                              Respectfully Submitted:

                                              By: /s/ *John Harnois*

                                              John Harnois, Pro Se
                                              53 Child Street, Unit 669, Warren, RI 02885
                                              Doe.John.123199@gmail.com;
                                              (508) 333-1728


**CERTIFICATE OF SERVICE**

I, John Harnois, Pro Se, hereby certify that the above document was transmitted through the CM/ECF electronic filing system of the United States District Court, to Ms. Barton, counsel for Defendants.

Date: November 16, 2019

                                              By: /s/ *John Harnois*
                                                John Harnois, Pro Se