UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------X
JOHN HARNOIS,                                          )
                              Plaintiff,               )
                                                       )
 -against-                                             )      No: 1:19-CV-10705-RGS
                                                       )
UNIVERSITY OF MASSACHUSETTS AT                         )
DARTMOUTH, et als.                                     )
                              Defendants.              )
-------------------------------------------------------X
```

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION TO CLARIFY SCHEDULING ORDER

The Plaintiff submits this memorandum in support of his motion to clarify the scheduling/discovery order (Dckt 68), and rule that Plaintiff can serve 30 interrogatories, 30 requests for admissions and 30 document requests to each Defendant (instead of total) and can serve no more than 5 deponents per Defendant (instead of total).

## PROCEDURAL HISTORY

On 11/18/2019 Judge Richard G. Stearns entered a scheduling order (Dckt 68) accounting for a stay of 45 days to account for Plaintiff's diagnosed renal cancer and pending treatments.[1]

---

[1] The court enters the following amended pretrial schedule: Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by 1/17/20. Without leave of court, the parties are permitted to serve 30 interrogatories, 30 requests for admissions and 30 document requests, to be filed within the 30 days of the initial disclosures. The court expects responses to be made in thirty days, unless a request for additional time is granted. A party may not notice more than 5 deponents without leave of court on a showing of good cause. If all parties are interested in the court's mediation program, they must notify our docket clerk Arnold Pacho (617-748-9812) by 5/26/20 (or earlier). All fact discovery must be completed no later than 7/7/20.  The parties will inform the court no later than 6/5/20, if they intend to engage an expert witness, stating the expert's area of knowledge, and why the expert is necessary to their presentation. If experts are utilized, the court will order a supplemental schedule. If no experts are utilized, dispositive motions, if any, will be filed no later than 7/28/20, oppositions due 8/18/20, reply only by leave of court. (Pacho, Arnold)

## STANDARD OF REVIEW

Relevant discovery is governed by Fed R. Civ. P. R. Rule 30 (Depositions by Oral Examination)[2], Rule 33 (Interrogatories to Parties)[3], Rule 34 (Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes)[4], and Rule 36. Requests for Admission.[5]

## ARGUMENT

Plaintiff reads the scheduling order allowing him to serve each Defendant (each Party) 30 interrogatories, 30 requests for admissions and 30 document requests (without leave of the Court), and may not notice more than 5 deponents, per Defendant (per Party), without leave of court on a showing of good cause.  Based on a phone conversation with Ms. Barton on February 3, 2020, Ms. Barton holds that Plaintiff is restricted to a **total** of 30 interrogatories, 30 requests for

---

[2] Rule 30 - Oral Examination (a) When a Deposition May Be Taken. (1) *Without Leave.* A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.(2) *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): (A) if the parties have not stipulated to the deposition and: (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants; (ii) the deponent has already been deposed in the case…

[3] Rule 33 - Interrogatories to Parties (a) In General. (1) *Number.* Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

[4] Rule 34 - Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes (a) In General. A party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or(B) any designated tangible things; or…

[5] Rule 36 - Requests for Admission; (a) Scope and Procedure. (1) *Scope.* A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

admissions and 30 document requests, and may not notice more than 5 deponents (without leave of the Court).

Though some claims will overlap discovery, many are mutually exclusive of the other claims that survived Defendants' Rule 12(b)(6) Motion to Dismiss[6]. Plaintiff's case is not simple with <u>eight individual claims</u>, all which require separate and detailed elements of proof and <u>seven individual Defendants</u>. Normally, Parties are able to serve on any other Party a certain number of discovery requests, and the limiting number is based on that Party served instead of a total number for the entire case. Given Ms. Barton's reading, Plaintiff has permission, without leave of the Court, to serve less Deponents than the number of Defendants, and can only serve 4 interrogatories, 4 requests for admissions and 4 document requests (without leave of the Court) per survived claim to prove. Based on those facts alone, and Plaintiff's burden to prove his eight separate claims against 7 Defendants with significant discovery, Plaintiff holds his reading is accurate. Otherwise, Defendants will be permitted to serve <u>210 interrogatories, 210 requests for admissions and 210 document requests (without leave of the Court), and may not notice more than 35 deponents, without leave of court on a showing of good cause</u>, while Plaintiff can serve but 1/7th in comparison.

## CONCLUSION

Based on the foregoing, Plaintiff asks the Court to clarify its scheduling order in line with Plaintiff's reading, allowing him to serve each Defendant (each Party) <u>30 interrogatories, 30 requests for admissions and 30 document requests (without leave of the Court), and may not notice</u>

---

[6] For the foregoing reasons, defendants' Rule 12(b)(6) motion is DENIED with respect to Counts I - Title IX Violation (UMASSD), II - Title IX Retaliation (UMASSD), III - Due Process Violations (Cummings, Majewski, Gomes, and Helm only), IV - 1st Amendment Violations(Cummings, Majewski, Gomes, and Helm only), VII - MCRA (Cummings and Majewski), VI – Defamation (Cummings, Majewski, and Professor Doe only), Count VIII – Tortious Interference with Advantageous Relations (Cummings only), and XV - Promissory Estoppel (Webster only).

<u>more than 5 deponents, per Defendant (per Party), without leave of court on a showing of good cause.</u>

Date: February 4, 2020

        Respectfully Submitted:

        By: <u>/s/ John Harnois,</u> Pro Se
        53 Child Street, Unit 669, Warren, RI 02885
        <u>Doe.John.123199@gmail.com</u>; (508) 333-1728

### CERTIFICATE OF SERVICE

I, John Harnois, Pro Se, hereby certify that the above document was transmitted through the CM/ECF electronic filing system of the United States District Court, to Ms. Barton, counsel for Defendants.

Date: February 4, 2020

        By: <u>/s/ John Harnois</u>
        John Harnois, Pro Se