# Exhibit 2

Case No. 1:19-cv-10705-RGS

Motion to Enforce Settlement

February 25, 2020

(E-mail dated February 11, 2020)

# Johnson, Mark A.

| | |
|---|---|
| **From:** | Barton, Denise |
| **Sent:** | Tuesday, February 11, 2020 1:25 PM |
| **To:** | John H |
| **Cc:** | Marinelli, Cheryl; Johnson, Mark A. |
| **Subject:** | RE: University's Acceptance of Your Settlement Offer |
| **Attachments:** | 20-02-11 Settlement Agreement and Release draft.pdf |

Mr. Harnois,

Attached is the Settlement Agreement and Release for your review. If you would like me to consider any changes to the document, please indicate the change you wish to make and the reasoning for the change in a return email. And should you have any questions, please also convey those to me in a return email.

Sincerely,

Denise Barton
Deputy General Counsel
University of Massachusetts
333 South Street
Shrewsbury, Massachusetts 01545
Phone: 774-455-7300

Notice: This is a communication from the University of Massachusetts. If you are not the intended recipient or believe you have received this email in error, please delete this email and notify the sender.

---

**From:** John H <mav86nois@yahoo.com>
**Sent:** Wednesday, February 5, 2020 6:45 AM
**To:** Barton, Denise <DBarton@umassp.edu>
**Subject:** Re: University's Acceptance of Your Settlement Offer

I am in receipt of your email. Please expedite documents for my review. I will inform the Court of this development.

Sent from my iPhone

> On Feb 4, 2020, at 6:58 PM, Barton, Denise <DBarton@umassp.edu> wrote:
>
> February 4, 2020
>
> Mr. Harnois,
>
> The University defendants accept your February 3, 2020 written offer (below) to settle the matter of <u>John Harnois v. University of Massachusetts Dartmouth, et al</u>. (Case No. 19-10705-RGS) for $70,000.00 (seventy thousand dollars).

1

I will prepare a Settlement Agreement and Release concerning this settlement of the above-captioned case for your review.

Sincerely,

Denise Barton
Deputy General Counsel
University of Massachusetts
333 South Street
Shrewsbury, Massachusetts 01545
Phone: 774-455-7300

Notice: This is a communication from the University of Massachusetts. If you are not the intended recipient or believe you have received this email in error, please delete this email and notify the sender.

---

**From:** John H <mav86nois@yahoo.com>
**Sent:** Monday, February 3, 2020 3:58 PM
**To:** Barton, Denise <DBarton@umassp.edu>
**Cc:** John H <mav86nois@yahoo.com>
**Subject:** Re: Meeting

Ms. Barton,

To satisfy my demands, and settle the matter of John Harnois v. UMASS et al. I require **$50,000** for my damages **and $20,000** for the special damages of attorney fees which I spent in defending myself during UMASSD's title IX investigation, an investigation that should not have ever taken place. If this is amendable to you, I would agree to sign a joint letter to the Court dispensing of this matter. If not we can proceed to discovery.

Please inform me by 6 February 2020 which will be the date I will file my motions with the Court to which you did not assent.

Respectfully,

John Harnois

> On Oct 5, 2019, at 1:16 PM, John H <mav86nois@yahoo.com> wrote:
>
> Ms. Barton,
>
> I intend to have Counsel take over my case before, during or after Judge Stearns ruling on the matter of dismissal. Dealing with me simplifies the matter, especially with the matter of attorney fees. I imagine Luke Ryan (Haidak v. UMASS) will file a motion for

2

attorney's fees under 42 USC 1988, and will be awarded a reasonable amount. Similarly Pomona was recently required to pay a reasonable amount.
see  https://kcjohnson.files.wordpress.com/2019/10/pomona-atty-fees.pdf.

I don't see my case similar to BC or Haidak. I see my case similar to Brandeis, which included egregious violations of due process in a case where John Doe received similar notice and similar warning. Yes Brandeis found him responsible, but the warning he received was less damning than the one I received. Moreover Brandeis did not change his matriculated degree or sanction him with no contact, or restriction to access of University assets.

The BC jury awarded approx $100,000. Haidak was awarded nominal damages re: the interim suspension, because he was offered adequate due process in his final hearing, whereas I wasn't. Regardless CA1 allowed for the filing for attorney's fees in District Court. I imagine Luke's fees are close to if not more than $100,000. You will not prevail on the matter of my summary interim suspension given that I was denied a hearing or notice. There was no exigency to suspend me or sanction me with a global Do Not Contact or Do Not Trespass. The complaint adequately alleges that UMASSD knew of complaints since December 2015 and for weeks leading up to the interim suspension, which is worse than the 13 days cited by CA1 in Haidak. Per FIRE and Save our Sons, the national average settlement in these matters is over $150,000, excluding attorneys fees for those case not sealed in nondisclosure agreements.

I hold I suffered special damages in having to hire Counsel to represent me when Cummings and Majewski denied me any opportunity to have a school advisor as required under UMASSD Policy. It cost me just under $20,000 to replace a school advisor for which I had the right to have per school mandated policy and of which was specifically denied me by Cummings and Majewski.

Additionally I hold that I lost 5 years of full funding with tuition, stipend, books and supples covered. That scholarship alone was worth $250,000 at a public school. Then I must consider the "soft" damages from the pain and suffering and ridicule I suffered at the hands of UMASSD, then add the loss of any opportunity to pursue my academic filed and profession of choice.

In order to settle this matter I require $100,000 plus interest since May 4, 2016, and reimbursement of the legal fees I spent on the Title IX matter, plus interest on same. In considering the national events regarding these cases, of which I stay current, I consider these demands more than reasonable. Once I involve attorneys, this amount will not satisfy their fees, not to mention the internal billable hours of your office. This case has just begun, and I do not see it ending in the near future but for a settlement as I propose.

If this settlement is reasonable I would be happy to file a joint dismissal with the Court.

Respectfully,

John Harnois

3

On Oct 4, 2019, at 4:21 PM, Barton, Denise <DBarton@umassp.edu> wrote:

Dear Mr. Harnois,

If you would like to tender a reasonable monetary settlement offer, I will consider it with the University and respond accordingly.

Sincerely,

Denise Barton
Senior Litigation Counsel
University of Massachusetts
Office of the General Counsel
333 South Street
Shrewsbury, Massachusetts 01545
Phone: 774-455-7300

Notice: This is a communication from the University of Massachusetts. If you are not the intended recipient or believe you have received this email in error, please delete this email and notify the sender.


-----Original Message-----
From: John H <mav86nois@yahoo.com>
Sent: Tuesday, October 1, 2019 2:41 PM
To: Barton, Denise <DBarton@umassp.edu>
Cc: John H <mav86nois@yahoo.com>
Subject: Meeting

Dear Ms. Barton,

I filed my opposition today - a day early. After you review it, I suggest we meet in person to discuss settling this matter.

Perhaps I am wrong, but I do not believe Judge Stearns will dismiss my complaint in its entirety, and will likely provide me an opportunity to amend. I thought if he wanted to dismiss my complaint outright, and believed it had no merit, then he would have used the opportunity to dismiss it under 12b1.
If he does dismiss my complaint without offering me the opportunity to amend, I will of course appeal to CA1. If he allows several claims to go forward, discovery will ensue, which I believe UMASS would like to avoid.

UMASS is facing legal fees inasmuch as it will need to conduct discovery and/or defend an appeal up to CA1. Perhaps we can begin there.

Respectfully,

4

John Harnois

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between John Harnois ("Harnois") and the University of Massachusetts Dartmouth ("University"), Peyton Helm, Deborah Majewski, Scott Webster, David Gomes, John Buck, and Emil Fioravanti (collectively "University Defendants"). Harnois and University Defendants (collectively "parties") acknowledge the following:

   A. Harnois and University Defendants are or were parties to United States District Court for the District of Massachusetts Case No. 1:19-cv-10705-RGS ("Litigation"). All filed documents in the case are incorporated as though fully set out in this Agreement *in haec verba* for the purpose of identifying all allegations and defining the term Litigation;

   B. The parties desire to fully and completely settle and release all claims and rights which any one of them had, may have had, or may now have under any federal, state or local law or regulation against any other party to this Agreement, and to finally resolve all outstanding matters concerning the Litigation;

   C. The parties wish to settle this matter solely to avoid the expense, uncertainty and burden of continued litigation; and

   D. The parties enter into this Agreement for the good and valuable consideration detailed in this Agreement. The parties agree they would not be entitled to this consideration but for this Agreement.

   NOW THEREFORE, in consideration of the covenants and representations contained in this Agreement, the accuracy of which is acknowledged, and for the consideration described in the Agreement, the adequacy of which is acknowledged, the parties further agree as follows:

   1.   <u>No Admission</u>. Nothing contained in this Agreement shall be construed as an admission by any party that it acted wrongfully at any time with respect to any other party to this Agreement or with respect to any other person or entity;

   2.   <u>Consideration Provided to Harnois by University</u>: In addition to the obligations set forth elsewhere in this Agreement, the following consideration for this Agreement shall be provided by the University to Harnois:

*Settlement Agreement and Release, Case No. 1:19-cv-10705-RGS, Page 2*

      (a)    <u>Payment</u>: The University will, after receipt of an executed IRS Form W-9 from Harnois, make payment to Harnois in the amount of Seventy Thousand Dollars and No Cents ($70,000.00), which payments include all sums awardable of whatever kind for claims that were asserted or could have been asserted against the University Defendants, including attorneys' fees and costs. Harnois acknowledges that he has an independent obligation to determine and make lawful decisions regarding payment of taxes under applicable law. Harnois acknowledges that once the payment required by this Agreement is issued, it may be reduced or intercepted for any outstanding debts owed or collectable by the Commonwealth from him (including, but not limited to, state and/or federal taxes) and that no claim for non-payment or reduced payment may be brought against University Defendants should such reduction or interception occur. The parties agree that in the event any taxing authority determines payments made pursuant to this Agreement are taxable, Harnois is solely responsible for the payment of all such taxes and shall hold University Defendants harmless for such payments;

      3. <u>Consideration Provided to University Defendants by Harnois</u>. In addition to the obligations set forth elsewhere in the Agreement, the following consideration for this Agreement shall be furnished by Harnois to University Defendants:

      (a)    Harnois acknowledges that he is forever releasing and relinquishing any right he may have had to proceed with any and all claims concerning the Litigation including, but not limited to, any trial of any issue, costs, attorneys' fees, claim, or demand that was or might have been presented, is waiving all rights of appeal, and is bearing his own fees, including attorneys' fees and costs;

      (b)    Harnois, for himself and for his assigns, heirs, executors and administrators, knowingly and voluntarily releases and forever discharges University Defendants and all of their past, present and future trustees, affiliates, employees, officers, advisors, agents, representatives, successors and assigns, whether acting in an individual capacity or on behalf of any University Defendant, from all claims, demands, causes of action, grievances, and liabilities of any kind upon any legal or equitable theory, whether contractual, common law, statutory, federal, state, local, or otherwise and including, but not limited to, any claim or right under 20 U.S.C. § 1681, et seq. (Title IX of the Education Amendment of 1972), as amended, the Civil Rights Act of 1964, as amended, M.G.L. ch. 151B, as amended, the Massachusetts Civil Rights Act, as amended, M.G.L. c. 214 § 1C, 42 U.S.C. § 1983, and any claims for fees, costs, and disbursements of any kind, whether known or unknown, which Harnois now has, ever had, or hereafter may discover, against University Defendants or any agent or independent contractor of any University Defendant based on any actual or alleged act, omission, transaction, practice, conduct, event, or other matter, that pre-dates the

*Settlement Agreement and Release, Case No. 1:19-cv-10705-RGS, Page 3*

execution of the Agreement, including all alleged claims concerning the Litigation. Harnois expressly understands and agrees that to the extent that any one or more provision(s) of any law or of any principle(s) of common law of any state or country is or are in any way applicable to limit the scope and/or operation of the release set forth in this Agreement including, but not limited to, limitations on the effect of such release on unknown or unsuspected claims, such provision(s) and principle(s) are hereby knowingly and voluntarily waived by Harnois.  In signing this Agreement, Harnois waives and releases all damages, including future damages, arising from the released events.  Without limiting the generality of the foregoing, Harnois releases and discharges University Defendants from all legal or equitable claims of whatever kind that he has or may discover which arose any time up to and including the date of this Agreement;

  (c) Harnois agrees that he will not, from any source or proceeding, seek or accept any award or settlement (except the consideration described in ¶ 2) concerning the Litigation or any claim or right concerning ¶ 3, above.  Harnois further agrees, except to the extent prohibited by law, that he will not commence, maintain, prosecute, or participate in as a party (unless compelled by legal process or court order), knowingly permit to be filed by any other person on his behalf or, after the date on which this Agreement is executed, participate in the prosecution or commencement of or be a witness in (unless compelled by legal process or court order) any action or proceeding of any kind, judicial or administrative (on his own behalf, on behalf of any other person and/or on behalf of or as a member of any alleged class of persons) in any court, agency, or investigative or administrative body against any University Defendant with respect to any actual or alleged act, omission, transaction, practice, conduct, or any other matter arising out of or pertaining to the subject matter which forms the basis of this Agreement.  Harnois further represents that as of the date he signs this Agreement, he has not taken any action encompassed by this paragraph.  If, notwithstanding the foregoing promises, Harnois violates this Paragraph, he shall indemnify and hold harmless University defendants from and against any and all demands, assessments, judgments, costs, damages, losses and liabilities and attorneys' fees and other expenses which result from, or are incident to, such violation;

  4. <u>Rights and Remedies Upon Breach</u>.  The parties agree that a material violation of any part of this Agreement by any party to this Agreement constitutes a violation of the entire Agreement.  The parties further agree that this Agreement constitutes a valid contract between them and that either party may enforce this Agreement in the state courts of the Commonwealth of Massachusetts;

*Settlement Agreement and Release, Case No. 1:19-cv-10705-RGS, Page 4*

5. <u>No Pay or Benefits Owed</u>: Harnois affirms that no pay, leave (paid or unpaid), compensation, wages, bonuses, commissions, or benefits are due to him from University Defendants. Harnois further affirms that he has no known workplace injuries or occupational diseases concerning University Defendants and that University Defendants have not denied him any benefit or requested leave including, but not limited to, FMLA leave;

6. <u>Severability of Covenants</u>. The parties acknowledge and agree that the Agreement is reasonable in all respects. If any court of competent jurisdiction determines that any portion of this Agreement is invalid or unenforceable, the remainder of the Agreement shall not be affected and shall be given full effect without regard to the invalid portion(s);

7. <u>Entire Agreement</u>. This Agreement contains and represents the entire understanding and agreement between the parties and supersedes all prior negotiations, discussions, understandings and agreements, written or oral, with respect to this Agreement and/or the Litigation;

8. <u>Waivers and Amendments</u>. This Agreement may be modified, and its terms and conditions may be waived, only by a written document signed by the parties or, in the case of a waiver, by the party waiving compliance. No delay on the part of any party in exercising any right, power, or privilege shall operate as a waiver. Nor shall any waiver on the part of any party of any such right, power, or privilege, nor any single or partial exercise of any right, power, or privilege, preclude any other or further exercise of any other right, power, or privilege;

9. <u>Governing Law</u>. The parties agree that this Agreement constitutes a valid contract between them and that the Agreement, and all disputes concerning it, whether arising in contract, tort or otherwise, shall be governed by and construed in accord with Massachusetts law without reference to its conflict of law principles;

10. <u>Neutral Construction</u>. Each party to this Agreement acknowledges that each has had the opportunity to have been represented by counsel in connection with negotiating and entering this Agreement, that each has had the opportunity to carefully review and discuss its provisions with counsel, and that each fully understands its provisions. Each party to this Agreement and each party's attorney has had the opportunity to review and participate in the drafting of this Agreement, and accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting parties will not be employed or used in any interpretation of this Agreement;

*Settlement Agreement and Release, Case No. 1:19-cv-10705-RGS, Page 5*

11. <u>Assignment</u>. The obligations of Harnois under this Agreement may not be assigned, delegated or transferred in any manner, nor are such obligations subject to involuntary alienation, assignment, or transfer. University Defendants shall have the right to assign this Agreement and to delegate all rights, duties and obligations under it, either in whole or in part, to any affiliate, successor or subsidiary entity or agency;

12. <u>Headings</u>. The headings in this Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement; and

13. <u>Attorneys' Fees</u>. If any party breaches this Agreement and suit is filed, the prevailing party shall recover its costs of suit, including reasonable attorneys' fees.

EACH OF THE PARTIES LISTED BELOW HAS READ AND FULLY UNDERSTANDS THIS AGREEMENT AND EACH PROVISION OF THIS AGREEMENT. EACH OF THE PARTIES LISTED BELOW FURTHER CERTIFIES AND WARRANTS THAT HE, SHE OR IT HAS HAD THE OPPORTUNITY TO HAVE BEEN REPRESENTED BY COUNSEL IN CONNECTION WITH THE EXECUTION OF THIS AGREEMENT, HAS HAD THE OPPORTUNITY TO CONFER WITH AND BE ADVISED BY HIS, HER OR ITS COUNSEL IN RELATION HERETO, ENTERS INTO THIS AGREEMENT KNOWLEDGEABLY, VOLUNTARILY, AND WITH THE OPPORTUNITY TO RECEIVE ADVICE OF HIS OR ITS COUNSEL, AND THAT THIS AGREEMENT HAS BEEN EXECUTED BY A REPRESENTATIVE OF EACH PARTY WITH THE ACTUAL AUTHORITY TO EXECUTE THIS AGREEMENT.

| John Harnois | University of Massachusetts Dartmouth |
|---|---|
| _____ | By: _____ |
| John Harnois | Its: _____ |
| Dated: _____ | Dated: _____ |
| | |
| | University Defendants |
| | By their authorized counsel: |
| | |
| | _____ |
| | Denise Barton, Deputy General Counsel |
| | BBO No. 675245 |
| | Dated: _____ |