# Exhibit 3

Case No. 1:19-cv-10705-RGS

Motion to Enforce Settlement

February 25, 2020

(E-mail dated February 14, 2020)

## Johnson, Mark A.

| | |
|---|---|
| **From:** | Barton, Denise |
| **Sent:** | Friday, February 14, 2020 5:13 PM |
| **To:** | John Harnois |
| **Cc:** | Johnson, Mark A.; Marinelli, Cheryl |
| **Subject:** | RE: Response to Settlement Agreement |

Mr. Harnois,

I will review your proposed edits and respond as promptly as possible.

Sincerely,

Denise Barton
Deputy General Counsel
University of Massachusetts
333 South Street
Shrewsbury, Massachusetts 01545
Phone: 774-455-7300

Notice: This is a communication from the University of Massachusetts. If you are not the intended recipient or believe you have received this email in error, please delete this email and notify the sender.

---

**From:** John Harnois <mav86nois@gmail.com>
**Sent:** Friday, February 14, 2020 10:51 AM
**To:** Barton, Denise <DBarton@umassp.edu>
**Cc:** John Harnois <mav86nois@gmail.com>
**Subject:** Response to Settlement Agreement

Ms. Barton,

See my enclosed response to your draft settlement.

<u>Yellow Sticky Notes inserted</u>:

Note 1 - "*Parties agree that Harnois at any time may disclose his story relating to and as told in this Litigation in any form including for commercial profit*" adds language permitting me to disclose my story.

Notes 2, 2a, and 2b change University to "*University Defendants*"

Note 3 - "*Parties agree/understand that this payment compensates Harnois solely for pain and suffering and emotional distress from physical injury and physical illness only as stemming from events described in Litigation; parties further agree/understand that no part of this payment constitutes debt forgiveness, replacement of wages, compensation for earnings potential or income or interest to Harnois*" adds language which classifies the payment

1

Notes 4 and 5 add language of "*against University Defendants*" after "Litigation"

Note 6 - "*by filing a motion with the Federal District Court of Massachusetts, which will retain jurisdiction for enforcement of this settlement*" changes the method of remedy. I want the District Court to retain jurisdiction; I do not want to seek remedy in a different Court.

Deleted Language:

Para (D)(1) sentence should end after agreement.

Para (D)(2)(a) the remaining language is sufficient to acknowledge my responsibility and hold you harmless.

Para (D)(3)(a) It is never in my interests to waive appeal rights; I cannot imagine foreseeing the need - but....

Para (D)(3)(b & c) This settlement is between me and University Defendants, releasing University Defendants from claims against them. The language sufficiently states my release of claims between us. I am not sure what you are trying to say in (c), and I will only accept language I understand as a layman. I do not have an attorney, nor will I have an attorney for this settlement. Moreover, under res judicata and/or collateral estoppel, I am prevented from re-litigating these issues in the complaint or what should have been in the complaint.

Para (D)(4) I want the Fed Court to retain jurisdiction; I understand that if the Court retains jurisdiction in its order regarding this settlement, and it is agreed to by the parties in the settlement agreement then the Court can retain jurisdiction. I do not favor filing suit for remedy in Mass State Court.

Para (D)(8)  If either side wants to delay regarding this settlement then I consider it a material breach.

Para (D)(10)  I cannot acknowledge such opportunity when I proceeded pro se and financial resources prevented such opportunity.

Para (D)(12)  Unnecessary

Para (D)(13) This matter is for the Court to decide

Last Paragraph in bolded Caps: I repeat I cannot acknowledge such opportunity when I proceeded pro se and financial resources prevented such opportunity.