# Exhibit 4

Case No. 1:19-cv-10705-RGS

Motion to Enforce Settlement

February 25, 2020

(E-mail dated February 19, 2020)

EXHIBIT 4

## Johnson, Mark A.

| | |
|---|---|
| **From:** | Barton, Denise |
| **Sent:** | Wednesday, February 19, 2020 3:30 PM |
| **To:** | John Harnois; John H |
| **Cc:** | Johnson, Mark A.; Marinelli, Cheryl |
| **Subject:** | FW: University's Acceptance of Your Settlement Offer - Responses to your proposed edits and revised draft Agreement |
| **Attachments:** | 20-02-19 Settlement Agreement and Release revised draft.pdf |

Mr. Harnois,

I have reviewed the edits you proposed on Friday, February 14, 2020 concerning the Settlement Agreement and Release ("Agreement") I sent to you on February 11, 2020. I have edited the Agreement (see attached document) to reflect the edits suggested by you to which the University defendants will agree, as noted below. As to the remainder of your suggestions with which the University Defendants do not agree, I also address them below. In addressing your suggestions, I have put your exact words from your 2/14/20 email in bold black type and combined the "sticky note" and "deleted language" comments you made into logical groupings and set them out in the order in which they occur in the Agreement. Below each of your comments, I have stated, in blue type, the University Defendants' responses to your suggestions.

A. Note 1 - "*Parties agree that Harnois at any time may disclose his story relating to and as told in this Litigation in any form including for commercial profit*" adds language permitting me to disclose my story. Para (D)(1) sentence should end after agreement.

   1. The University Defendants do not agree to delete the language in Paragraph 1, page 1 which reads "or with respect to any other person or entity." Put simply, no party is admitting any wrongful action in entering the Agreement.

   2. The University Defendants do not agree to add the new sentence you propose because the Agreement, as drafted and provided to you on February 11, 2020, does not contain any language precluding you from any action you appear to describe in the language you propose to insert, provided such action is otherwise lawful.

B. Notes 2, 2a, and 2b change University to "*University Defendants*" Para (D)(2)(a) the remaining language is sufficient to acknowledge my responsibility and hold you harmless.

   1. The University Defendants have made the proposed edit you suggested in your "sticky note" to Paragraph 2(a) in the attached, revised draft of the Agreement.

   2. The University Defendants have made the proposed edit you suggested, by deleting the third sentence of Paragraph 2(a), in the attached, revised draft of the Agreement.

C. Note 3 - "*Parties agree/understand that this payment compensates Harnois solely for pain and suffering and emotional distress from physical injury and physical illness only as stemming from events described in Litigation; parties further agree/understand that no part of this payment constitutes debt forgiveness, replacement of wages, compensation for earnings potential or income or interest to Harnois*" adds language which classifies the payment

   1. The University Defendants have made an edit and, in doing so, have inserted language similar to the language you suggested after the semicolon in your above sentence as the now second sentence of Paragraph 2(a), in the attached, revised draft of the Agreement. The newly inserted language reads as

follows: The parties agree that this payment does not, in whole or in part, constitute consideration for debt forgiveness, replacement of wages, compensation for work performed, or any other form of earnings, income, or interest thereon.

D.   Notes 4 and 5 add language of *"against University Defendants"* after "Litigation"

1.   As Litigation is a defined term in the Agreement (Paragraph A, page 1), the insertion of the words "against University Defendants" is superfluous and <u>has not</u> been added to Paragraph 3(a).

E.   Para (D)(3)(a) It is never in my interests to waive appeal rights; I cannot imagine foreseeing the need - but....

1.   The University Defendants <u>do not agree</u> to delete the clause in Paragraph 3(a) which reads "is waiving all rights of appeal."

F.   Para (D)(3)(b & c) This settlement is between me and University Defendants, releasing University Defendants from claims against them.  The language sufficiently states my release of claims between us.  I am not sure what you are trying to say in (c), and I will only accept language I understand as a layman.  I do not have an attorney, nor will I have an attorney for this settlement.  Moreover, under res judicata and/or collateral estoppel, I am prevented from re-litigating these issues in the complaint or what should have been in the complaint.

1.   The language, as stated in Paragraph 3(b) and 3(c) of the Agreement contains essential terms of the release that you are providing in exchange for the money that the University Defendants will pay to you as consideration for that release.  The University Defendants <u>have not</u> made your suggested deletions from those paragraphs of the Agreement.

G.   Para (D)(4) I want the Fed Court to retain jurisdiction; I understand that if the Court retains jurisdiction in its order regarding this settlement, and it is agreed to by the parties in the settlement agreement then the Court can retain jurisdiction.  I do not favor filing suit for remedy in Mass State Court.  Note 6 - *"by filing a motion with the Federal District Court of Massachusetts, which will retain jurisdiction for enforcement of this settlement"* changes the method of remedy.  I want the District Court to retain jurisdiction; I do not want to seek remedy in a different Court.

1.   As you know, this case will be dismissed once the settlement is finalized.  If another action is filed concerning the enforcement of the Agreement by any party to the Agreement, it will be a contract action and, as a matter of law, jurisdiction concerning such a matter will only obtain in the appropriate Massachusetts state court.  Therefore, the University Defendants <u>have not made</u> your proposed edit.

H.   Para (D)(8)  If either side wants to delay regarding this settlement then I consider it a material breach.

1.   The edit you propose is unrelated to your conclusion.  Paragraph D(8) is addressing only modifications/amendments/waivers of the Agreement once it has been executed.  As such, the University Defendants <u>have not made</u> your proposed edit.

I.   Para (D)(10) I cannot acknowledge such opportunity when I proceeded pro se and financial resources prevented such opportunity.  Last Paragraph in bolded Caps: I repeat I cannot acknowledge such opportunity when I proceeded pro se and financial resources prevented such opportunity.

1.   While the University Defendants have no information about the reasons underlying your decision to proceed without a lawyer (other than what you have stated to me in emails concerning the lawyer(s) that you stated have considered representing you) and, further, note that this is a customary settlement provision, the University Defendants have edited Paragraph D(10) and the final paragraph preceding the signature blocks to accommodate your commentary on this issue, as follows: Each party to this Agreement acknowledges that each has had the opportunity to carefully review its provisions, and that each fully understands its provisions.  Each party to this Agreement and each party's attorney has had the

opportunity to review and participate in the drafting of this Agreement, and accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting parties will not be employed or used in any interpretation of this Agreement.

**J.   Para (D)(12)  Unnecessary**

1.   The University Defendants <u>have not made</u> your proposed edit to Paragraph D(12) as this paragraph provides contractual clarity.

**K.   Para (D)(13)  This matter is for the Court to decide**

1.   The University Defendants <u>have not made</u> your proposed edit to Paragraph D(13) as the inclusion of this language is deliberately included to ensure that all parties carefully assess the matter at hand (e.g. a perceived breach) before instituting a legal action concerning the Agreement.

Sincerely,

Denise Barton
Deputy General Counsel
University of Massachusetts
333 South Street
Shrewsbury, Massachusetts 01545
Phone: 774-455-7300

Notice: This is a communication from the University of Massachusetts. If you are not the intended recipient or believe you have received this email in error, please delete this email and notify the sender.

**From:** Barton, Denise
**Sent:** Friday, February 14, 2020 5:13 PM
**To:** John Harnois <mav86nois@gmail.com>
**Cc:** Johnson, Mark A. <MAJohnson@umassp.edu>; Marinelli, Cheryl <CMarinelli@umassp.edu>
**Subject:** RE: Response to Settlement Agreement

Mr. Harnois,

I will review your proposed edits and respond as promptly as possible.

Sincerely,

Denise Barton
Deputy General Counsel
University of Massachusetts
333 South Street
Shrewsbury, Massachusetts 01545
Phone: 774-455-7300

Notice: This is a communication from the University of Massachusetts. If you are not the intended recipient or believe you have received this email in error, please delete this email and notify the sender.

**From:** John Harnois <mav86nois@gmail.com>
**Sent:** Friday, February 14, 2020 10:51 AM
**To:** Barton, Denise <DBarton@umassp.edu>
**Cc:** John Harnois <mav86nois@gmail.com>
**Subject:** Response to Settlement Agreement

Ms. Barton,

See my enclosed response to your draft settlement.

Yellow Sticky Notes inserted:

Note 1 - "*Parties agree that Harnois at any time may disclose his story relating to and as told in this Litigation in any form including for commercial profit*" adds language permitting me to disclose my story.

Notes 2, 2a, and 2b change University to "*University Defendants*"

Note 3 - "*Parties agree/understand that this payment compensates Harnois solely for pain and suffering and emotional distress from physical injury and physical illness only as stemming from events described in Litigation; parties further agree/understand that no part of this payment constitutes debt forgiveness, replacement of wages, compensation for earnings potential or income or interest to Harnois*" adds language which classifies the payment

Notes 4 and 5 add language of "*against University Defendants*" after "Litigation"

Note 6 - "*by filing a motion with the Federal District Court of Massachusetts, which will retain jurisdiction for enforcement of this settlement*" changes the method of remedy. I want the District Court to retain jurisdiction; I do not want to seek remedy in a different Court.

Deleted Language:

Para (D)(1) sentence should end after agreement.

Para (D)(2)(a) the remaining language is sufficient to acknowledge my responsibility and hold you harmless.

Para (D)(3)(a) It is never in my interests to waive appeal rights; I cannot imagine foreseeing the need - but....

Para (D)(3)(b & c) This settlement is between me and University Defendants, releasing University Defendants from claims against them. The language sufficiently states my release of claims between us. I am not sure what you are trying to say in (c), and I will only accept language I understand as a layman. I do not have an attorney, nor will I have an attorney for this settlement. Moreover, under res judicata and/or collateral estoppel, I am prevented from re-litigating these issues in the complaint or what should have been in the complaint.

Para (D)(4) I want the Fed Court to retain jurisdiction; I understand that if the Court retains jurisdiction in its order regarding this settlement, and it is agreed to by the parties in the settlement agreement then the Court can retain jurisdiction. I do not favor filing suit for remedy in Mass State Court.

Para (D)(8) If either side wants to delay regarding this settlement then I consider it a material breach.

Para (D)(10) I cannot acknowledge such opportunity when I proceeded pro se and financial resources prevented such opportunity.

Para (D)(12) Unnecessary

Para (D)(13) This matter is for the Court to decide

4

Last Paragraph in bolded Caps: I repeat I cannot acknowledge such opportunity when I proceeded pro se and financial resources prevented such opportunity.

---

**From:** Barton, Denise
**Sent:** Tuesday, February 11, 2020 1:25 PM
**To:** John H <mav86nois@yahoo.com>
**Cc:** Marinelli, Cheryl <CMarinelli@umassp.edu>; Johnson, Mark A. <MAJohnson@umassp.edu>
**Subject:** RE: University's Acceptance of Your Settlement Offer

Mr. Harnois,

Attached is the Settlement Agreement and Release for your review.  If you would like me to consider any changes to the document, please indicate the change you wish to make and the reasoning for the change in a return email.  And should you have any questions, please also convey those to me in a return email.

Sincerely,

Denise Barton
Deputy General Counsel
University of Massachusetts
333 South Street
Shrewsbury, Massachusetts 01545
Phone: 774-455-7300

Notice: This is a communication from the University of Massachusetts.  If you are not the intended recipient or believe you have received this email in error, please delete this email and notify the sender.

---

**From:** John H <mav86nois@yahoo.com>
**Sent:** Wednesday, February 5, 2020 6:45 AM
**To:** Barton, Denise <DBarton@umassp.edu>
**Subject:** Re: University's Acceptance of Your Settlement Offer

I am in receipt of your email.  Please expedite documents for my review.  I will inform the Court of this development.

Sent from my iPhone

> On Feb 4, 2020, at 6:58 PM, Barton, Denise <DBarton@umassp.edu> wrote:

> February 4, 2020

> Mr. Harnois,

> The University defendants accept your February 3, 2020 written offer (below) to settle the matter of John Harnois v. University of Massachusetts Dartmouth, et al. (Case No. 19-10705-RGS) for $70,000.00 (seventy thousand dollars).

I will prepare a Settlement Agreement and Release concerning this settlement of the above-captioned case for your review.

Sincerely,

Denise Barton
Deputy General Counsel
University of Massachusetts
333 South Street
Shrewsbury, Massachusetts 01545
Phone: 774-455-7300


Notice: This is a communication from the University of Massachusetts. If you are not the intended recipient or believe you have received this email in error, please delete this email and notify the sender.


---

**From:** John H <mav86nois@yahoo.com>
**Sent:** Monday, February 3, 2020 3:58 PM
**To:** Barton, Denise <DBarton@umassp.edu>
**Cc:** John H <mav86nois@yahoo.com>
**Subject:** Re: Meeting


Ms. Barton,

To satisfy my demands, and settle the matter of John Harnois v. UMASS et al. I require **$50,000** for my damages **and $20,000** for the special damages of attorney fees which I spent in defending myself during UMASSD's title IX investigation, an investigation that should not have ever taken place. If this is amendable to you, I would agree to sign a joint letter to the Court dispensing of this matter. If not we can proceed to discovery.

Please inform me by 6 February 2020 which will be the date I will file my motions with the Court to which you did not assent.

Respectfully,

John Harnois


> On Oct 5, 2019, at 1:16 PM, John H <mav86nois@yahoo.com> wrote:
>
> Ms. Barton,
>
> I intend to have Counsel take over my case before, during or after Judge Stearns ruling on the matter of dismissal. Dealing with me simplifies the matter, especially with the matter of attorney fees. I imagine Luke Ryan (Haidak v. UMASS) will file a motion for attorney's fees under 42 USC 1988, and will be awarded a reasonable amount. Similarly

Pomona was recently required to pay a reasonable amount.
see   https://kcjohnson.files.wordpress.com/2019/10/pomona-atty-fees.pdf.

I don't see my case similar to BC or Haidak.  I see my case similar to Brandeis, which included egregious violations of due process in a case where John Doe received similar notice and similar warning. Yes Brandeis found him responsible, but the warning he received was less damning than the one I received.  Moreover Brandeis did not change his matriculated degree or sanction him with no contact, or restriction to access of University assets.

The BC jury awarded approx  $100,000. Haidak was awarded nominal damages re: the interim suspension, because he was offered adequate due process in his final hearing, whereas I wasn't. Regardless CA1 allowed for the filing for attorney's fees in District Court. I imagine Luke's fees are close to if not more than $100,000.  You will not prevail on the matter of my summary  interim suspension given that I was denied a hearing or notice. There was no exigency to suspend me or sanction me with a global Do Not Contact or Do Not Trespass. The complaint adequately alleges that UMASSD knew of complaints since December 2015 and for weeks leading up to the interim suspension, which is worse than the 13 days cited by CA1 in Haidak. Per FIRE and Save our Sons, the national average settlement in these matters is over $150,000, excluding attorneys fees for those case not sealed in nondisclosure agreements.

I hold I suffered special damages in having to hire Counsel to represent me when Cummings and Majewski denied me any opportunity to have a school advisor as required under UMASSD Policy. It cost me just under $20,000 to replace a school advisor for which I had the right to have per school mandated policy and of which was specifically denied me by Cummings and Majewski.

Additionally I hold that I lost 5 years of full funding with tuition, stipend, books and supples covered. That scholarship alone was worth $250,000 at a public school.  Then I must consider the "soft"damages from the pain and suffering and ridicule I suffered at the hands of UMASSD, then add the loss of any opportunity  to pursue my academic filed and profession of choice.

In order to settle this matter I require $100,000 plus interest since May 4, 2016, and reimbursement of the legal fees I spent on the Title IX matter, plus interest on same. In considering the national events regarding these cases, of which I stay current, I consider these demands more than reasonable.  Once I involve attorneys, this amount will not satisfy their fees, not to mention the internal billable hours of your office.  This case has just begun, and I do not see it ending in the near future but for a settlement as I propose.

If this settlement is reasonable I would be happy to file a joint dismissal with the Court.

Respectfully,

John Harnois


> On Oct 4, 2019, at 4:21 PM, Barton, Denise <DBarton@umassp.edu> wrote:

Dear Mr. Harnois,

If you would like to tender a reasonable monetary settlement offer, I will consider it with the University and respond accordingly.

Sincerely,

Denise Barton
Senior Litigation Counsel
University of Massachusetts
Office of the General Counsel
333 South Street
Shrewsbury, Massachusetts 01545
Phone: 774-455-7300

Notice: This is a communication from the University of Massachusetts. If you are not the intended recipient or believe you have received this email in error, please delete this email and notify the sender.

-----Original Message-----
From: John H <mav86nois@yahoo.com>
Sent: Tuesday, October 1, 2019 2:41 PM
To: Barton, Denise <DBarton@umassp.edu>
Cc: John H <mav86nois@yahoo.com>
Subject: Meeting

Dear Ms. Barton,

I filed my opposition today - a day early. After you review it, I suggest we meet in person to discuss settling this matter.

Perhaps I am wrong, but I do not believe Judge Stearns will dismiss my complaint in its entirety, and will likely provide me an opportunity to amend. I thought if he wanted to dismiss my complaint outright, and believed it had no merit, then he would have used the opportunity to dismiss it under 12b1.
If he does dismiss my complaint without offering me the opportunity to amend, I will of course appeal to CA1. If he allows several claims to go forward, discovery will ensue, which I believe UMASS would like to avoid.

UMASS is facing legal fees inasmuch as it will need to conduct discovery and/or defend an appeal up to CA1. Perhaps we can begin there.

Respectfully,

John Harnois

8

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between John Harnois ("Harnois") and the University of Massachusetts Dartmouth ("University"), Peyton Helm, Deborah Majewski, Scott Webster, David Gomes, John Buck, and Emil Fioravanti (collectively "University Defendants"). Harnois and University Defendants (collectively "parties") acknowledge the following:

A. Harnois and University Defendants are or were parties to United States District Court for the District of Massachusetts Case No. 1:19-cv-10705-RGS ("Litigation"). All filed documents in the case are incorporated as though fully set out in this Agreement *in haec verba* for the purpose of identifying all allegations and defining the term Litigation;

B. The parties desire to fully and completely settle and release all claims and rights which any one of them had, may have had, or may now have under any federal, state or local law or regulation against any other party to this Agreement, and to finally resolve all outstanding matters concerning the Litigation;

C. The parties wish to settle this matter solely to avoid the expense, uncertainty and burden of continued litigation; and

D. The parties enter into this Agreement for the good and valuable consideration detailed in this Agreement. The parties agree they would not be entitled to this consideration but for this Agreement.

NOW THEREFORE, in consideration of the covenants and representations contained in this Agreement, the accuracy of which is acknowledged, and for the consideration described in the Agreement, the adequacy of which is acknowledged, the parties further agree as follows:

1. No Admission. Nothing contained in this Agreement shall be construed as an admission by any party that it acted wrongfully at any time with respect to any other party to this Agreement or with respect to any other person or entity;

2. Consideration Provided to Harnois by University Defendants: In addition to the obligations set forth elsewhere in this Agreement, the following consideration for this Agreement shall be provided by the University Defendants to Harnois:

*Settlement Agreement and Release, Case No. 1:19-cv-10705-RGS, Page 2*

(a)     Payment: The University Defendants will, after receipt of an executed IRS Form W-9 from Harnois, make payment to Harnois in the amount of Seventy Thousand Dollars and No Cents ($70,000.00), which payments include all sums awardable of whatever kind for claims that were asserted or could have been asserted against the University Defendants, including attorneys' fees and costs. The parties agree that this payment does not, in whole or in part, constitute consideration for debt forgiveness, replacement of wages, compensation for work performed, or any other form of earnings, income, or interest thereon. Harnois acknowledges that he has an independent obligation to determine and make lawful decisions regarding payment of taxes under applicable law. The parties agree that in the event any taxing authority determines payments made pursuant to this Agreement are taxable, Harnois is solely responsible for the payment of all such taxes and shall hold University Defendants harmless for such payments;

3. Consideration Provided to University Defendants by Harnois. In addition to the obligations set forth elsewhere in the Agreement, the following consideration for this Agreement shall be furnished by Harnois to University Defendants:

(a)     Harnois acknowledges that he is forever releasing and relinquishing any right he may have had to proceed with any and all claims concerning the Litigation including, but not limited to, any trial of any issue, costs, attorneys' fees, claim, or demand that was or might have been presented, is waiving all rights of appeal, and is bearing his own fees, including attorneys' fees and costs;

(b)     Harnois, for himself and for his assigns, heirs, executors and administrators, knowingly and voluntarily releases and forever discharges University Defendants and all of their past, present and future trustees, affiliates, employees, officers, advisors, agents, representatives, successors and assigns, whether acting in an individual capacity or on behalf of any University Defendant, from all claims, demands, causes of action, grievances, and liabilities of any kind upon any legal or equitable theory, whether contractual, common law, statutory, federal, state, local, or otherwise and including, but not limited to, any claim or right under 20 U.S.C. § 1681, et seq. (Title IX of the Education Amendment of 1972), as amended, the Civil Rights Act of 1964, as amended, M.G.L. ch. 151B, as amended, the Massachusetts Civil Rights Act, as amended, M.G.L. c. 214 § 1C, 42 U.S.C. § 1983, and any claims for fees, costs, and disbursements of any kind, whether known or unknown, which Harnois now has, ever had, or hereafter may discover, against University Defendants or any agent or independent contractor of any University Defendant based on any actual or alleged act, omission, transaction, practice, conduct, event, or other matter, that pre-dates the execution of the Agreement, including all alleged claims concerning the Litigation.

*Settlement Agreement and Release, Case No. 1:19-cv-10705-RGS, Page 3*

Harnois expressly understands and agrees that to the extent that any one or more provision(s) of any law or of any principle(s) of common law of any state or country is or are in any way applicable to limit the scope and/or operation of the release set forth in this Agreement including, but not limited to, limitations on the effect of such release on unknown or unsuspected claims, such provision(s) and principle(s) are hereby knowingly and voluntarily waived by Harnois. In signing this Agreement, Harnois waives and releases all damages, including future damages, arising from the released events. Without limiting the generality of the foregoing, Harnois releases and discharges University Defendants from all legal or equitable claims of whatever kind that he has or may discover which arose any time up to and including the date of this Agreement;

(c)     Harnois agrees that he will not, from any source or proceeding, seek or accept any award or settlement (except the consideration described in ¶ 2) concerning the Litigation or any claim or right concerning ¶ 3, above. Harnois further agrees, except to the extent prohibited by law, that he will not commence, maintain, prosecute, or participate in as a party (unless compelled by legal process or court order), knowingly permit to be filed by any other person on his behalf or, after the date on which this Agreement is executed, participate in the prosecution or commencement of or be a witness in (unless compelled by legal process or court order) any action or proceeding of any kind, judicial or administrative (on his own behalf, on behalf of any other person and/or on behalf of or as a member of any alleged class of persons) in any court, agency, or investigative or administrative body against any University Defendant with respect to any actual or alleged act, omission, transaction, practice, conduct, or any other matter arising out of or pertaining to the subject matter which forms the basis of this Agreement. Harnois further represents that as of the date he signs this Agreement, he has not taken any action encompassed by this paragraph. If, notwithstanding the foregoing promises, Harnois violates this Paragraph, he shall indemnify and hold harmless University Defendants from and against any and all demands, assessments, judgments, costs, damages, losses and liabilities and attorneys' fees and other expenses which result from, or are incident to, such violation;

4.     <u>Rights and Remedies Upon Breach</u>. The parties agree that a material violation of any part of this Agreement by any party to this Agreement constitutes a violation of the entire Agreement. The parties further agree that this Agreement constitutes a valid contract between them and that either party may enforce this Agreement in the state courts of the Commonwealth of Massachusetts;

5.      No Pay or Benefits Owed: Harnois affirms that no pay, leave (paid or unpaid), compensation, wages, bonuses, commissions, or benefits are due to him from University Defendants.  Harnois further affirms that he has no known workplace injuries or occupational diseases concerning University Defendants and that University Defendants have not denied him any benefit or requested leave including, but not limited to, FMLA leave;

6.      Severability of Covenants.  The parties acknowledge and agree that the Agreement is reasonable in all respects.  If any court of competent jurisdiction determines that any portion of this Agreement is invalid or unenforceable, the remainder of the Agreement shall not be affected and shall be given full effect without regard to the invalid portion(s);

7.      Entire Agreement.  This Agreement contains and represents the entire understanding and agreement between the parties and supersedes all prior negotiations, discussions, understandings and agreements, written or oral, with respect to this Agreement and/or the Litigation;

8.      Waivers and Amendments.  This Agreement may be modified, and its terms and conditions may be waived, only by a written document signed by the parties or, in the case of a waiver, by the party waiving compliance.  No delay on the part of any party in exercising any right, power, or privilege shall operate as a waiver.  Nor shall any waiver on the part of any party of any such right, power, or privilege, nor any single or partial exercise of any right, power, or privilege, preclude any other or further exercise of any other right, power, or privilege;

9.      Governing Law.  The parties agree that this Agreement constitutes a valid contract between them and that the Agreement, and all disputes concerning it, whether arising in contract, tort or otherwise, shall be governed by and construed in accord with Massachusetts law without reference to its conflict of law principles;

10.     Neutral Construction.  Each party to this Agreement acknowledges that each has had the opportunity to carefully review its provisions, and that each fully understands its provisions.  Each party to this Agreement and each party's attorney has had the opportunity to review and participate in the drafting of this Agreement, and accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting parties will not be employed or used in any interpretation of this Agreement;

11.    Assignment.   The obligations of Harnois under this Agreement may not be assigned, delegated or transferred in any manner, nor are such obligations subject to involuntary alienation, assignment, or transfer.   University Defendants shall have the right to assign this Agreement and to delegate all rights, duties and obligations under it, either in whole or in part, to any affiliate, successor or subsidiary entity or agency;

12.    Headings.   The headings in this Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement; and

13.    Attorneys' Fees.   If any party breaches this Agreement and suit is filed, the prevailing party shall recover its costs of suit, including reasonable attorneys' fees.

EACH OF THE PARTIES LISTED BELOW HAS READ AND FULLY UNDERSTANDS THIS AGREEMENT AND EACH PROVISION OF THIS AGREEMENT.  EACH OF THE PARTIES LISTED BELOW FURTHER CERTIFIES AND WARRANTS THAT HE, SHE OR IT ENTERS INTO THIS AGREEMENT KNOWLEDGEABLY, VOLUNTARILY, AND WITH THE OPPORTUNITY TO RECEIVE ADVICE FROM COUNSEL, AND THAT THIS AGREEMENT HAS BEEN EXECUTED BY A REPRESENTATIVE OF EACH PARTY WITH THE ACTUAL AUTHORITY TO EXECUTE THIS AGREEMENT.

| John Harnois | University of Massachusetts Dartmouth |
|---|---|
| | By: _____ |
| John Harnois | Its: _____ |
| Dated: _____ | Dated: _____ |
| | |
| | University Defendants |
| | By their authorized counsel: |
| | |
| | _____ |
| | Denise Barton, Deputy General Counsel |
| | BBO No. 675245 |
| | Dated: _____ |