# Exhibit 6

Case No. 1:19-cv-10705-RGS

Motion to Enforce Settlement

February 25, 2020

(E-mail dated February 21, 2020)

EXHIBIT 6

## Marinelli, Cheryl

**Subject:**                    Re:  University's Acceptance of Your Settlement Offer - Responses to your proposed
                                edits and revised draft Agreement


**From:** John Harnois <mav86nois@gmail.com>
**Date:** February 21, 2020 at 5:53:04 PM EST
**To:** "Barton, Denise" <DBarton@umassp.edu>
**Cc:** John Harnois <mav86nois@gmail.com>
**Subject: Re:  University's Acceptance of Your Settlement Offer - Responses to your proposed edits and revised draft Agreement**

   Ms. Barton,

With this email I hereby  rescind my offer of February 3rd, 2020, because the offer was founded on a mistake of law regarding tax consequences - I believed any settlement would be free of tax consequences. Additionally the offer was founded at best on a mutual mistake related to the extent of the discovery available to me in this case, and at worst you might have done two things in bad faith; first, giving me an opinion of law when you knew that I am not represented by counsel while I am your adversary, and second, potentially mischaracterizing your knowledge of the law as the basis of that opinion.

On Monday Feb 3rd (during 26(f) conference) you repeatedly condescended that I did not know the law, needed to read and apply the Federal Rules of Procedure, that you did not have the time nor the obligation to teach me the law,  that I needed to read the scheduling order again because I was only getting 30 interrogatories, 30..... and 5 depositions total for all clients to develop discovery in the case, and I would need to develop proof with the available discovery offered.  At each opportunity you disparaged my knowledge and application of the law and Rules of Federal Civil Procedures. When I attempted to schedule depositions with you, you stated each deposition would be one of five that I would receive and I would receive no more. Believing what you told me,  I felt I could not prove my case against 7 Defendants and for 8 claims with merely one set of interrogatories, etc..  Hence, because of the advice you provided I felt compelled to make a significantly reduced offer compared to my prior settlement offers. Further I believed such settlement would be for of encumbrances or tax consequences.

Yet what you advised me regarding discovery in this case is not nearly accurate. Evidence of the confusion was illustrated in our conversation on February 3rd, and by the subsequent motion and memo to the Court for clarification (Dckt 72 & 73).  Clearly the basis of my offer was not based on a clear understanding of the law or the facts of the case, which occurred either through my ignorance or your attempt to take advantage of a legal layman by inaccurately providing me advice as to the law in general as to specifically applied in this case.  Of course I will bring this to the attention of the court.

Consequently, neither party will suffer sequelae since each is in the same position as prior to the settlement attempt. I recommend any future similar settlement discussion occur in person, or in lengthy detailed phone discussion.  Additionally henceforth, I will require the recording of any phone call or in person conference between us. If you refuse to consent to such recording, then I would respectfully decline such meeting or communication.

I will inform the Court of the settlement breakdown, the reasons therefor, seek termination of the stay, and will proceed with discovery.  As I mentioned on February 3, 2020 I am amenable to Court mediation

either prior or subsequent to discovery completion.  If the results of mediation are fair and equitable, I would agree to accepting same.

If you choose to fight this rescission, I will gladly seek a hearing with the Court, under oath, and explain why I offered a significantly reduced amount, which precipitated from the February 3rd conference, your inappropriate legal advice,  and which caused the subsequent request for clarification with the Court.

Respectfully,

John Harnois

> On Feb 19, 2020, at 4:41 PM, John H <mav86nois@yahoo.com> wrote:
>
> Ms. Barton,
>
> Thank you for responding to my last email with suggestions for editions.  I have read and considered your clients' positions and refusals to accept my suggestions.  It appears we have come to an impasse on the language and terms of the settlement, and I will not continue with settlement ping pong by email, which will take weeks or months.   I suggest one of two actions: 1) We meet in person to discuss language and reasons to include or exclude sentences or words, and 2) ask the Court for timely pre-discovery mediation without consideration of the present settlement negotiation.
>
> If neither of these options interest University Defendants, then please inform by 1600 on Friday.  If I do not hear from you by then, I will assume your clients are not interested in my proposals, and will file a motion with the Court to lift the stay so we can proceed with discovery.
>
> As an aside, my offer of $70,000 to settle this matter was a  low-ball figure, so we could dispose of this suit promptly.  The minimal amount was founded  on two  mistakes of facts and law: first, during our supposed Rule 26(f) conference you convinced me that I had but only 1 set of interrogatories, etc... and 5 depositions, with which to develop all my discovery, and second I made a mistake of law believing that any settlement could not be reduced through taxes.  That notwithstanding I had hoped I could quickly dispose of this suit and settle with University Defendants with the present offer on the table vice rescinding it for reasons noted.
>
> I look forward to hearing from you, so we can in good faith dispose of this matter.
>
> Respectfully,
>
> John Harnois
>
> > On Feb 19, 2020, at 3:29 PM, Barton, Denise <DBarton@umassp.edu> wrote:
> >
> > Mr. Harnois,

I have reviewed the edits you proposed on Friday, February 14, 2020 concerning the Settlement Agreement and Release ("Agreement") I sent to you on February 11, 2020.  I have edited the Agreement (see attached document) to reflect the edits suggested by you to which the University defendants will agree, as noted below.  As to the remainder of your suggestions with which the University Defendants do not agree, I also address them below.  In addressing your suggestions, I have put your exact words from your 2/14/20 email in bold black type and combined the "sticky note" and "deleted language" comments you made into logical groupings and set them out in the order in which they occur in the Agreement.  Below each of your comments, I have stated, in blue type, the University Defendants' responses to your suggestions.

A. Note 1 - "*Parties agree that Harnois at any time may disclose his story relating to and as told in this Litigation in any form including for commercial profit*" **adds language permitting me to disclose my story.  Para (D)(1) sentence should end after agreement.**

   1. The University Defendants <u>do not agree</u> to delete the language in Paragraph 1, page 1 which reads "or with respect to any other person or entity."  Put simply, no party is admitting <u>any</u> wrongful action in entering the Agreement.

   2. The University Defendants <u>do not agree</u> to add the new sentence you propose because the Agreement, as drafted and provided to you on February 11, 2020, does not contain any language precluding you from any action you appear to describe in the language you propose to insert, provided such action is otherwise lawful.

B. Notes 2, 2a, and 2b **change University to "*University Defendants*"  Para (D)(2)(a) the remaining language is sufficient to acknowledge my responsibility and hold you harmless.**

   1. The University Defendants <u>have made the proposed edit</u> you suggested in your "sticky note" to Paragraph 2(a) in the attached, revised draft of the Agreement.

   2. The University Defendants <u>have made the proposed edit</u> you suggested, by deleting the third sentence of Paragraph 2(a), in the attached, revised draft of the Agreement.

C. Note 3 - "*Parties agree/understand that this payment compensates Harnois solely for pain and suffering and emotional distress from physical injury and physical illness only as stemming from events described in Litigation; parties further agree/understand that no part of this payment constitutes debt forgiveness, replacement of wages, compensation for earnings potential or income or interest to Harnois*" **adds language which classifies the payment**

    1. The University Defendants <u>have made an edit</u> and, in doing so, have inserted language similar to the language you suggested after the semicolon in your above sentence as the now second sentence of Paragraph 2(a), in the attached, revised draft of the Agreement.  The newly inserted language reads as follows: The parties agree that this payment does not, in whole or in part, constitute consideration for debt forgiveness, replacement of wages, compensation for work performed, or any other form of earnings, income, or interest thereon.

D. Notes 4 and 5 add language of "*against University Defendants*" after "Litigation"

    1. As Litigation is a defined term in the Agreement (Paragraph A, page 1), the insertion of the words "against University Defendants" is superfluous and <u>has not</u> been added to Paragraph 3(a).

E. Para (D)(3)(a) It is never in my interests to waive appeal rights; I cannot imagine foreseeing the need - but....

    1. The University Defendants <u>do not agree</u> to delete the clause in Paragraph 3(a) which reads "is waiving all rights of appeal."

F. Para (D)(3)(b & c) This settlement is between me and University Defendants, releasing University Defendants from claims against them.  The language sufficiently states my release of claims between us.  I am not sure what you are trying to say in (c), and I will only accept language I understand as a layman.  I do not have an attorney, nor will I have an attorney for this settlement.  Moreover, under res judicata and/or collateral estoppel, I am prevented from re-litigating these issues in the complaint or what should have been in the complaint.

    1. The language, as stated in Paragraph 3(b) and 3(c) of the Agreement contains essential terms of the release that you are providing in exchange for the money that the University Defendants will pay to you as consideration for that release.  The University Defendants <u>have not</u> made your suggested deletions from those paragraphs of the Agreement.

G. Para (D)(4) I want the Fed Court to retain jurisdiction; I understand that if the Court retains jurisdiction in its order regarding this settlement, and it is agreed to by the parties in the settlement agreement then the Court can retain jurisdiction.  I do not favor filing suit for remedy in Mass State Court.  Note 6 - "*by filing a motion with the Federal District Court of Massachusetts, which will retain jurisdiction for enforcement of this settlement*" changes the method of remedy.  I want the District Court to retain jurisdiction; I do not want to seek remedy in a different Court.

1. As you know, this case will be dismissed once the settlement is finalized.  If another action is filed concerning the enforcement of the Agreement by any party to the Agreement, it will be a contract action and, as a matter of law, jurisdiction concerning such a matter will only obtain in the appropriate Massachusetts state court.  Therefore, the University Defendants <u>have not made</u> your proposed edit.

H. **Para (D)(8)  If either side wants to delay regarding this settlement then I consider it a material breach.**

   1. The edit you propose is unrelated to your conclusion.  Paragraph D(8) is addressing only modifications/amendments/waivers of the Agreement once it has been executed.  As such, the University Defendants <u>have not made</u> your proposed edit.

I. **Para (D)(10)  I cannot acknowledge such opportunity when I proceeded pro se and financial resources prevented such opportunity.  Last Paragraph in bolded Caps: I repeat I cannot acknowledge such opportunity when I proceeded pro se and financial resources prevented such opportunity.**

   1. While the University Defendants have no information about the reasons underlying your decision to proceed without a lawyer (other than what you have stated to me in emails concerning the lawyer(s) that you stated have considered representing you) and, further, note that this is a customary settlement provision, the University Defendants have edited Paragraph D(10) and the final paragraph preceding the signature blocks to accommodate your commentary on this issue, as follows:  Each party to this Agreement acknowledges that each has had the opportunity to carefully review its provisions, and that each fully understands its provisions.  Each party to this Agreement and each party's attorney has had the opportunity to review and participate in the drafting of this Agreement, and accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting parties will not be employed or used in any interpretation of this Agreement.

J. **Para (D)(12)  Unnecessary**

   1. The University Defendants <u>have not made</u> your proposed edit to Paragraph D(12) as this paragraph provides contractual clarity.

K. **Para (D)(13) This matter is for the Court to decide**

1. **The University Defendants <u>have not made</u> your proposed edit to Paragraph D(13) as the inclusion of this language is deliberately included to ensure that all parties carefully assess the matter at hand (e.g. a perceived breach) before instituting a legal action concerning the Agreement.**

Sincerely,


Denise Barton
Deputy General Counsel
University of Massachusetts
333 South Street
Shrewsbury, Massachusetts 01545
Phone: 774-455-7300

Notice: This is a communication from the University of Massachusetts.  If you are not the intended recipient or believe you have received this email in error, please delete this email and notify the sender.

**From:** Barton, Denise
**Sent:** Friday, February 14, 2020 5:13 PM
**To:** John Harnois <mav86nois@gmail.com>
**Cc:** Johnson, Mark A. <MAJohnson@umassp.edu>; Marinelli, Cheryl <CMarinelli@umassp.edu>
**Subject:** RE: Response to Settlement Agreement

Mr. Harnois,

I will review your proposed edits and respond as promptly as possible.

Sincerely,


Denise Barton
Deputy General Counsel
University of Massachusetts
333 South Street
Shrewsbury, Massachusetts 01545
Phone: 774-455-7300

Notice: This is a communication from the University of Massachusetts.  If you are not the intended recipient or believe you have received this email in error, please delete this email and notify the sender.

**From:** John Harnois <mav86nois@gmail.com>
**Sent:** Friday, February 14, 2020 10:51 AM
**To:** Barton, Denise <DBarton@umassp.edu>

Cc: John Harnois <mav86nois@gmail.com>
**Subject:** Response to Settlement Agreement

Ms. Barton,

See my enclosed response to your draft settlement.

<u>Yellow Sticky Notes inserted</u>:

Note 1 - "*Parties agree that Harnois at any time may disclose his story relating to and as told in this Litigation in any form including for commercial profit*" adds language permitting me to disclose my story.

Notes 2, 2a, and 2b change University to "*University Defendants*"

Note 3 - "*Parties agree/understand that this payment compensates Harnois solely for pain and suffering and emotional distress from physical injury and physical illness only as stemming from events described in Litigation; parties further agree/understand that no part of this payment constitutes debt forgiveness, replacement of wages, compensation for earnings potential or income or interest to Harnois*" adds language which classifies the payment

Notes 4 and 5 add language of "*against University Defendants*" after "Litigation"

Note 6 - "*by filing a motion with the Federal District Court of Massachusetts, which will retain jurisdiction for enforcement of this settlement*" changes the method of remedy. I want the District Court to retain jurisdiction; I do not want to seek remedy in a different Court.

<u>Deleted Language</u>:

Para (D)(1) sentence should end after agreement.

Para (D)(2)(a) the remaining language is sufficient to acknowledge my responsibility and hold you harmless.

Para (D)(3)(a) It is never in my interests to waive appeal rights; I cannot imagine foreseeing the need - but....

Para (D)(3)(b & c) This settlement is between me and University Defendants, releasing University Defendants from claims against them. The language sufficiently states my release of claims between us. I am not sure what you are trying to say in (c), and I will only accept language I understand as a layman. I do not have an attorney, nor will I have an attorney for this settlement. Moreover, under res judicata and/or collateral estoppel, I am prevented from re-litigating these issues in the complaint or what should have been in the complaint.

Para (D)(4) I want the Fed Court to retain jurisdiction; I understand that if the Court retains jurisdiction in its order regarding this settlement, and it is agreed to by the parties in the settlement agreement then the Court can retain jurisdiction. I do not favor filing suit for remedy in Mass State Court.

Para (D)(8)  If either side wants to delay regarding this settlement then I consider it a material breach.

Para (D)(10)  I cannot acknowledge such opportunity when I proceeded pro se and financial resources prevented such opportunity.

Para (D)(12)  Unnecessary

Para (D)(13) This matter is for the Court to decide

Last Paragraph in bolded Caps: I repeat I cannot acknowledge such opportunity when I proceeded pro se and financial resources prevented such opportunity.

---

**From:** Barton, Denise
**Sent:** Tuesday, February 11, 2020 1:25 PM
**To:** John H <mav86nois@yahoo.com>
**Cc:** Marinelli, Cheryl <CMarinelli@umassp.edu>; Johnson, Mark A. <MAJohnson@umassp.edu>
**Subject:** RE: University's Acceptance of Your Settlement Offer

Mr. Harnois,

Attached is the Settlement Agreement and Release for your review.  If you would like me to consider any changes to the document, please indicate the change you wish to make and the reasoning for the change in a return email.  And should you have any questions, please also convey those to me in a return email.

Sincerely,

Denise Barton
Deputy General Counsel
University of Massachusetts
333 South Street
Shrewsbury, Massachusetts 01545
Phone: 774-455-7300

Notice: This is a communication from the University of Massachusetts.  If you are not the intended recipient or believe you have received this email in error, please delete this email and notify the sender.

---

**From:** John H <mav86nois@yahoo.com>
**Sent:** Wednesday, February 5, 2020 6:45 AM
**To:** Barton, Denise <DBarton@umassp.edu>
**Subject:** Re: University's Acceptance of Your Settlement Offer

I am in receipt of your email. Please expedite documents for my review. I will inform the Court of this development.

Sent from my iPhone

> On Feb 4, 2020, at 6:58 PM, Barton, Denise <DBarton@umassp.edu> wrote:

> February 4, 2020

> Mr. Harnois,

> The University defendants accept your February 3, 2020 written offer (below) to settle the matter of John Harnois v. University of Massachusetts Dartmouth, et al. (Case No. 19-10705-RGS) for $70,000.00 (seventy thousand dollars).

> I will prepare a Settlement Agreement and Release concerning this settlement of the above-captioned case for your review.

> Sincerely,

> Denise Barton
> Deputy General Counsel
> University of Massachusetts
> 333 South Street
> Shrewsbury, Massachusetts 01545
> Phone: 774-455-7300

> Notice: This is a communication from the University of Massachusetts. If you are not the intended recipient or believe you have received this email in error, please delete this email and notify the sender.

> **From:** John H <mav86nois@yahoo.com>
> **Sent:** Monday, February 3, 2020 3:58 PM
> **To:** Barton, Denise <DBarton@umassp.edu>
> **Cc:** John H <mav86nois@yahoo.com>
> **Subject:** Re: Meeting

> Ms. Barton,

To satisfy my demands, and settle the matter of John Harnois v. UMASS et al. I require **$50,000** for my damages **and** **$20,000** for the special damages of attorney fees which I spent in defending myself during UMASSD's title IX investigation, an investigation that should not have ever taken place. If this is amendable to you, I would agree to sign a joint letter to the Court dispensing of this matter. If not we can proceed to discovery.

Please inform me by 6 February 2020 which will be the date I will file my motions with the Court to which you did not assent.

Respectfully,

John Harnois

> On Oct 5, 2019, at 1:16 PM, John H <mav86nois@yahoo.com> wrote:
>
> Ms. Barton,
>
> I intend to have Counsel take over my case before, during or after Judge Stearns ruling on the matter of dismissal. Dealing with me simplifies the matter, especially with the matter of attorney fees. I imagine Luke Ryan (Haidak v. UMASS) will file a motion for attorney's fees under 42 USC 1988, and will be awarded a reasonable amount. Similarly Pomona was recently required to pay a reasonable amount. see https://kcjohnson.files.wordpress.com/2019/10/pomona-atty-fees.pdf.
>
> I don't see my case similar to BC or Haidak. I see my case similar to Brandeis, which included egregious violations of due process in a case where John Doe received similar notice and similar warning. Yes Brandeis found him responsible, but the warning he received was less damning than the one I received. Moreover Brandeis did not change his matriculated degree or sanction him with no contact, or restriction to access of University assets.

The BC jury awarded approx $100,000.
Haidak was awarded nominal damages
re: the interim suspension, because he
was offered adequate due process in
his final hearing, whereas I wasn't.
Regardless CA1 allowed for the filing for
attorney's fees in District Court. I
imagine Luke's fees are close to if not
more than $100,000. You will not
prevail on the matter of my
summary interim suspension given that
I was denied a hearing or notice. There
was no exigency to suspend me or
sanction me with a global Do Not
Contact or Do Not Trespass. The
complaint adequately alleges that
UMASSD knew of complaints since
December 2015 and for weeks leading
up to the interim suspension, which is
worse than the 13 days cited by CA1 in
Haidak. Per FIRE and Save our Sons, the
national average settlement in these
matters is over $150,000, excluding
attorneys fees for those case not sealed
in nondisclosure agreements.

I hold I suffered special damages in
having to hire Counsel to represent me
when Cummings and Majewski denied
me any opportunity to have a school
advisor as required under UMASSD
Policy. It cost me just under $20,000 to
replace a school advisor for which I had
the right to have per school mandated
policy and of which was specifically
denied me by Cummings and Majewski.

Additionally I hold that I lost 5 years of
full funding with tuition, stipend, books
and supples covered. That scholarship
alone was worth $250,000 at a public
school. Then I must consider the
"soft"damages from the pain and
suffering and ridicule I suffered at the
hands of UMASSD, then add the loss of
any opportunity to pursue my
academic filed and profession of
choice.

In order to settle this matter I require
$100,000 plus interest since May 4,

2016, and reimbursement of the legal fees I spent on the Title IX matter, plus interest on same. In considering the national events regarding these cases, of which I stay current, I consider these demands more than reasonable.  Once I involve attorneys, this amount will not satisfy their fees, not to mention the internal billable hours of your office.  This case has just begun, and I do not see it ending in the near future but for a settlement as I propose.

If this settlement is reasonable I would be happy to file a joint dismissal with the Court.

Respectfully,

John Harnois

> On Oct 4, 2019, at 4:21 PM, Barton, Denise <DBarton@umassp.edu> wrote:
>
> Dear Mr. Harnois,
>
> If you would like to tender a reasonable monetary settlement offer, I will consider it with the University and respond accordingly.
>
> Sincerely,
>
> Denise Barton
> Senior Litigation Counsel
> University of Massachusetts
> Office of the General Counsel
> 333 South Street
> Shrewsbury, Massachusetts 01545
> Phone: 774-455-7300
>
> Notice: This is a

communication from the University of Massachusetts.  If you are not the intended recipient or believe you have received this email in error, please delete this email and notify the sender.

-----Original Message-----

From: John H <mav86nois@yahoo.com>
Sent: Tuesday, October 1, 2019 2:41 PM
To: Barton, Denise <DBarton@umassp.edu>
Cc: John H <mav86nois@yahoo.com>
Subject: Meeting

Dear Ms. Barton,

I filed my opposition today - a day early. After you review it, I suggest we meet in person to discuss settling this matter.

Perhaps I am wrong, but I do not believe Judge Stearns will dismiss my complaint in its entirety, and will likely provide me an opportunity to amend.  I thought if he wanted to dismiss my complaint outright, and believed it had no merit, then he would have used the opportunity to dismiss it under 12b1.

If he does dismiss my complaint without offering me the opportunity to amend, I will of course appeal to CA1.  If he allows several claims to go forward, discovery will ensue, which I believe UMASS would like to avoid.

UMASS is facing legal fees inasmuch as it will need to conduct discovery and/or defend an appeal up to CA1.  Perhaps we can begin there.

Respectfully,

John Harnois

<20-02-19 Settlement Agreement and Release revised draft.pdf>