**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

**-----------------------------------------------X**
**JOHN HARNOIS, )**
**Plaintiff, )**
**) Civil Action No: 1:19-CV-10705-RGS**
**v. )**
**)**
**)**
**UMASS at DARTMOUTH, et als, )**
**Defendants. )**
**-----------------------------------------------X**

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION**

**TO TOLL TIME TO FILE HIS MOTION TO STRIKE UNDER RULE 12(f)**

John Harnois,
510 Child St., APT 302B
Warren, RI 02885
(508) 333-1728

PLAINTIFF, Pro

## PROCEDURAL HISTORY

On November 12, 2019 Defendants filed their Answer (Dckt. 65). Since then the Court filed multiple rulings staying the proceedings in this case from November 16, 2109 until March 6, 2020: stay of 45 days related to Plaintiff's illness (Dckt. 66); stay of 30 days related to Ms. Barton's hip surgery (Dckt. 71), and 30 days until March 6 related to potential settlement of case (Dckt. 76). On February 25, 2020 Defendants prematurely filed their Motion to Enforce Settlement (Dckts. 78/79), since case was stayed until March 6, 2020. The Court granted Plaintiff's extension request until March 21, 2020 to file his Opposition to Defendants' Motion to Enforce Settlement (Dckt. 81). Plaintiff intends to file inter alia a Motion to Strike Defendants' Answer per 12(f). Plaintiff now brings this Motion to Toll Time to prevent inefficient use of the Court's time and assets pending the Defendants' dispositive motion.

## STANDARD OF REVIEW

Plaintiff respectfully brings this motion to toll time to prevent wasted efforts of the Court and opposing counsel under Fed. R. Civ. P. Rules 1, 11 and 12(f).

Rule 1 in states: *These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.*

Rule 11(b)(1) in states in relevant part: *"it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;"*

Rule 12(f)(2) states: *"(f) Motion to Strike. (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."*

## ARGUMENT

The Court stayed this case continuously from November 16, 2019 thru March 6, 2020. Plaintiff has 21 days from Defendants' Answer to file a Motion to Strike per 12(f). Plaintiff has ten days remaining to file his 12(f) Motion from the filing of this Motion to Toll. Given Defendants

dispositive Motion to Enforce Settlement, Plaintiff holds that it would be a waste of the Court's time to consider, and opposing Counsel's efforts to consider a motion that might be moot pending the Court's decision on Dckt. 78. Yet without leave of the Court, the Plaintiff's ability to file a 12(f) Motion would be foreclosed if he waits to file his motion past the statutory 21- day deadline. In his opposition, Plaintiff will dispute material terms of the alleged binding contract and counsel's authority to bind all Defendants for an aggregate settlement, which will likely compel an evidentiary hearing. *Malave v. Carney Hosp.,* 170 F.3d 217, 220 (1st Cir.1999).[1] Such requirements would extend a meaningful filing of his Rule 12(f) Motion.

**CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests the Court to grant him leave of fourteen (14) days to file his Rule 12(f) Motion subsequent to the Court's ruling on Defendants' motion (Dckt. 78/79).

Respectfully Submitted: Date: March 16, 2020

By: John Harnois, Pro Se

/s/ *John Harnois*
510 Child Street, APT 302B, Warren, RI 02885
Doe.John.123199@gmail.com; (508) 333-1728

**CERTIFICATE OF SERVICE**

I, John Harnois, Pro Se, hereby certify that the above document was transmitted through the CM/ECF electronic filing system of the United States District Court, to Ms. Barton, counsel for Defendants.

Date: March 16, 2020

By: /s/ *John Harnois*
John Harnois

[1] "A trial court may not, summarily enforce a purported settlement agreement if there is a genuinely disputed question of material fact regarding the existence or terms of that agreement. In such circumstances, the cases consentingly hold that the court instead must take evidence to resolve the contested issues of fact."