**From:** John H mav86nois@yahoo.com
**Subject:** Communication with non-parties at UMassD
**Date:** April 30, 2019 at 2:35 PM
**To:** Barton, Denise DBarton@umassp.edu, umasspresident@umassp.edu, Emil Fioravanti efioravanti@umassd.edu
**Cc:** John H mav86nois@yahoo.com



Ms. Barton,

Today I called Mr. Fioravanti to discuss his providing me the name of the unidentified professor in the redacted police report and his providing me a copy of my request for information since to appeal the denial of same, I am required to provide a copy of my initial request.  Mr. Fioravanti told me that you directed him not to speak to me and that any concerns that he would address must be directed to you.

I am troubled by this response since I hold its a violation of Rule 4.2 comment 7, and Rule 3.4.  Mr Fioravanti is neither accused at present of wrong doing as it relates to my complaint, nor is he "an  agent or employee who exercises managerial responsibility in the matter, who are alleged to have committed the wrongful acts at issue in the litigation  or who have authority on behalf of the organization to make decisions about the course of the litigation.  Furthermore, witnesses, not part of this suit should not be directed by you to avoid speaking to me, and concealing evidence in an ongoing civil investigation.

It appears you have told all employees at UMassD not to speak to me or provide me information that I have requested per FOIA. I hold this action is an ethics violation, which I consider reporting.  Additionally, I hold that the denial of the identity of the unnamed professor is a concerted action to hide a crime to wit  the unnamed professor and several UMassD officials effected together the false filing of criminal complaints which is a crime, and the concealing that crime is an ongoing enterprise. It appears that Mr Fioravanti is a part of the effort to conceal the effort to file false criminal charges. Further it appears that you are advising Mr Fioravanti how to cover up his involvement, and protect the identity of potential criminal defendant, which I contend is a serious ethics violation of Rule 1.2(d) and Rule 1.13(b).

If you plan on creating a firewall, keeping me away from potential witnesses and evidence, I will simply name additional witnesses and get information through discovery of parties.  I seem to remember your referencing FRCP Rule 1 recently.

I have called the Board of Bar Overseers on this matter seeking advice, and will file an ethics complaint depending on their recommendation.

Denise I tire of the endless shenanigans perpetrated by your clients and now apparently those of the general counsel's office.

Respectfully,

John Harnois