**From:** John Harnois mav86nois@gmail.com
**Subject:** Re: Rescission of Settlement Offer
**Date:** March 4, 2020 at 3:35 PM
**To:** Denise Barton DBarton@umassp.edu
**Cc:** John Harnois mav86nois@gmail.com



Ms. Barton,

We are in a position of nearly settling this matter, but there are several issues, which I find are potentially fatal. Let me tell you why, but first let me emphasize that I would prefer to put this legal conflict to bed, and compromises on both sides can seal the deal. In short I propose that I receive consideration for the tax consequences from the settlement payment, which would would make me whole on the $70,000 settlement. At present a rough estimate of the tax consequences on the additional $70,000 income would increase my taxes overall (state and federal) by approximately $33,250. Hence I propose increasing the amount from $70,000 to $100,000.

In return I would agree to all terms of the "SAR" as written (one exception as to enforcement jurisdiction), even though there are many terms with which I disagree. For example, I intended Defendants to equally split the settlement with individual University Defendants paying from personal assets.

I ask you to consult with your clients, and agree to an amount that was intended, when I offered settlement, to provide me $70,000 free and clear to settle this suit.  In the alternative, I would rescind my offer of February 3, 2020 (rescission justification under separate cover - mistake of fact/law related to discovery sets and mistake of law regarding taxation) and/or would reject the "SAR" as a counteroffer. Either way the current negotiations would end and we would proceed to discovery. I would much rather proceed as I recommend above.  To effect this recommendation, we would simply need to change the amount in Para (D)(2)(a) to $100,000, sign the SAR, sign a W-9, make payment and dismiss the case with the Court via a jointly filed stipulation. I imagine the case could be closed within 10 days. The only exception is I would prefer for the Fed District Court of Massachusetts to retain jurisdiction for enforcement, since Judge Stearns is familiar with the case.

Respectfully,

John Harnois

> On Feb 4, 2020, at 6:58 PM, Barton, Denise <DBarton@umassp.edu> wrote:
>
> February 4, 2020
>
> Mr. Harnois,
>
> The University defendants accept your February 3, 2020 written offer (below) to settle the matter of John Harnois v. University of Massachusetts Dartmouth, et al. (Case No. 19-10705-RGS) for $70,000.00 (seventy thousand dollars).
>
> I will prepare a Settlement Agreement and Release concerning this settlement of the above-captioned case for your review.
>
> Sincerely,

Sincerely,

Denise Barton
Deputy General Counsel
University of Massachusetts
333 South Street
Shrewsbury, Massachusetts 01545
Phone: 774-455-7300

Notice: This is a communication from the University of Massachusetts.  If you are not the intended recipient or believe you have received this email in error, please delete this email and notify the sender.

---

**From:** John H <mav86nois@yahoo.com>
**Sent:** Monday, February 3, 2020 3:58 PM
**To:** Barton, Denise <DBarton@umassp.edu>
**Cc:** John H <mav86nois@yahoo.com>
**Subject:** Re: Meeting

Ms. Barton,

To satisfy my demands, and settle the matter of John Harnois v. UMASS et al. I require **$50,000** for my damages **and $20,000** for the special damages of attorney fees which I spent in defending myself during UMASSD's title IX investigation, an investigation that should not have ever taken place.  If this is amendable to you, I would agree to sign a joint letter to the Court dispensing of this matter.  If not we can proceed to discovery.

Please inform me by 6 February 2020 which will be the date I will file my motions with the Court to which you did not assent.

Respectfully,

John Harnois

> On Oct 5, 2019, at 1:16 PM, John H <mav86nois@yahoo.com> wrote:
>
> Ms. Barton,
>
> I intend to have Counsel take over my case before, during or after Judge Stearns ruling on the matter of dismissal.  Dealing with me simplifies the matter, especially with the matter of attorney fees. I imagine Luke Ryan (Haidak v. UMASS) will file a motion for attorney's fees under 42 USC 1988, and will be awarded a reasonable amount.  Similarly Pomona was recently required to pay a reasonable amount. see https://kcjohnson.files.wordpress.com/2019/10/pomona-atty-fees.pdf.

I don't see my case similar to BC or Haidak.  I see my case similar to Brandeis, which included egregious violations of due process in a case where John Doe received similar notice and similar warning. Yes Brandeis found him responsible, but the warning he received was less damning than the one I received.  Moreover Brandeis did not change his matriculated degree or sanction him with no contact, or restriction to access of University assets.

The BC jury awarded approx  $100,000. Haidak was awarded nominal damages re: the interim suspension, because he was offered adequate due process in his final hearing, whereas I wasn't. Regardless CA1 allowed for the filing for attorney's fees in District Court. I imagine Luke's fees are close to if not more than $100,000.  You will not prevail on the matter of my summary  interim suspension given that I was denied a hearing or notice. There was no exigency to suspend me or sanction me with a global Do Not Contact or Do Not Trespass. The complaint adequately alleges that UMASSD knew of complaints since December 2015 and for weeks leading up to the interim suspension, which is worse than the 13 days cited by CA1 in Haidak. Per FIRE and Save our Sons, the national average settlement in these matters is over $150,000, excluding attorneys fees for those case not sealed in nondisclosure agreements.

I hold I suffered special damages in having to hire Counsel to represent me when Cummings and Majewski denied me any opportunity to have a school advisor as required under UMASSD Policy. It cost me just under $20,000 to replace a school advisor for which I had the right to have per school mandated policy and of which was specifically denied me by Cummings and Majewski.

Additionally I hold that I lost 5 years of full funding with tuition, stipend, books and supples covered. That scholarship alone was worth $250,000 at a public school.  Then I must consider the "soft"damages from the pain and suffering and ridicule I suffered at the hands of UMASSD, then add the loss of any opportunity  to pursue my academic filed and profession of choice.

In order to settle this matter I require $100,000 plus interest since May 4, 2016, and reimbursement of the legal fees I spent on the Title IX matter, plus interest on same. In considering the national events regarding these cases, of which I stay current, I consider these demands more than reasonable.  Once I involve attorneys, this amount will not satisfy their fees, not to mention the internal billable hours of your office.  This case has just begun, and I do not see it ending in the near future but for a settlement as I propose.

If this settlement is reasonable I would be happy to file a joint dismissal with the Court.

Respectfully,

John Harnois

> On Oct 4, 2019, at 4:21 PM, Barton, Denise <DBarton@umassp.edu> wrote:
>
> Dear Mr. Harnois,

Dear Mr. Harnois,

If you would like to tender a reasonable monetary settlement offer, I will consider it with the University and respond accordingly.

Sincerely,

Denise Barton
Senior Litigation Counsel
University of Massachusetts
Office of the General Counsel
333 South Street
Shrewsbury, Massachusetts 01545
Phone: 774-455-7300

Notice: This is a communication from the University of Massachusetts.  If you are not the intended recipient or believe you have received this email in error, please delete this email and notify the sender.




-----Original Message-----
From: John H <mav86nois@yahoo.com>
Sent: Tuesday, October 1, 2019 2:41 PM
To: Barton, Denise <DBarton@umassp.edu>
Cc: John H <mav86nois@yahoo.com>
Subject: Meeting

Dear Ms. Barton,

I filed my opposition today - a day early. After you review it, I suggest we meet in person to discuss settling this matter.

Perhaps I am wrong, but I do not believe Judge Stearns will dismiss my complaint in its entirety, and will likely provide me an opportunity to amend.  I thought if he wanted to dismiss my complaint outright, and believed it had no merit, then he would have used the opportunity to dismiss it under 12b1.
If he does dismiss my complaint without offering me the opportunity to amend, I will of course appeal to CA1.  If he allows several claims to go forward, discovery will ensue, which I believe UMASS would like to avoid.

UMASS is facing legal fees inasmuch as it will need to conduct discovery and/or defend an appeal up to CA1.  Perhaps we can begin there.

Respectfully,

John Harnois